```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
              -v-                                                 :      21-cr-265 (PKC)
                                                                  :
MICHAEL McMAHON, YONG ZHU, and                                    :      ORDER
CONGYING ZHENG,                                                   :
                                                                  :
                            Defendants.                           :
                                                                  X
------------------------------------------------------------------
```

PAMELA K. CHEN, United States District Judge:

This Order is entered pursuant to Federal Rule of Criminal Procedure 5(f) to confirm the prosecution's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The prosecution must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the prosecution. *Id.* at 87. This obligation applies regardless of whether the information would itself constitute admissible evidence. The prosecution shall disclose such information to the defense promptly after its existence becomes known to the prosecution so that the defense may make effective use of the information in the preparation of its case.

The prosecution must also disclose any information that can be used to impeach the trial testimony of a prosecution witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial for the defendant to make effective use of it at trial, or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the prosecution in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the prosecution credits it.

---

[1] This Order does not purport to set forth an exhaustive list of the prosecution's disclosure obligations.

In the event the prosecution believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.

For purposes of this Order, the prosecution has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the prosecution fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose sanctions on any lawyer for the prosecution responsible for violations of the prosecution's disclosure obligations;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

SO ORDERED.

s/Hon. Pamela K. Chen
_____
United States District Judge

Dated: May 26, 2021
       Brooklyn, New York