# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

           **JURY INSTRUCTIONS**

      - against -           15-CR-252 (S-3) (PKC)

FULL PLAY GROUP, S.A.,
HERNAN LOPEZ, and
CARLOS MARTINEZ,

              Defendants.
--------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

Ladies and gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions. You will be receiving a paper copy of these instructions for use during your deliberations, and you may request multiple copies as well.

As you know, all three Defendants—Full Play Group, S.A. ("Full Play"), Hernan Lopez, and Carlos Martinez—are charged with one count of wire fraud conspiracy and one count of money laundering conspiracy, both in connection with the Copa Libertadores tournament. In addition, Full Play is charged with one count each of wire fraud conspiracy and money laundering conspiracy relating to the CONMEBOL World Cup Qualifiers/Friendlies, and one count each of wire fraud conspiracy and money laundering conspiracy relating to the Copa América tournament. All three of the Defendants have pleaded not guilty to these charges and are presumed innocent.

My instructions will be in three parts:



First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case such as this;

Second, I will instruct you as to the particular crimes charged in this case and the specific elements that the Government must prove with respect to each crime; and

Third, I will give you some general rules regarding your deliberations.

## TABLE OF CONTENTS

I.  GENERAL INSTRUCTIONS: ROLE OF THE COURT AND JURY ............................ 6

   A.  THE DEFINITION OF EVIDENCE AND MEANING OF OBJECTIONS .................... 7

   B.  DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................................ 8

   C.  CORPORATE DEFENDANT ............................................................... 9

   D.  WITNESS CREDIBILITY ................................................................ 11

   E.  TESTIMONY OF THE DEFENDANTS ................................................... 12

   F.  TESTIMONY OF LAW ENFORCEMENT OFFICERS ................................... 12

   G.  WITNESS INTERVIEWS ................................................................. 13

   H.  TESTIMONY OF COOPERATING WITNESSES ....................................... 13

   I.  COMMUNICATION BETWEEN COOPERATING WITNESS AND HIS COUNSEL 14

   J.  TESTIMONY OF EXPERT WITNESSES ................................................ 15

   K.  NO PARTICULAR PROOF OR SPECIFIC INVESTIGATIVE TECHNIQUES REQUIRED ................................................................................ 15

   L.  RECORDINGS AND TRANSCRIPTS OF RECORDINGS ............................. 16

   M.  PRIOR INCONSISTENT STATEMENTS ................................................ 16

   N.  CHARTS AND SUMMARIES ............................................................. 17

   O.  DEMONSTRATIVE EXHIBITS .......................................................... 17

   P.  STIPULATIONS ........................................................................... 17

   Q.  REDACTIONS ............................................................................. 17

   R.  CERTAIN LIMITING INSTRUCTIONS ................................................. 17

   S.  GUILTY PLEAS OF OTHER INDIVIDUALS ........................................... 18

   T.  OTHER PERSONS NOT ON TRIAL .................................................... 18

   U.  INDIVIDUAL CONSIDERATION OF EACH DEFENDANT ........................... 19

   V.  NO SYMPATHY OR BIAS ............................................................... 19

W.  IMPROPER CONSIDERATIONS: RACE, RELIGION, NATIONAL ORIGIN, SEX, GENDER IDENTITY, SEXUAL ORIENTATION, OR AGE ......................................... 19

X.  PUNISHMENT ................................................................................................... 20

Y.  PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ................................. 21

Z.  REASONABLE DOUBT ....................................................................................... 21

II. INSTRUCTIONS RELATING TO THE ALLEGED CRIMES ....................................... 22

A.  VENUE .............................................................................................................. 23

B.  DATES APPROXIMATE ....................................................................................... 24

C.  KNOWLEDGE AND INTENT ................................................................................ 25

  1.  Knowingly .................................................................................................... 25

  2.  Intentionally ............................................................................................... 25

D.  CONSPIRACY .................................................................................................... 25

  1.  Conspiracy Generally .................................................................................. 26

  2.  Co-Conspirator Statements and Criminal Liability ..................................... 30

  3.  Withdrawal from the Conspiracy ................................................................. 32

  4.  Statute of Limitations .................................................................................. 33

E.  COUNTS ONE, THREE, AND FIVE: WIRE FRAUD CONSPIRACY .......................... 33

  1.  Wire Fraud Conspiracy ............................................................................... 35

  2.  Wire Fraud: Definition and Elements .......................................................... 36

F.  COUNTS TWO, FOUR, AND SIX: MONEY LAUNDERING CONSPIRACY ........... 44

  1.  Elements of Money Laundering .................................................................... 45

  2.  Conspiracy to Commit Money Laundering ................................................... 46

III. CLOSING INSTRUCTIONS .................................................................................. 47

A.  FOREPERSON .................................................................................................... 47

B.  COMMUNICATION WITH THE COURT ............................................................... 47

C.  YOUR RECOLLECTION GOVERNS / REQUESTS FOR TRIAL TESTIMONY ....... 48

D.    DELIBERATIONS AND UNANIMOUS VERDICT.........................................................48

## I.    GENERAL INSTRUCTIONS: ROLE OF THE COURT AND JURY

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. This includes sustaining or overruling objections. For example, on occasion, I may have asked questions of a witness. You should attach no special significance to these questions simply because they were asked by me.

6

## A.    THE DEFINITION OF EVIDENCE AND MEANING OF OBJECTIONS

You must determine the facts in this case based solely on the evidence presented, or those inferences which can reasonably be drawn from the evidence presented.  Evidence has been presented to you in the form of sworn testimony from the witnesses and documentary exhibits that have been received in evidence by me.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object—which you, of course, saw and heard during the trial.  This simply meant that the lawyer wanted me to make a decision on a particular rule of evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection itself.  You should not hold it against any attorney or a party that the attorney objected to the admissibility of evidence, or asked for a sidebar, or asked the Court for a ruling on the law.  If I sustained an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overruled the objection and the evidence was admitted, you can consider it like any other evidence, but should not give it special attention simply because of the objection.  Furthermore, as I have instructed you throughout the trial and as I will also instruct you later, certain evidence was admitted only for a limited purpose.  You must follow those limiting instructions.

Certain things are not evidence and are to be entirely disregarded by you in deciding what the facts are: the Indictment; arguments, statements, or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard.

## B.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

As I mentioned in my opening instructions, there are, generally speaking, two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There is no distinction between the weight to be given to these two types of evidence. You must base your verdict on a reasonable assessment of all of the evidence in the case.

**Direct evidence** is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, tasted, or heard.

The other type of evidence—**circumstantial evidence**—is proof of a chain of circumstances that points to the existence or nonexistence of certain facts. A simple example of circumstantial evidence is as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry. However, after several hours in the courtroom where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella. Without you ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors.

That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

You are permitted to draw, from the facts that you find to have been proved, such reasonable inferences as would be justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case. Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Perhaps the Government asks you to draw one, and the

8

Defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

No significance should be attached to the fact that a document, other exhibit, or witness testimony was introduced by one party rather than by the other. Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

## C.   CORPORATE DEFENDANT

One of the Defendants, Full Play, is a corporation. A corporation is a legal entity and is considered a person under law. The fact that one of the Defendants in this case is a corporation does not mean it is entitled to any different consideration from you. A corporate defendant is entitled to the same fair consideration as you would give any individual defendant or any other party.

A corporation may be found guilty of a criminal offense. Of course, a corporation can only act through its agents; that is, its directors, officers, and employees, or other persons authorized to act for it, such as its owners or principals. A corporation is legally responsible for those acts or omissions of its agents made or performed in the course of their employment.

In this case, the Government has alleged that Full Play acted through its two owners and principals, Hugo Jinkis and Mariano Jinkis, among other agents. Before you may find Full Play guilty, you must find that the Government has proven beyond a reasonable doubt that all of the elements of the offenses as I will explain them to you have been met with respect to the corporation in the form of acts or omissions of its agents that were performed within the scope of their employment.

9

That an agent was acting within the scope of one's employment may be shown in several ways. First, if the act or omission was specifically authorized by the corporation, it would be within the scope of the agent's employment.

Second, even if the act or omission was not specifically authorized, it may still be within the scope of an agent's employment if both of the following have been proven: that the agent intended that his/her act would produce some benefit to the corporation; and that the agent was acting within his/her authority. An act is within an agent's authority if it was directly related to the performance of the kind of duties that the agent had the general authority to perform. It is not necessary that the Government prove that the corporation actually benefited, only that the agent intended the corporation would benefit.

If you find that the agent was acting within the scope of his or her employment, the fact that the agent's act was illegal, contrary to his or her employer's instructions, or against the corporation's policies will not relieve the corporation of responsibility for the act. However, you may consider the fact that the agent disobeyed instructions or violated company policy in determining whether the agent intended to benefit the corporation, or was acting within his or her authority. In determining whether an agent was acting for the benefit of the corporation, you are instructed that the Government need not prove that the agent was only concerned with benefitting the corporation. It is sufficient if one of the agent's purposes was to benefit the corporation.

Finally, if you find that the agent was not acting within the scope of his/her authority at the time, you should then consider whether the corporation later approved the act. An act is approved after it is performed when another agent of the corporation having full knowledge of the act, and acting within the scope of his/her employment as I just explained it to you, approves the act by

his/her words or conduct. A corporation is responsible for any act or omission approved by its agents in this manner.

### D.    WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all of the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or part of any witness's testimony. In deciding whether and to what extent to believe a witness's testimony, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

- the witness's ability to recall and describe those things;

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in light of all of the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and

- whether the witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

### E.    TESTIMONY OF THE DEFENDANTS

The Defendants did not testify in this case. A defendant has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner the fact that the Defendants did not testify. Under our Constitution, they have no obligation to testify or to present any other evidence because it is the Government's burden to prove their guilt beyond a reasonable doubt. You may not attach any significance to the fact that the Defendants did not testify. Nor may you draw any adverse inference against the Defendants because they did not take the witness stand. In your deliberations in the jury room, you may not consider this decision against the Defendants in any way.

### F.    TESTIMONY OF LAW ENFORCEMENT OFFICERS

During the trial, you heard testimony from law enforcement officers. The fact that a witness is or was employed as a law enforcement official does not mean that his testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness, and what weight, if any, that testimony deserves.

### G.   WITNESS INTERVIEWS

There was testimony at trial that the attorneys for the parties interviewed witnesses when preparing for and during the course of the trial. There is nothing inappropriate about such meetings. Attorneys have an obligation to prepare their case as thoroughly as possible and, in the discharge of that responsibility, to interview witnesses. However, you may consider the frequency and duration of these preparation sessions, and the impact they may have had on the witness's testimony, in evaluating the credibility of the witness.

### H.   TESTIMONY OF COOPERATING WITNESSES

During this trial, you have heard argument about "cooperating witnesses" and whether you should believe them or not. The Government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. For those very reasons, the law allows the use of accomplice and co-conspirator testimony. Indeed, it is the law in federal courts that the testimony of a single accomplice or co-conspirator may be enough in and of itself to sustain a conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also that case that cooperator testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony, if any, to believe. I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. Instead, I will say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses. You should ask yourselves whether these witnesses would benefit more by lying or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that a

witness was motivated by hopes of personal gain, was this motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony at all?

You have also heard testimony from certain witnesses who testified under an agreement with the Government in which the witness agreed to testify and the Government promised not to prosecute the witness in a federal court for certain criminal conduct. The testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the Defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves. In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the witnesses.

## I.    COMMUNICATION BETWEEN COOPERATING WITNESS AND HIS COUNSEL

You have heard argument or reference to Alejandro Burzaco's meetings with his private counsel during his testimony. There is nothing improper about a witness consulting with his private attorney in this manner. Furthermore, there also is no rule precluding a witness from reviewing the transcript of his own testimony with his attorney while his testimony in court is ongoing. However, it was proper for defense counsel to cross-examine Mr. Burzaco regarding these matters, and you may consider whether any information or documents provided by Mr. Burzaco's private counsel to Mr. Burzaco affects your assessment of Mr. Burzaco's credibility or his testimony in any way.

14

### J.    TESTIMONY OF EXPERT WITNESSES

In this case, I have permitted certain witnesses to express their opinions about matters that are at issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts. In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

### K.    NO PARTICULAR PROOF OR SPECIFIC INVESTIGATIVE TECHNIQUES REQUIRED

A party is not required to call a particular witness or offer any specific item or types of evidence. You may have heard argument about types of evidence that were not introduced in this case. While the defense is permitted to argue that there is a lack of certain evidence, you should not speculate on whether such evidence exists or what such evidence might have shown. Relatedly, I instruct you that there is no legal requirement that the Government use any specific investigative techniques to prove its case. Law enforcement techniques are not your concern. Your concern is to determine whether or not, based upon all of the evidence in this case, the Government has proven that the Defendants are guilty beyond a reasonable doubt as to each count charged against them.

15

## L.    RECORDINGS AND TRANSCRIPTS OF RECORDINGS

The Parties have offered evidence in the form of recordings of conversations. Some of the recordings the Government offered were made with the consent and agreement of one of the parties to the conversations, but without the knowledge of some of those who were recorded. The use of this procedure to gather evidence is perfectly lawful, and the Government is entitled to use the recordings in this case.

The Parties have also offered evidence in the form of English-language transcripts of foreign-language recordings. The transcripts are translations of the recordings. The transcripts are evidence for you to consider so that you can understand the recordings. You may consider these transcripts like any other evidence in this case.

## M.    PRIOR INCONSISTENT STATEMENTS

You may have heard evidence that a witness or witnesses made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you to decide whether to believe the trial testimony of the witness who is claimed to have contradicted himself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much weight, if any, to give to the inconsistency in determining whether to believe all or part of the witness's testimony.

16

## N.    CHARTS AND SUMMARIES

The parties presented certain evidence in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the documents upon which they are based. You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

## O.    DEMONSTRATIVE EXHIBITS

The parties have shown you demonstrative exhibits in the form of flowcharts, organizational charts, and diagrams. These demonstrative exhibits do not constitute evidence but are simply visual depictions that the parties have used in an effort to summarize the evidence in order to aid the jury. It is for you, the jury, to decide whether a demonstrative exhibit in fact accurately summarizes the evidence.

## P.    STIPULATIONS

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

## Q.    REDACTIONS

During the course of the trial, the parties have introduced certain documents that contain content that has been redacted or blacked-out. The documents have been redacted or blacked-out for reasons you need not be concerned with. You must not speculate as to the content of the redacted materials or how the document might read without the redaction.

## R.    CERTAIN LIMITING INSTRUCTIONS

During the trial, you were presented with evidence regarding an audit undertaken by Fox. There is no evidence before you as to any results or findings from that audit. Further, you are not to speculate in any way about the results or findings of that audit during your deliberations.

17

Further, you have heard testimony about bidding for World Cup broadcast rights. As I previously instructed you, none of the Defendants are charged with any crimes relating to bribery of soccer officials in connection with the World Cup tournament.

Lastly, during the case you've been presented with certain exhibits from the Federal Reserve containing wire instructions. These documents present the totality of wire transfers maintained by the Federal Reserve pertaining to certain entities. Any records before 2000 and after May 2015, which are outside the charged conspiracy period, should not be considered as evidence of the charged crimes.

## S.    GUILTY PLEAS OF OTHER INDIVIDUALS

You have heard testimony from witnesses who pleaded guilty to charges arising out of the same facts as this case or related cases. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the Defendants on trial from the fact that other individuals pleaded guilty to similar charges. Their decisions to plead guilty were personal decisions about their own guilt. Those decisions may not be used by you in any way as evidence against or unfavorable to the Defendants on trial here.

## T.    OTHER PERSONS NOT ON TRIAL

During this trial, you have heard evidence about the involvement of other persons in the events related to this case. You may not draw any inference, favorable or unfavorable, toward the Government or the Defendants from the fact that certain persons are not on trial before you. That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case. Nor should you draw any inference from the fact that any other person is not present at this trial. Your concern is solely the Defendants on trial before you.

18

## U.    INDIVIDUAL CONSIDERATION OF EACH DEFENDANT

As I will instruct you momentarily, the Indictment contains several different counts or charges against the Defendants. Each count charges the Defendants with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each count. Whether you find a Defendant guilty or not guilty as to one count should not affect your verdict as to any of the other charged counts. Although the Defendants have been charged together and are being tried together, you must evaluate the evidence against each Defendant individually and determine whether each Defendant is not guilty or guilty on a particular count individually.

## V.    NO SYMPATHY OR BIAS

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice as to any party. All parties are equal before the law and are entitled to the same fair consideration. The Court expects that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## W.    IMPROPER  CONSIDERATIONS:  RACE,  RELIGION,  NATIONAL ORIGIN, SEX, GENDER IDENTITY, SEXUAL ORIENTATION, OR AGE

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the Defendant's race, religion, national origin, sex, gender identity, sexual orientation, or age. All persons are entitled to the presumption of innocence and the Government has the burden of proof, as I will discuss in a moment.

19

Under our Constitution, a defendant in a criminal case is presumed innocent and entitled to equal protection of the laws. This means that you must not consider a defendant's national origin, places of residence, or cultural identity in any way whatsoever as you evaluate the evidence in this case. In particular, I instruct you that a defendant's national origin, places of residence, or cultural identity have nothing whatsoever to do with whether any Defendant had knowledge or awareness of any criminal activity. To the extent there has been testimony in this case suggesting that people from a certain country or of a particular cultural background are more or less likely to have known about the existence of any criminal conduct, I instruct you now that you must not consider such testimony or suggestion.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

## X.    PUNISHMENT

The question of possible punishment of the Defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence on a particular Defendant in the event of a conviction rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the Defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the Defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

## Y.    PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

I will now give specific instructions regarding the presumption of innocence and the burden of proof in this case.

The Defendants have pleaded not guilty to the charges in the Indictment. To convict the Defendants, the burden is on the Government to prove the Defendants' guilt of each element of each charge beyond a reasonable doubt. This burden never shifts to the Defendants, for the simple reason that the law presumes the Defendants to be innocent and never imposes upon the Defendants in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each Defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the Government has proven a given Defendant is guilty of a given charge beyond a reasonable doubt.

## Z.    REASONABLE DOUBT

You may be wondering what constitutes a "reasonable doubt." The words almost define themselves. It is a doubt based upon reason. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof that is so convincing that a reasonable person, based on that proof, would not hesitate to rely upon it in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the Defendant's guilt with respect to a particular charge against him, you

21

should find the Defendant guilty of that charge. On the other hand, if after fair and impartial consideration of the evidence, you have a reasonable doubt as to the Defendant's guilt with respect to a particular charge against him, you must find the Defendant not guilty of that charge.

## II.    INSTRUCTIONS RELATING TO THE ALLEGED CRIMES

I will now turn to the second part of my instructions and instruct you as to the legal elements of the criminal counts the Government has alleged. The Defendants are formally charged in a superseding indictment, which I will simply call "the Indictment." As I instructed you at the outset of this case, an indictment is merely a charge or accusation. It is not evidence and you may not consider it as evidence. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. You must not think of the Indictment as any evidence of the guilt of the Defendants, or draw any conclusions about the guilt of the Defendants just because they have been indicted.

The Indictment in this case contains a number of separate counts, and you will be called upon to render a separate verdict on each of them. Counts One and Two of the Indictment charge Defendants Full Play, Hernan Lopez, and Carlos Martinez each with wire fraud conspiracy and money laundering conspiracy, respectively, as to the Copa Libertadores tournament. Counts Three and Four charge the Defendant Full Play with wire fraud conspiracy and money laundering conspiracy, respectively, as to the CONMEBOL World Cup Qualifiers/Friendlies. Counts Five and Six charge the Defendant Full Play with wire fraud conspiracy and money laundering conspiracy, respectively, as to the Copa América tournament. You should not speculate as to why some Defendants are or are not charged in certain counts of the Indictment.

You have heard evidence and arguments as well as have been presented certain exhibits of suits, investigations, and criminal actions brought in foreign and U.S. jurisdictions. That evidence is being presented for a limited purpose. You are to ascribe no weight whatsoever to the

22

truthfulness of any allegations, claims, or investigations contained in these matters. You are also not to draw any inferences as to the state of the criminal or civil laws in foreign and U.S. jurisdictions or the scope of fiduciary duties in any of these jurisdictions based on these suits, claims, allegations or purported investigations.

## A.    VENUE

Venue refers to the location of the charged crimes. As to each of the charged crimes, you must consider whether any act in furtherance of the crime occurred within the Eastern District of New York. The Eastern District of New York encompasses Brooklyn, Queens, and Staten Island in New York City, and Nassau and Suffolk Counties on Long Island, and includes the waters surrounding the island of Manhattan that separate Manhattan from the outer boroughs of New York City and from the State of New Jersey; and the air space above the district or the waters of the district.

To establish that venue for each of the charged crimes is appropriate in the Eastern District of New York, the Government must prove that some act in furtherance of the crime occurred here. This means that with respect to the crime charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern District of New York so long as some act in furtherance of the crime took place in this district. Indeed, a Defendant need not personally have been present in the district for venue to be proper. Venue turns on whether any part of the crime or any act in furtherance of the offense was committed in the district. Venue is proper in a district where the Defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur, or where it is foreseeable that such an act would occur, in the district.

In determining whether some act in furtherance of the crime you are considering occurred in the Eastern District of New York, you may consider a number of things. Venue can be conferred

23

based on physical presence or conduct, and passing through a district, including through or over waters, is sufficient to confer venue. Venue can also be based on electronic impulses, including email communications and electronic transfers of funds such as banking transfers, passing through a district. Venue lies in any district where electronic communications are sent or received and any district through which electronic communications are routed. The Government need not prove all of these bases of venue; any one is sufficient.

Furthermore, all of the counts in the Indictment charge conspiracy. In a conspiracy, actions of co-conspirators, as well as actions caused by co-conspirators, may be sufficient to confer venue if it was reasonably foreseeable to the Defendant that the acts would occur in the Eastern District of New York.

While the Government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need only be proved by the lesser standard of "preponderance of the evidence." To prove something by a preponderance of the evidence means simply to prove that the fact is more likely true than not true. I emphasize that this lesser standard applies only where I specifically mention it in this charge. If you find that the Government has failed to prove by a preponderance of the evidence that any act in furtherance of the count you are considering occurred within this district, you must find the Defendant or Defendants charged in that count not guilty.

## B.    DATES APPROXIMATE

The Indictment charges "in or about" and "on or about" and "between" certain dates. The proof need not establish with certainty the exact date of an alleged offense. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

24

## C.    KNOWLEDGE AND INTENT

Because the Indictment charges six separate counts, and because these charges require you to consider the concepts of knowledge and intent, and specific words that describe different types of knowledge and intent, I will tell you now about those concepts before I address each of the six charges specifically.

### 1.    Knowingly

Certain allegations in the Indictment require that in order to sustain its burden of proof, the Government must prove that a Defendant acted "knowingly." A Defendant acts knowingly if he or she acts (or, in the case of a corporation, it acts through its agents) purposefully and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a Defendant acted knowingly may be proven by his or her conduct and by all of the facts and circumstances surrounding the case.

### 2.    Intentionally

Certain allegations in the Indictment require that in order to sustain its burden of proof, the Government must prove that a Defendant acted "intentionally." Before you can find that a Defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the Defendant acted deliberately and purposefully. That is, a Defendant's acts must have been the product of his conscious, objective decision, rather than the product of mistake or accident. A Defendant need not have been aware of the specific law that his conduct may have violated.

## D.    CONSPIRACY

The charges in the Indictment allege that the Defendants participated in various criminal conspiracies. Therefore, first, I will instruct you on the elements of conspiracy. Later, I will give you instructions on the various laws that the Indictment charges that the Defendants conspired to violate.

25

## 1.    Conspiracy Generally

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose. You will recall that the term "person" also refers to corporations. A conspiracy is sometimes referred to as a criminal partnership. The crime of conspiracy is an offense separate from the crime the alleged conspirators intended to commit. A conspiracy is in and of itself a crime. If a conspiracy exists, even if it fails to achieve its purpose, it is still punishable as a crime.

The United States Congress has deemed it appropriate to make conspiracy a separate crime. That is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

In all of the counts charged against the Defendants in the Indictment, the Government has charged one or more of the Defendants with conspiracies. The following are the elements of the crime of conspiracy:

First:       two or more persons entered into the particular unlawful agreement charged in the conspiracy count that you are considering; and

Second:   the defendant knowingly and intentionally became a member of the conspiracy.

The first element requires that the Government prove that at least two conspirators had a meeting of the minds, and that they agreed to work together to accomplish the object of the charged conspiracy.

To establish a conspiracy, the Government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding. A conspiracy, by its very nature, is almost invariably secret in both

26

origin and execution. Therefore, it is sufficient for the Government to show that the conspirators came to a mutual understanding, even if tacitly, to accomplish an unlawful act by means of a joint plan or common design. Because conspiracy is usually characterized by secrecy, you may infer its existence from the circumstances and the conduct of the parties and others involved. You may consider the actions and statements of all of these persons as proof that a common design existed to act together for the accomplishment of an unlawful purpose. In short, you may consider all the evidence before you, and the reasonable inferences that may be drawn from all this evidence.

The second element requires that the Government prove that the Defendant you are considering was a member of that conspiracy. That is, you must determine whether he knowingly and intentionally became a participant in the conspiracy. I have already instructed you as to the terms "knowingly" and "intentionally." You should give the word "voluntarily" its common meaning. The terms "knowingly" and "intentionally" are distinct and essential elements under the law, each of which the Government must prove beyond reasonable doubt. In deciding whether the Defendant was a participant in or member of a conspiracy, you must consider whether, based upon all of the evidence, the Defendant knowingly and intentionally joined that conspiracy: that is, that he participated in it with knowledge of its unlawful purpose and with the specific intention of furthering one or more of its objectives. Proof of a financial interest in the outcome of a scheme is not essential, although if you find that a Defendant did have a financial interest in the outcome of a scheme, you may consider that as evidence of a Defendant's motive to join the conspiracy. In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the Defendant had

27

such an interest, that is a factor that you may properly consider in determining whether or not the Defendant was a member of the conspiracy charged in the indictment.

It is important for you to note that the Defendant's participation in the conspiracy must be established by independent evidence of the Defendant's own acts or statements as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them. A Defendant's knowledge is a matter of inference from the facts proved. To become a member of the conspiracy, a Defendant need not have known the identities of every member, nor need he have been apprised of all of their activities. A Defendant need not have been fully informed of all the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

A Defendant need not have joined in all of a conspiracy's unlawful objectives. A conspirator's guilt is not measured by the extent or duration of his participation. In other words, the law does not require a Defendant to play an equal role in the conspiracy as another defendant or conspirator. Some conspirators may play major roles, while others may play minor ones. Each member may perform separate and distinct acts and may perform them at different times. Even a single act may be sufficient to draw a Defendant within the circle of a conspiracy. A person who intentionally joins an existing conspiracy is charged with the same responsibility as if he or she had been one of the originators or instigators of the conspiracy.

Thus, if you find that the conspiracy existed, and if you further find that a Defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material. The Government also need not prove that the Defendant actually committed the unlawful act or acts charged as the objective of the conspiracy. Instead, the Government must prove beyond a reasonable doubt only that the purpose of the conspiracy was to commit an act or acts that are unlawful.

28

I want to caution you, however, that a Defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make a Defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Indeed, a person may be a criminal without being a member of the charged conspiracy. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient. The fact that the acts of a Defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, does not make that Defendant a member. More is required under the law. What is necessary is that a Defendant must have participated with knowledge of at least some of the unlawful purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

The necessary knowledge on the part of the Defendant regarding the object of the conspiracy cannot be established by showing the Defendant was merely careless, negligent, stupid, or foolish, or that the Defendant should have known what was going on. If you find that the Defendant was merely foolish, careless, or even reckless, about the existence or object of the conspiracy, you cannot find the Defendant guilty of conspiracy.

Moreover, the fact that the acts of a Defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the Defendant a member. More is required under the law. What is necessary is that the Defendant must have participated with

29

knowledge of at least some of the purposes or objectives of the conspiracy and with the intention

of aiding in the accomplishment of those unlawful ends.

In sum, the Defendant, with an understanding of the unlawful character of the conspiracy,

must have intentionally joined, engaged, advised, or assisted in it for the purpose of furthering the

illegal undertaking. The Defendant thereby becomes a knowing and willing participant in the

unlawful agreement—that is to say, a conspirator.

### 2.    Co-Conspirator Statements and Criminal Liability

The charges against the Defendants allege that they participated in conspiracies. In that

regard, I admitted into evidence against each Defendant the acts and statements of others because

these acts and statements were committed by persons who, the Government charges, were also co-

conspirators of the Defendants on trial.

The reason for allowing this evidence to be received against each Defendant has to do with

the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime.

As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful

end, each and every member becomes an agent for the other conspirators in carrying out the

conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of

any member of the conspiracy, and in furtherance of the common purpose of the conspiracy, are

deemed, under the law, to be the acts of all of the members, and all of the members are responsible

for such acts, declarations, statements, and omissions. Whether the acts, declarations, statements,

and omissions of any member of the conspiracy are reasonably foreseeable to a Defendant are

factual questions for your determination.

Thus, if you find beyond a reasonable doubt that a Defendant was a member of a conspiracy

charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy

30

by persons also found by you to have been members of that conspiracy at the time those acts were committed or statements were made may be considered against that Defendant so long as the acts or statements were reasonably foreseeable to the Defendant. This is so even if such acts were done and statements were made in a Defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a Defendant's guilt, you must first determine that the acts and statements were made during the existence of, and in furtherance of, the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against a Defendant.

Relatedly, let me clarify one point about how you may consider statements made by a conspirator who agrees at some point to cooperate with the Government. A statement made by a co-conspirator during and in furtherance of the conspiracy before he begins to cooperate with the Government's investigation may be considered for its truth as a co-conspirator statement. However, a statement made by a co-conspirator who was cooperating with the Government's investigation at the time he made the statement may only be considered as context for other co-conspirator statements, and not for the truth of that particular statement, unless the statement was adopted by a conspirator who was not cooperating with the investigation at that time. This is because when a conspirator agrees to cooperate with the Government's investigation, he is deemed to no longer be part of the conspiracy. This also applies to statements contained in the audio recordings you heard that were made by an alleged conspirator who was cooperating with the Government at the time he made the recordings and statements on the recordings.

### 3.    Withdrawal from the Conspiracy

Once a person joins a conspiracy, that person remains a member until he withdraws from it. Any withdrawal must be complete and it must be done in good faith. A person can withdraw from a conspiracy by taking some affirmative steps to terminate or abandon his participation in and efforts to promote the conspiracy. In other words, the Defendant must have demonstrated some type of positive action that disavowed or defeated the purpose of the conspiracy. Proof that the Defendant merely ceased conspiratorial activity is not enough.

Where a Defendant by his conspiratorial actions sets in motion events that are designed to have effect beyond the period of his active participation, the Defendant's affirmative act of withdrawal must be aimed at weakening or undermining the foreseeable consequences of his own participation in the conspiracy.

For example, a defendant may withdraw from a conspiracy by giving a timely warning about the conspiracy to proper law enforcement officials or wholly depriving his prior efforts of effectiveness in the commission of the crime or making appropriate efforts to prevent the commission of a crime or by doing acts that are inconsistent with the objects of the conspiracy and making reasonable efforts to communicate those acts to his co-conspirators.

The Defendant has the burden of proving that he withdrew from the conspiracy by a preponderance of the evidence. In determining whether the Defendant withdrew from the conspiracy, you may consider the relevant testimony of all of the witnesses regardless of who called them, and all the relevant exhibits received in evidence, regardless of who produced them. However, it is important to remember that the fact that the Defendant has raised this defense does not relieve the Government of its burden of proving each and every element of the crime of conspiracy.

### 4.    Statute of Limitations

There is a limit on how much time the Government has to obtain an indictment. This is called the statute of limitations. Here, the statute of limitations is five years before the Government obtained the Indictment.

If the Government proves beyond a reasonable doubt that a conspiracy existed, it is presumed to exist until there has been an affirmative showing by the Defendant that it has been terminated. A conspiracy is deemed terminated when its objectives have either been accomplished or abandoned. Thus, the statute of limitations for a conspiracy begins to run when the objectives of the conspiracy have been either achieved in some final manner or abandoned, or when the Defendant withdrew from the conspiracy.

You must determine whether the charged conspiracies, and a Defendant's participation in any of those conspiracies, continued beyond March 18, 2015—five years before the government obtained the Indictment. If you find that a conspiracy terminated before March 18, 2015, or you find that the Defendant withdrew from a conspiracy before March 18, 2015, then you must find that defendant not guilty as to that conspiracy.

Now that I have explained elements that apply generally to all charges in the Indictment, I will now instruct you on the elements of the specific counts in the Indictment.

### E.    COUNTS ONE, THREE, AND FIVE: WIRE FRAUD CONSPIRACY

Count One of the Indictment charges all three Defendants—Full Play, Hernan Lopez, and Carlos Martinez—with wire fraud conspiracy related to the Copa Libertadores Tournament. Count One reads as follows:

> In or about and between 2000 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FULL PLAY, HERNAN LOPEZ and CARLOS MARTINEZ, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud FIFA and CONMEBOL and their constituent organizations, including to deprive

33

> FIFA and CONMEBOL and their constituent organizations of their respective rights to honest and faithful services through bribes and kickbacks, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: wire transfers, telephone calls and emails, contrary to Title 18, United States Code, Section 1343.

I note that although the Indictment alleges that the Defendants conspired to devise a scheme *and* artifice to defraud FIFA *and* CONMEBOL *and* their constituent organizations, the word "and" really means "or" in this context. That is, the Government need only prove that the Defendants agreed to devise a scheme *or* artifice to defraud FIFA *or* CONMEBOL *or* their constituent organizations, and that the scheme *or* artifice was to obtain money *or* property by means of materially false *or* fraudulent pretenses, representations *or* promises. This principle applies to all of the charges in the Indictment.

Full Play is also charged with wire fraud conspiracy in Counts Three and Five of the Indictment. Count Three relates to the CONMEBOL World Cup Qualifiers/Friendlies and provides as follows:

> In or about and between 2009 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FULL PLAY, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud FIFA and CONMEBOL and their constituent organizations, including to deprive FIFA and CONMEBOL and their constituent organizations of their respective rights to honest and faithful services through bribes and kickbacks, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: wire transfers, telephone calls and emails, contrary to Title 18, United States Code, Section 1343.

Count Five relates to the Copa América and provides as follows:

> In or about and between 2010 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

34

FULL PLAY, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud FIFA, CONCACAF and CONMEBOL and their constituent organizations, including to deprive FIFA, CONCACAF and CONMEBOL and their constituent organizations of their respective rights to honest and faithful services through bribes and kickbacks, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: wire transfers, telephone calls and emails, contrary to Title 18, United States Code, Section 1343.

The relevant statute on this subject is 18 U.S.C. § 1349, which provides, in pertinent part, that "[a]ny person who attempts or conspires to commit [mail fraud or wire] fraud shall [have committed an offense]."

### 1. Wire Fraud Conspiracy

I have already instructed you with respect to the law of conspiracy. Those same principles apply here. As a reminder, the Government need not prove that each respective Defendant actually committed the unlawful act charged as the object of the conspiracy in Counts One, Three, or Five, that is, wire fraud. Rather, in order to find a Defendant guilty of the wire fraud conspiracy charged in Count One, or Defendant Full Play guilty of the wire fraud conspiracies charged in Counts Three or Five, the Government must prove beyond a reasonable doubt the two following elements as to each count:

First: Two or more persons entered into the particular unlawful agreement charged in the conspiracy count you are considering;

Second: The defendant you are considering knowingly and intentionally became a member of the conspiracy.

In addition, with respect to the use of the wires contemplated by the conspiracies charged in Counts One, Three, and Five, the Government must prove beyond a reasonable doubt that the conspiracies contemplated the particular types of wire usage charged in the Indictment, that is, wire transfers, telephone calls, or emails. However, I remind you that the crime of conspiracy—

35

an agreement—to violate a law, as charged in these counts of the Indictment, is an independent

offense. It is separate and distinct from the actual violation of any specific law, such as the law

prohibiting honest services wire fraud. Accordingly, you may find the Defendants guilty of the

offenses charged in Counts One, Three, and Five even if you find that the honest services wire

fraud was never actually committed.

## 2.    Wire Fraud: Definition and Elements

I will now define wire fraud, which is alleged to be the object of the conspiracies charged

in Counts One, Three, and Five of the Indictment. The federal wire fraud statute, Title 18, United

States Code, Section 1343 provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud,
> or for obtaining money or property by means of false or fraudulent pretenses,
> representations, or promises transmits or causes to be transmitted by means of wire,
> radio, or television communication in interstate or foreign commerce, any writings,
> signals, pictures or sounds for the purpose of executing such scheme or artifice shall
> be [guilty of a crime].

The term "scheme or artifice to defraud" includes a scheme or artifice to deprive another

of the intangible right of honest services. Honest services fraud is limited to schemes involving

bribes or kickbacks. These laws were passed by Congress to protect against the various fraudulent

schemes that could be devised by individuals through the use of interstate wires.

The crime of wire fraud as charged in this case has the following elements:

| | |
|---|---|
| First: | That each defendant knowingly devised or participated in a scheme or artifice to deprive FIFA, CONCACAF, CONMEBOL, or their constituent organizations of their right to the honest services of their officials by false and fraudulent pretenses, representations, or omissions; |
| Second: | That each defendant did so knowingly and with intent to defraud; |
| Third: | That the misrepresentation or omission was material; and |
| Fourth: | The use of the wires in furtherance of the scheme. |

36

I will now explain further about each element of wire fraud.

First Element: Scheme or Artifice to Defraud

The first element of wire fraud is that the Defendant knowingly devised or participated in a scheme or artifice to defraud FIFA, CONCACAF, CONMEBOL, or their constituent organizations, as specified in the relevant charge, of their intangible right of honest services by means of false or fraudulent pretenses, representations, or promises.

A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find each Defendant guilty of this offense, you must find that the Defendant was involved in a fraudulent scheme to deprive the victim soccer organization of honest services through bribes or kickbacks. In this case, the Government has alleged that the various soccer organizations, including FIFA, CONMEBOL, and CONCACAF, and their constituent organizations, were deprived of their intangible right to the honest services of their officials through bribes or kickbacks. Therefore, the Government must prove that a defendant was involved in a fraudulent scheme to deprive these organizations of honest services through bribes or kickbacks.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false pretenses, suggestions, or suppression of the truth. Such a scheme includes one to defraud the soccer organization by an officer, employee, or person in a relationship that gives rise to a fiduciary duty, that is, where the person owes a duty of honest and loyal service to the soccer organization; in other words, where there is a trusting relationship in which the person acts for the benefit of the soccer organization and the organization relied on the individual to carry out his or her job duties for the benefit of the organization. Whether each soccer official had a fiduciary duty to a soccer

37

organization, the source of that fiduciary duty, and what that fiduciary duty required or prohibited, is a question of fact for you to determine. In determining the source and scope of a fiduciary duty, you may take into consideration codes of conduct, if any, that would have applied to the relationship. In determining the source and scope of a fiduciary duty, you may not take into consideration general moral or ethical beliefs.

The Government argues that the Defendants in this case knowingly and intentionally engaged in schemes to have soccer officials breach their fiduciary duties to FIFA and other specified soccer organizations through the distribution and payment (by Defendants) and the receipt (by the soccer officials) of bribes or kickbacks. Bribery and kickbacks involve the exchange of a thing or things of value for official action by an official, in other words, a quid pro quo (a Latin phrase meaning "this for that" or "these for those"). Bribery and kickbacks also include offers and solicitations of things of value in exchange for official action. Bribery and kickbacks also include the official's acceptance, solicitation, or agreement to accept a thing of value in exchange for official action, regardless of whether or not the payor actually provides the thing of value, and regardless of whether or not the official ultimately performs the official action or intends to do so.

The term "official act" includes a decision or action on a matter involving the formal exercise of the organization's power akin to awarding a contract or instituting a lawsuit. The term "official act" also includes using one's official position to exert pressure on another official to perform an official act. The term also includes using one's official position to advise another official, knowing or intending that such advice will form the basis for an official act by another official.

Standing alone, setting up a meeting, calling another official, or hosting an event is not an "official act." This is not to say that setting up a meeting, calling another official, or hosting an event is irrelevant. If an official sets up a meeting, hosts an event, or makes a phone call on a question or matter that is or could be pending before another official, that can serve as evidence of an agreement to take an official act. Whether or not an official took an official act or agreed to do so is a question of fact for you to determine, like any other fact question.

The official and the payor need not state the quid pro quo in express terms, otherwise, the law's effect could be frustrated by knowing winks and nods. Similarly, a scheme to defraud need not be shown by direct evidence. Rather, the intent to exchange may be implied from the official's words and actions.

Bribery and kickbacks require the intent to effect an exchange of money or other thing of value for official actions, but each payment need not be correlated with a specific official act. If the Government establishes the quid pro quo, the specific transactions comprising the illegal scheme need not match up this for that. In other words, the intended exchange in bribery can be "this for these" or "these for these," not just "this for that." It is enough that the Government proves that a particular payment or promise to provide something of value is made in exchange for a commitment to perform official acts to benefit the payor in the future. A payment made without such a promise or understanding does not meet the requirements of a bribe.

The Government is not required to prove an explicit promise at the time of payment to perform certain acts. Rather, the requisite quid quo pro may be satisfied upon a showing that an official received a benefit in exchange for his promise to perform official acts on a specific, focused, and concrete question or matter as specific opportunities arise. In other words, the honest services fraud statute criminalizes schemes involving payments at regular intervals in exchange

39

for specific official acts on a particular question or matter as the opportunities to commit those acts arise, even if the opportunity to undertake the requested act has not arisen, and even if the payment is not exchanged for a particular act but given with the expectation that the official will exercise particular kinds of influence on a particular question or matter.  The particular question or matter must be identified at the time the official accepts a payment.  However, circumstantial evidence demonstrating an understanding between the payor and the official will often be sufficient to identify the question or matter.

It is not a defense to claim that an official would have lawfully performed the official action in question even without having accepted a thing of value or that the official action is actually lawful, desirable, or even beneficial to the organization.  Also, it is not necessary for the Government to prove that the scheme actually succeeded, or that any official act was actually taken by the official in the course of the scheme.  What the Government must prove is that the Defendant knowingly devised or participated in a scheme or artifice to defraud the organization or organizations of their right to honest services through bribes or kickbacks.  The wire fraud statute requires that the payment or promise to pay was made with a fraudulent intent or to deceive the organization.  The offense of honest services fraud is not concerned with the wisdom or results of the soccer official's decisions, but rather with the manner in which the official makes his or her decisions.

The Government is not required to prove that the Defendant personally originated the scheme to defraud, as long as the Government proves that the Defendant knowingly devised or otherwise participated in it.  Furthermore, it is not necessary that the Government prove that the Defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.  At the same time, you may consider whether the scheme succeeded and whether any

40

payment caused any officer to fraudulently change his conduct in determining whether a scheme existed.

### Second Element: Participation in Scheme With Intent

The second element of wire fraud is that the Defendant devised or participated in the scheme knowingly and with specific intent to defraud. The definitions of knowingly and intentionally here are the same as the definitions that I gave you earlier. As I said before, the terms "knowingly" and "intentionally" are distinct and essential elements under the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of depriving the soccer organization or organizations of their right to the honest services of their officials—i.e., their right to the official's faithful performance of his or her fiduciary duties to the organization, including the duty to not accept personal payments in exchange for official acts on behalf of the organization. The Government need not prove that the Defendant intended to cause economic or pecuniary harm or that any such harm actually resulted from the fraud. Whether a person acted knowingly, intentionally, and with intent to defraud is a question of fact for you to determine, like any other fact question. The question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established. Since

41

an essential element of wire fraud is intent to defraud, it follows that good faith on the part of the Defendant is a complete defense to wire fraud. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. A defendant has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith. Even false representations or statements, or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. But if the Defendant participated in the scheme to defraud, then a belief by the Defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require you to find that the Defendant acted in good faith. If the Defendant participated in the scheme with the intent of depriving the victim or victims of their right to an official's honest services, then no amount of honest belief on the part of the Defendant that the scheme would, for example, ultimately benefit the organization, will excuse fraudulent actions or false representations by him.

In sum, in order to prove wire fraud, the Government must prove that the Defendant you are considering knew that their conduct as a participant in the scheme was calculated to deceive and they nonetheless participated in the alleged fraudulent scheme for the purpose of depriving an organization or organizations of the honest services of at least one individual who owed a fiduciary duty to such organization or organizations.

Third Element: Materiality

The third element is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact. A representation, statement, false pretense, or omission is "material" if it is one that would reasonably be expected

42

to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision, or if it is one that would reasonably be expected to influence an employer to change its behavior. Here, the Government alleges that the soccer officials' failure to disclose the payments they were receiving to the relevant soccer organizations was material. It is up to you to determine whether the Government has proven the element of materiality.

### Fourth Element: Use of the Wires

The fourth and final element is the use of an interstate or international wire communication in furtherance of the scheme to defraud. It is not necessary for the Defendant to be directly or personally involved in the wire communications, as long as the wire communication was reasonably foreseeable in the execution of the alleged scheme to defraud. Evidence that a Defendant agreed to cause the wires to be used by others is sufficient. This does not mean that a Defendant must specifically have authorized others to do the communication. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can be reasonably foreseen, even though not actually intended, then he or she causes the wires to be used for the purposes of the element. The use of the wires need not itself transmit a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary that all or most of the wire communications involved in the alleged scheme to defraud were sent to, from, or within the United States. However, for the wire-use element to be satisfied, the scheme to defraud must make more than minimal use of wire communications that pass between two or more states or between the United States and a foreign country. There is no specific number of wires that defines "minimal use"; rather it is up to you to

43

determine, based on the totality of the circumstances in this case, whether the Government has proven that there was more than a minimal use of interstate wires.

## F.    COUNTS TWO, FOUR, AND SIX: MONEY LAUNDERING CONSPIRACY

Count Two of the Indictment charges all three Defendants—Full Play, Hernan Lopez, and Carlos Martinez—with money laundering conspiracy related to the Copa Libertadores tournament. In Counts Four and Six of the Indictment, the Defendant Full Play is charged with two other money laundering conspiracies related to the CONMEBOL World Cup qualifiers and friendlies, and the Copa América tournament, respectively. I will read each of these charges to you now.

Count Two relates to the Copa Libertadores and provides as follows:

In or about and between 2000 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FULL PLAY, HERNAN LOPEZ, and CARLOS MARTINEZ, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, from places in the United States to and through places outside the United States and to places in the United States from and through places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: wire fraud, contrary to Title 18, United States Code, Section 1343, all contrary to Title 18, United States Code, Section 1956(a)(2)(A).

Count Four relates to the CONMEBOL World Cup qualifiers and friendlies and provides

as follows:

In or about and between 2009 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FULL PLAY, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, from places in the United States to and through places outside the United States and to places in the United States from and through places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: wire fraud, contrary to Title 18, United States Code, Section 1343, all contrary to Title 18, United States Code, Section 1956(a)(2)(A).

Count Six relates to the Copa América and provides as follows:

In or about and between 2010 and 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

44

FULL PLAY, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, from places in the United States to and through places outside the United States and to places in the United States from and through places outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: wire fraud, contrary to Title 18, United States Code, Section 1343, all contrary to Title 18, United States Code, Section 1956(a)(2)(A).

As I noted before, "and" really means "or" with respect to these charges in the Indictment.

Section 1956(h) of Title 18, United States Code provides that "[a]ny person who conspires to commit any offense defined in this section [shall be guilty of a crime]." As I have explained, the object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Counts Two, Four, and Six of the indictment charge that the object of the conspiracy was money laundering in violation of Section 1956(a)(2)(A) of Title 18, United States Code, which provides:

Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity [shall be guilty of a crime].

### 1. Elements of Money Laundering

The elements of the substantive crime of money laundering, in violation of section 1956(a)(2)(A), are:

First, that the Defendant transported, or attempted to transport, a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

The term "funds" refers to money or negotiable paper that can be converted into currency. "Transportation" is not a word that requires a definition; it is a word which has its ordinary, everyday meaning. The Government need not prove that the Defendant physically carried the funds or monetary instrument in order to prove that the Defendant is responsible for transporting it. The term also includes wire transfers as well as physical conveyances of money. All that is

required is proof that the Defendant caused the funds or monetary instrument to be transported. To satisfy this element, the Government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace outside the United States or to someplace in the United States from or through someplace outside the United States. The term "monetary instrument" includes, among other things, money, coins or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such a form that title passes on delivery.

Second, that the Defendant acted with the intent to promote the carrying on of specified unlawful activity. The term "specified unlawful activity" means one of a variety of offenses defined by the statute. In this case, the Government has alleged that the offense in question is honest services wire fraud, the elements of which I explained earlier. I instruct you that, as a matter of law, honest services wire fraud falls within the definition of specified unlawful activity.

### 2.    Conspiracy to Commit Money Laundering

Again, I remind you that with respect to Counts Two, Four, and Six, the Government alleges only that the Defendants conspired to commit the offense of money laundering.

To prove money laundering conspiracy, the Government must establish the following elements beyond a reasonable doubt:

First:       two or more persons entered into the particular unlawful agreement
             to commit the money laundering offense I just explained; and

Second:      the Defendant knowingly and intentionally became a member of
             the conspiracy.

As I explained in connection with the elements of wire fraud conspiracy, the Government need not prove that money laundering was actually committed or attempted for you to find that the

46

money laundering conspiracy has been proven. Rather, this type of conduct alleges only that a Defendant conspired to commit the offense of money laundering.

## III.    CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements that must be proved beyond a reasonable doubt. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations. Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you, and your verdict must be based solely on this evidence and law, not on anything else.

### A.    FOREPERSON

For your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson. However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so. The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

### B.    COMMUNICATION WITH THE COURT

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson. No member of the jury should

47

attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

## C. YOUR RECOLLECTION GOVERNS / REQUESTS FOR TRIAL TESTIMONY

Your recollection governs. Nobody else's. If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may request that a witness's or witnesses' testimony, or portions thereof, be sent back to you in the jury room. Again, you may make such a request by a note to the Deputy Marshal. I suggest, however, that you be specific to avoid receiving testimony that you do not want or need. Describe as best and precisely as you can what you want to hear and be patient because it sometimes takes a while to find the testimony in the record. If you want some clarification on the law, you should send a note through the Deputy Marshal and we will bring you back into the courtroom.

To the extent possible, the exhibits that were admitted as evidence during the trial will be sent back to you for your deliberations. Finally, because the lawyers' opening statements and closing arguments, and demonstrative exhibits, are not evidence, you will not be receiving those materials for use during your deliberations.

## D. DELIBERATIONS AND UNANIMOUS VERDICT

Your duty is to reach a fair conclusion from the law as I have given it to you and the evidence that has been presented in this case. This duty is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual

judgment and conscience.  While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.  The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate what the verdict is.  In no communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the Government's charges against the Defendants are no passing matter.  The parties and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest your oaths as jurors—to well and truly try the issues of this case and render a true verdict.  I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.