# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
UNITED STATES OF AMERICA
                                            :
          - against -
                                            :
DIEUVERSON CAILLE,                                          20 Cr. 547 (DC)
                                            :
                    Defendant.
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**<u>JURY CHARGE</u>**

March 27, 2023

DENNY CHIN
United States Circuit Judge
Sitting by Designation

**Table of Contents**

I.   GENERAL INTRODUCTORY CHARGES .......................................................................4

A.   Introductory Remarks ...............................................................................................4

B.   Role of the Jury ..........................................................................................................5

C.   Equality of the Parties ...............................................................................................5

D.   The Nature of the Evidence ......................................................................................6

E.   Direct and Circumstantial Evidence ........................................................................7

F.   Rulings on Evidence and Objections ......................................................................9

G.   Credibility of Witnesses ..........................................................................................11

H.   Law Enforcement Witnesses ..................................................................................14

I.   Testimony of Expert Witnesses .............................................................................14

J.   Testimony of Cooperating Witnesses ...................................................................15

K.   Motive.........................................................................................................................18

L.   Dates Approximate ...................................................................................................19

II.  SUBSTANTIVE CHARGES .........................................................................................19

A.   Meaning of the Indictment .....................................................................................19

B.   Summary of the Indictment ....................................................................................20

C.   Counts Two, Four, and Six -- Carjacking -- 18 U.S.C. § 2119..........................22

D.   Counts Three, Five, and Seven -- Firearms Offense -- 18 U.S.C. § 924(c)......27

E.   Count One -- Conspiracy -- 18 U.S.C. § 371.......................................................33

**III. FINAL GENERAL CHARGES** .................................................................................**46**

A.   Presumption of Innocence and Proof Beyond a Reasonable Doubt ...........................46

B.   Defendant's Right Not to Testify ...........................................................................48

C.   Statements of the Defendant ................................................................................49

D.   Consciousness of Guilt from Flight........................................................................49

E.   Particular Investigative Techniques Not Required .................................................50

F.   Stipulations of Facts ............................................................................................51

G.   Redactions ...........................................................................................................51

H.   Right to See Exhibits and Hear Testimony; Communications with the Court ..........51

I.   Notes ...................................................................................................................52

J.   Improper Considerations: Race, Religion, National Origin, Sex, or Age ..................53

K.   Sympathy .............................................................................................................53

L.   Duty to Deliberate/Unanimous Verdict..................................................................54

M.  Duties of Foreperson ............................................................................................55

N.   Verdict Form and Return of Verdict.......................................................................55

O.   Final Instructions ................................................................................................56

# I.  GENERAL INTRODUCTORY CHARGES

## A.  Introductory Remarks

Members of the jury, you have now heard all the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

4

B.    <u>Role of the Jury</u>

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to follow the law as I give it to you.  You must not substitute your own notions or opinions of what the law is or ought to be.

C.    <u>Equality of the Parties</u>

I remind you that in reaching your verdict, you are to perform your duty of finding the facts without bias or prejudice as to any party.  You must remember that all parties stand as equals before a jury in the courts of the United States.  It would also be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

This case is important to the defendant, DIEUVERSON CAILLE, who is charged with serious crimes.  Equally, it is important to the government,

for the enforcement of criminal laws is a matter of prime concern to the community.

The fact that the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party. By the same token, the government is entitled to no less consideration. The government and the defendant stand as equals at the bar of justice. Your verdict must be based solely on the evidence or the lack of evidence.

D.      The Nature of the Evidence

In determining the facts, you must rely upon your own recollection of the evidence. What is evidence? Evidence consists only of the testimony of witnesses, the exhibits that have been received, and the stipulations of the parties.

The statements and arguments made by the lawyers are not evidence. Their arguments are intended to convince you what conclusions you should draw from the evidence or lack of evidence. Now, those arguments are important. You should weigh and evaluate them carefully. But you must not

6

confuse them with the evidence.  As to what the evidence was, it is your

recollection that governs, not the statements of the lawyers.

In this connection, you should bear in mind that a question put to a

witness is never evidence.  It is the answer to the question that is evidence.  One

exception to this is that you may not consider any answer that I directed you to

disregard or that I ordered to be stricken from the record.  You are not to

consider such answers.

E.     Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in

deciding whether a defendant is guilty or not guilty of a crime with which he is

charged.

One type of evidence is called direct evidence.  Direct evidence of a

fact in issue is presented when a witness testifies to that fact based on what he or

she personally saw, heard, or observed.  In other words, when a witness testifies

about a fact in issue that is known of the witness's own knowledge -- by virtue of

what he or she sees, feels, touches, or hears -- that is called direct evidence of that

fact.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts. There is a simple example of circumstantial evidence that is often used:

Assume that when you came into the Courthouse this morning the sun was shining and it was a nice day outdoors. Assume those of you in the jury box cannot see outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or the nonexistence of some other fact.

8

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

Many material facts, such as state of mind, are rarely easily proven by direct evidence.  Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all the evidence in the case.

F.    <u>Rulings on Evidence and Objections</u>

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right, but the duty, to make legal objections when they think that such objections are appropriate.  In addition, you should draw no inference or conclusion for or against any party by reason of anyone's conduct or comments during the trial -- other than the conduct and statements of witnesses who took the witness stand and testified.

Nothing I say is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation that govern.

Also, do not draw any inference from any of my rulings. The rulings I made during trial are no indication of any view on my part. You should not seek to find any such view or opinion on my part, nor should you otherwise speculate as to what I may think.

Further, do not concern yourself with what was said during my discussions with counsel. Those discussions related to rulings of law.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the

weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

G.    Credibility of Witnesses

I am going to give you a few general instructions as to how you may determine whether witnesses are credible and reliable, whether the witnesses told the truth at this trial, and whether they know what they were talking about. How do you determine that?  It is really just a matter of using your common sense, your good judgment, and your experience.

First, consider how well the witness was able to observe or hear what he or she testified about.  The witness may be honest, but mistaken.  How did the witness's testimony impress you?  Did the witness appear to be testifying honestly, candidly?  Were the witness's answers direct or were they evasive? Consider the witness's demeanor, manner of testifying, and strength and accuracy of recollection.  Consider whether any outside factors might have affected a witness's ability to perceive events.  Consider the substance of the testimony.  How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is a

11

conflict, does any version appear reliable, and if so, which version seems more reliable?

In addition, you may consider whether a witness had any possible bias or relationship with a party or any possible interest in the outcome of the case. Such a bias or relationship does not necessarily make the witness unworthy of belief. These are simply factors that you may consider.

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning facts that are at issue here, you may consider that fact in deciding how much of the testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake. A willful falsehood always is a matter of importance and should be considered seriously. You may also consider whether the inconsistency concerns an important fact or merely a small detail, as well as whether the witness had an explanation for the inconsistency and if so, whether that explanation appealed to your common sense.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying

12

under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

It is for you, the jury, and for you alone, not the lawyers, or the witnesses, or me as the judge, to decide the credibility of witnesses who appeared here and the weight that their testimony deserves.

You do not leave your common sense, good judgment, or life experiences behind you when you walk into the courtroom. You carry that background into the jury room during your deliberations. Please remember, however, that you may not use your experience and common sense to fill in or create evidence that does not exist. You use them only to draw reasonable inferences from proven facts or to weigh and evaluate the evidence provided during the trial.

In addition, you have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so

13

that the witness can be aware of the subjects he or she will be questioned about,

focus on those subjects, and have the opportunity to review relevant exhibits

before being questioned about them.  Such consultation helps conserve your time

and the Court's time.  In fact, it would be unusual to call a witness without such

consideration.

H.    Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses.  The

fact that a witness may be employed as a law enforcement official or employee

does not mean that his or her testimony is necessarily deserving of more or less

consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to

accept the testimony of the law enforcement witness or witnesses, as it is with

every other type of witness, and to give to that testimony the weight you find it

deserves.

I.    Testimony of Expert Witnesses

In this case, I have permitted certain witnesses to express their

opinions about matters that are at issue.  A witness may be permitted to testify to

an opinion on those matters about which he or she has special knowledge, skill,

14

experience, and training.  Such testimony is presented to you on the theory that

someone who is experienced and knowledgeable in the field can assist you in

understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's

qualifications, opinions, and reasons for testifying, as well as all of the other

considerations that ordinarily apply when you are deciding whether or not to

believe a witness's testimony.  You may give the opinion testimony whatever

weight, if any, you find it deserves in light of all of the evidence in this case.  You

should not, however, accept opinion testimony merely because I allowed the

witness to testify concerning his or her opinion.  Nor should you substitute it for

your own reason, judgment, and common sense.  The determination of the facts

in this case rests solely with you.

J.     Testimony of Cooperating Witnesses

You also heard from a witness who testified that he was involved in

one or more of the crimes for which the defendant is charged.  The government

argues, as it is permitted to do, that it must take the witness as it finds him, and

experience will tell you that the government sometimes must rely on the

testimony of a witness who admits to participating in criminal activity to show

15

criminal behavior by others. For that reason, the law allows the use of

accomplice and co-conspirator testimony. Indeed, it is the law in the federal

courts that such testimony may be enough, standing alone, for conviction if the

jury finds that the testimony establishes guilt beyond a reasonable doubt.

Because of the interest a cooperating witness may have in testifying, however,

the testimony should be scrutinized with great care and viewed with particular

caution. The fact that the witness may benefit from his cooperation may be

considered by you as bearing upon his credibility when you decide how much of

that testimony, if any, to believe.

Like the testimony of any other witness, the testimony of a

cooperating witness should be given such weight as it deserves in light of the

facts and circumstances before you, taking into account the witness's demeanor

and candor, the strength and accuracy of the witness's recollection, his

background, and the extent to which his testimony is or is not corroborated by

other evidence in the case.

As noted, you may consider whether a cooperating witness has an

interest in the outcome of the case and, if so, whether that interest has affected

his testimony. You should ask yourselves whether the cooperating witness

would benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely, or did he believe that his interest would be best served by testifying truthfully?

If you believe that that cooperating witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you think the cooperating witness's testimony was false, you should reject it. If, however, after a cautious and careful examination of the cooperating witness's testimony you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any other witness, the issue of credibility need not be decided in an all-or nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept the witness's testimony in other parts, or you may disregard all the testimony. That is a determination left entirely for you, the jury.

You heard evidence that a government witness has pleaded guilty to charges arising out of some of the same facts that are at issue in this case. That evidence is before you solely to assist you in evaluating the credibility of that witness. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial before you from the fact that a prosecution witness pleaded guilty to crimes. The decision of that witness to plead guilty was a personal decision that witness made about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant.

Finally, in relation to this accomplice witness, you have also heard testimony in this case about who will decide the sentence of such witness. The question of punishment of a cooperating witness is a duty that rests exclusively upon the sentencing judge, and you should not think about that except as it may affect the witness's credibility.

K.    Motive

Proof of motive is not a necessary element of the crimes with which the defendant is charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty. If the guilt of

the defendant is shown beyond a reasonable doubt, it is immaterial what the

defendant's motive for the crime may be, or whether his motive was shown at all.

The presence or absence of motive is, however, a circumstance which you may

consider as bearing on the intent of the defendant.

L.    Dates Approximate

The Indictment charges "in or about" and "on or about" and

"between" certain dates.  The proof need not establish with certainty the exact

date of an alleged offense.  It is sufficient if the evidence establishes beyond a

reasonable doubt that an offense was committed on a date reasonably near the

dates alleged.

## II.    SUBSTANTIVE CHARGES

A.    Meaning of the Indictment

The defendant is formally charged in an Indictment.  As I instructed

you at the outset of this case, the Indictment is a charge or accusation.  It is not

evidence and it does not purport to prove or even indicate guilt.  Hence, you are

to give it no weight in deciding the defendant's guilt or non-guilt.  What matters

is the evidence you heard at this trial.  Indeed, the defendant is presumed

19

innocent, and it is the government's burden to prove the defendant's guilt

beyond a reasonable doubt.

B.    <u>Summary of the Indictment</u>

I will now instruct you as to the legal elements of the charged

crimes.  The Indictment contains seven counts, and you will be called upon to

render a separate verdict on each count:  a carjacking conspiracy, three carjacking

counts, and three counts of use of a firearm during a crime of violence.  Each of

the seven counts is a separate offense or crime.  Each count must therefore be

considered separately by you, and you must return a separate verdict on each

count unless instructed otherwise.

During these instructions, you will hear me use the words

"knowingly" and "intentionally" from time to time.  I will define these terms for

you now.

<u>Knowingly</u>:     A person acts knowingly if he acts purposefully and

voluntarily, and not because of ignorance, mistake, accident, or

carelessness.  Whether the defendant acted knowingly may be proven

by his conduct and by all of the facts and circumstances surrounding

the case.

20

Intentionally:    A person acts intentionally when he acts deliberately and purposefully.  That is, a person's acts must have been the product of his conscious, objective decision, rather than the product of mistake or accident.  You may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done.  It is sufficient that the defendant intentionally engages in conduct that the law forbids.  The government is not required to prove that the defendant is aware of the law that actually forbids his conduct.

The issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proved directly.  A wise and careful consideration of all the circumstances shown by the evidence and the exhibits in the case may, however, permit you to make a determination as to the defendant's state of mind.  Indeed, experience has taught that frequently actions speak louder and more clearly than words, and in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a particular circumstance.  You are asked to do the same here.

21

C.    Counts Two, Four, and Six -- Carjacking -- 18 U.S.C. § 2119

I will start with Counts Two, Four, and Six of the Indictment, which charge the defendant with three separate counts of committing the crime of carjacking.  I will read these three counts to you:

Count Two

On or about August 28, 2020, within the Eastern District of New York and elsewhere, the defendant DIEUVERSON CAILLE, together with others, with intent to cause death and serious bodily harm, did knowingly and intentionally take a motor vehicle that had been transported, shipped and received in interstate and foreign commerce from the person and presence of another, to wit:  Nelson Roberts, by force and violence and by intimidation.

Count Four

On or about November 15, 2020, within the Eastern District of New York and elsewhere, the defendant DIEUVERSON CAILLE, together with others, with intent to cause death and serious bodily harm, did knowingly and intentionally take a motor vehicle that had been transported, shipped and received in interstate and foreign commerce from the person and presence of another, to wit:  Kenyata Medy, by force and violence and by intimidation.

Count Six

On or about June 20, 2021, within the Eastern District of New York and elsewhere, the defendant DIEUVERSON CAILLE, together with others, with intent to cause death

and serious bodily harm, did knowingly and intentionally take a motor vehicle that had been transported, shipped and received in interstate and foreign commerce from the person and presence of another, to wit:  Kerry Moses, by force and violence and by intimidation.

Hence, Count Two charges the carjacking of the Infiniti from Nelson Roberts;  Count Four charges the carjacking of the BMW from Kenyata Medy; and Count Six charges the carjacking of the Porsche from Kerry Moses.

To prove a violation of the crime charged in these counts, the government must establish each of the following elements beyond a reasonable doubt:

First,      the defendant took a motor vehicle from the person or presence of another;

Second,   the defendant took the vehicle by using force and violence or by acting in an intimidating manner;

Third,     the defendant acted with intent to cause death or serious bodily harm; and

Fourth,   the motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce.

I will now explain these four elements to you in greater detail.

<u>Elements of Carjacking</u>

(Counts Two, Four, Six)

<u>First Element: Taking of Motor Vehicle</u>

The first element the government must establish beyond a reasonable doubt is that the defendant took a motor vehicle from the person or presence of another. To take a motor vehicle means to acquire possession or control of the vehicle for a period of time.

The government does not have to prove that the defendant intended to permanently deprive the owner of possession of the vehicle. Also, the government does not have to prove that the victim was forced to leave the vehicle as long as it proves that the defendant had control of the situation. To prove that the defendant took the vehicle from the person or presence of another, the government must prove that the victim was sufficiently within reach, inspection, or observation of the vehicle and that the victim could have retained his possession of it if not overcome by violence or prevented by fear.

24

Second Element: Force and Violence or Intimidation

The second element the government must prove beyond a reasonable doubt is that the defendant took the vehicle from the victim by using force and violence or by acting in an intimidating manner. The government can meet its burden on this element either by proving that the defendant used force and violence or that the defendant acted in an intimidating manner. The government does not have to prove that the defendant used force and violence if it proves that the defendant acted in an intimidating manner.

The phrase "intimidating manner" means that the defendant did or said something that would make an ordinary reasonable person fear bodily harm. Your focus should be on the defendant's behavior. The government does not have to prove that the behavior of the defendant caused or could have caused great terror or panic, but it must show that an ordinary person would have feared bodily harm because of the behavior. The government also does not have to prove that the defendant made explicit threats of bodily harm. If you find that the defendant confronted the victim in such a way that it would reasonably create a fear of bodily harm, that is sufficient.

25

## Third Element: Intent to Cause Death or Serious Bodily Injury

The third element the government must prove beyond a reasonable doubt is that the defendant acted with intent to cause death or serious bodily harm.

To establish this element, the government must prove that at the moment the defendant demanded or took control of the vehicle, the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car or for any other reason.

A defendant may intend to engage in certain conduct only if a certain event occurs. In this case, the government contends that the defendant intended to cause death or serious bodily harm if the victims had refused to turn over their cars. If you find beyond a reasonable doubt that the defendant had such an intent, the government has satisfied this element of the offense.

Evidence that the defendant intended to frighten the victims is not sufficient by itself to prove an intent to harm or kill. It is, however, one of the facts you may consider in determining whether the government has met its burden.

26

Fourth Element: Motor Vehicle Had Traveled in Interstate Commerce

The fourth element the government must prove beyond a reasonable doubt is that the motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce.

This requires the government to prove that at some time in the past the vehicle had been shipped, driven, or transported between one state or country and another.

It is not necessary that the government prove that the defendant had any involvement in the interstate or foreign shipping, driving, or transportation, or that the defendant knew that the vehicle had previously been shipped, driven, or transported in interstate or foreign commerce.

D.    Counts Three, Five, and Seven -- Firearms Offense -- 18 U.S.C. § 924(c)

I now will turn to the firearms offense charged in Counts Three, Five, and Seven of the Indictment.  The Indictment reads as follows with regard to those counts:

Count Three

On or about August 28, 2020, within the Eastern District of New York and elsewhere, the defendant DIEUVERSON CAILLE, together with others, did

27

knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Two, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished.

## Count Five

On or about November 15, 2020, within the Eastern District of New York and elsewhere, the defendant DIEUVERSON CAILLE, together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Four, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished.

## Count Seven

On or about June 20, 2021, within the Eastern District of New York and elsewhere, the defendant DIEUVERSON CAILLE, together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Six, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished.

These counts charge violations of the law making it a crime for any person, "during and in relation to any crime of violence . . . [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm."

28

## Elements of the Firearms Offense

### (Counts Three, Five, Seven)

To establish that the defendant violated this law, the government must prove each of the following elements beyond a reasonable doubt:

First,          the defendant committed, or aided and abetted, a crime of violence; and

Second,          the defendant either knowingly and intentionally used or carried a firearm during and in relation to the commission of those crimes of violence, or knowingly and intentionally possessed a firearm in furtherance of those crimes, or aided and abetted another person doing so.

### First Element: Commission of a Crime of Violence

The first element the government must prove beyond a reasonable doubt is that the defendant committed a carjacking. I instruct you that the crimes charged in Counts Two, Four, and Six, that is, carjackings, are crimes of violence. It is for you to determine whether the government has proven beyond a reasonable doubt that the defendant committed those crimes. This means that you may consider the firearms charge in Count Three only if you find the

29

defendant guilty of committing Count Two; Count Five only if you find the defendant guilty of committing Count Four; and Count Seven only if you find the defendant guilty of committing Count Six.

<u>Second Element: Carrying or Possession of a Firearm</u>

As to the second element, the government must prove beyond a reasonable doubt that the defendant either knowingly and intentionally used or carried a firearm during and in relation to the commission of a crime of violence, or knowingly and intentionally possessed a firearm in furtherance of the crime.

A firearm is any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosion. The term also includes the frame or receiver of any such weapon, a muffler or silencer, or any destructive device. The government is not required to prove that the firearm was operable or that it was loaded.

To prove that a defendant "used" a firearm during and in relation to the underlying crime, the government must show that he actively employed the firearm in some way to further the crime of violence. Proof that the defendant merely possessed or stored a firearm, without more, is not sufficient to constitute the "use" of a firearm. However, the government does not need to show that the

30

defendant fired or even attempted to fire the firearm.  It is enough for the government to show that he brandished or displayed the weapon, or otherwise made reference to it in a manner calculated to further the commission of the underlying crime.

The second element is also satisfied if a defendant "carried" a firearm during and in relation to the underlying crime.  To prove the defendant "carried" a firearm during and in relation to the underlying crime, the government must prove that he had the weapon within his control in such a way that it furthered the commission of the crime of violence or was an integral part of the commission of the crime.  The defendant did not necessarily have to hold the firearm physically, that is, have actual possession of it on his person.

To prove that the firearm was used or carried "during and in relation to" the commission of a crime of violence, the government must prove that it was an integral part of the commission of the crime, and that it furthered or facilitated the crime; it is not sufficient if the carrying was inadvertent, coincidental, or for some purpose other than furthering or facilitating the crime.

As I told you, the second element may also be satisfied by proof that the defendant possessed the firearm in furtherance of a crime of violence.  As I

31

have previously explained, possession means that he had physical possession of the firearm on his person and had the power and intention to exercise control over the firearm.  To possess a firearm in furtherance of a crime means that the firearm helped forward, advance, or promote the commission of the crime.  The mere possession of the firearm at the scene of the crime is not sufficient; the firearm must have played some part in furthering the crime.

Finally, to satisfy this element, you must find that the defendant carried or possessed the firearm knowingly and intentionally.  I have already instructed you on what is meant by "knowingly" and "intentionally."  In this context, it also means that the defendant knew that the weapon was a firearm.  However, the government is not required to prove that he knew he was breaking the law.

To summarize, the second element is satisfied if the government proves any one of these three acts beyond a reasonable doubt: (1) the defendant "used" a firearm during and in relation to the crimes charged in Count Two, Four and Six; (2) the defendant "carried" a firearm during and in relation to that crime; or (3) the defendant "possessed" a firearm in furtherance of that crime.

<u>Brandishing of a Weapon</u>

If you find that the government has proven beyond a reasonable doubt that the defendant used or carried a firearm during a carjacking, then you must also consider whether the government has proven beyond a reasonable doubt that the defendant brandished the weapon during the carjacking.  To brandish a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, to intimidate that person, regardless of whether the firearm is directly visible to that person.

E.    <u>Count One -- Conspiracy -- 18 U.S.C. § 371</u>

Now I will turn to the final count, Count One.  The government alleges in Count One that the defendant committed a conspiracy, in violation of Title 18, United States Code, Section 371.  Section 371 provides, in relevant part, that:

> If two or more persons conspire . . . to commit any offense against the United States . . . in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be [guilty of an offense against the United States].

33

The government alleges that the object of the conspiracy was for the defendant and others to commit carjackings in violation of federal law. Specifically, the Indictment reads as follows:

<u>Count One</u>

On or about and between August 24, 2020 and June 20, 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DIEUVERSON CAILLE, together with others, with intent to cause death and serious bodily harm, did knowingly and willfully conspire to take one or more motor vehicles that had been transported, shipped and received in interstate and foreign commerce from the person and presence of another, to wit:  motor vehicle occupants, by force and violence and by intimidation.

a.    <u>Conspiracy Generally</u>

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose.

A conspiracy is sometimes referred to as a criminal partnership.  The crime of conspiracy is an offense separate from the crime the alleged conspirators intended to commit.  A conspiracy is in and of itself a crime.  If a conspiracy exists, even if it fails to achieve its purpose, it is still punishable as a crime.

34

Congress has deemed it appropriate to make conspiracy a separate crime. That is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

To prove the crime of conspiracy charged in Count One, the government must establish the following elements of the crime of conspiracy beyond a reasonable doubt:

First,        a conspiracy existed.

Second,       the defendant knowingly and intentionally became a member of the conspiracy; and

Third,        an overt act was committed in furtherance of the conspiracy.

If you find that the government has proven each of these elements beyond a reasonable doubt, then you must find that defendant guilty of Count One. On the other hand, if you find that the government has not proven one or more of these elements, then you must find that defendant not guilty of Count One. Let me discuss these elements in more detail.

35

i.    <u>Existence of the Agreement</u>

The first element that the government must prove is that a conspiracy existed.  That is, that two or more persons entered the unlawful agreement charged in Count One.  The gist or essence of the conspiracy is the unlawful agreement to violate the law, whether or not the participants were successful in carrying out the objective of the conspiracy.  Thus, if you find that the defendant knowingly and intentionally <u>agreed</u> with another to commit the crime of carjacking, then you shall find the defendant guilty of Count One.  I have already instructed you on the law pertaining to carjacking in relation to Counts Two, Four, and Six, and you should apply those instructions here.

You need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  The government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law.  Indeed, common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding.  It is sufficient if the proof establishes that the conspirators came

to an unspoken mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

Of course, you can find that the existence of an agreement between two or more persons to engage in criminal conduct has been established by direct proof. But since a conspiracy is, by its very nature, characterized by secrecy, direct proof is often not available. Therefore, you may infer the existence of a conspiracy from the circumstances and the conduct of the parties involved. In the context of conspiracy cases, actions can speak louder than words. So, in determining whether an agreement existed, you may consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose. It is not necessary for the government to prove that the ultimate objectives of a conspiracy were, in fact, successfully accomplished. It is enough that the government has proved that two or more persons, at least one of whom is the defendant, in any way expressly or impliedly came to a common understanding to violate the law.

ii.    Membership in the Conspiracy

The second element requires that you must be convinced that a defendant knowingly and intentionally became a member of the conspiracy charged in Count One.

I have previously instructed you as to the terms "knowingly" and "intentionally."  Follow those instructions here.

An individual may become a member of a conspiracy without full knowledge of all the details or the scope of the conspiracy, or the identities of each and every member of the conspiracy.  On the other hand, a person who has no knowledge of the conspiracy but happens to act in a way which furthers some objective or purpose of the conspiracy does not thereby become a conspirator. Moreover, mere association by a defendant with a conspirator does not make the defendant a member of the conspiracy, even if he knows of the conspiracy.  In other words, knowledge is not enough; a defendant himself must intentionally participate in the conspiracy with the purpose of helping to achieve at least one of its unlawful objects.

The extent of a defendant's participation in a conspiracy has no bearing on the issue of guilt.  Each member may perform separate and distinct

38

acts and may perform them at different times. Some conspirators might play major roles, others may play minor roles. An equal role is not what the law requires. In fact, even a single act may be enough to find a defendant guilty of conspiracy if that act was done knowingly and intentionally. Moreover, a defendant does not need to know the identity of each and every member of the conspiracy, nor does he need to know everything the conspiracy intends to do. A defendant also does not have to be a member of the conspiracy for the entire time of the conspiracy's existence.

The key inquiry is whether the defendant joined the charged conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

### iii.   Overt Acts

Lastly, the conspiracy charged in Count One requires proof of at least one overt act. An overt act is any action intended to help the object of the conspiracy. An overt act need not itself be a criminal act, but it must contribute to furthering the conspiracy. It is not required that all of the overt acts alleged in the Indictment be proven or that the overt act was committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a

reasonable doubt that the overt act occurred at or about the time and place stated. Similarly, you need not find that the defendant himself committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, because, in the eyes of the law, such an act becomes the act of all of the members of the conspiracy.

      b.   <u>Aiding and Abetting Liability</u>

The defendant is charged with being a principal who committed the crimes charged in Counts Two through Count Seven, which is also called direct liability. The defendant is also charged in Counts Two through Count Seven with one other theory of liability. Even if you find that the government has not proven beyond a reasonable doubt that the defendant committed one or more of the carjackings charged in Counts Two, Four, and Six, or committed one or more of the use of firearms during a crime of violence charged in Counts Three, Five, and Seven, you should consider whether the government has met its burden of proving the defendant's guilt by considering aiding-and-abetting liability. I remind you that the government may establish the defendant's guilt on Counts

Two, Three, Four, Five, Six, and Seven through either direct liability or aiding-and-abetting liability.

With regard to aiding and abetting liability, the relevant statute provides:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

With respect to the aiding and abetting charges, the government does not need to show that the defendant himself committed the crime, because a person who aids or abets another to commit a crime is just as guilty of that crime as if he committed it himself. You may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person committed the offense and that the defendant aided or abetted that person in the commission of the offense.

Before you can convict the defendant on the ground that he aided and abetted the commission of a crime, you have to first find that another person committed that crime. Nobody can be convicted of aiding and abetting the criminal act of another if no crime was committed by the other person in the first

41

place.  But if you do find that a crime was committed, then you must determine whether the defendant aided or abetted the commission of that crime.

To aid or abet another to commit a crime, the defendant must do two things.  First, he must knowingly associate himself in some way with the crime, and second, he must participate in the crime by doing some act to help make the crime succeed.

To establish that the defendant participated in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crime.  The defendant's mere presence where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, is not sufficient to establish aiding and abetting.  Neither is merely associating with others who were committing a crime, or inadvertently doing something that aids in the commission of that crime without any knowledge that a crime is being committed or is about to be committed.  An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

42

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did he participate and intend to participate in the crime?

- Did he knowingly associate himself with the criminal venture?

- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty under that theory.

c.    <u>Co-Conspirator Acts and Statements</u>

I admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government alleges, were co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  As I discussed

previously, a conspiracy is often referred to as a partnership in crime.  Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy, and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

Thus, if you find beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by other persons also found by you to have been members of that conspiracy at the time those acts were committed or statements were made may be considered against the defendant so long as the acts or statements were reasonably foreseeable to the defendant.  This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

Before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, however, you must first determine that the acts and statements were made during the existence of, and in furtherance of, the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

     d.   <u>Other Persons Not on Trial</u>

You have heard evidence about the involvement of certain other people in the conduct referred to in the Indictment, besides the defendant and the cooperating witness. You may not draw any inference, favorable or unfavorable, toward the government or the defendant from the fact that certain persons are not on trial before you. That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case. Nor should you draw any inference from the fact that any other person is not present at this trial. Your concern is solely the defendant on trial before you.

45

## III.    FINAL GENERAL CHARGES

A.    Presumption of Innocence and Proof Beyond a Reasonable Doubt

The defendant before you has pled not guilty.  In so doing, the defendant has denied every allegation against him.  As a result of the defendant's plea of not guilty, the burden is on the government to prove his guilt beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes a defendant to be innocent of all charges against him.  I therefore instruct you that the defendant here is to be presumed by you to be innocent throughout your deliberations.

The defendant began the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit the defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all the evidence in this case.  If the government fails to sustain its burden as to the defendant, you must find him not guilty.  This presumption was with the defendant when the trial began, remains with him even now as I speak to you, and will continue with him into your

46

deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

Now, the question naturally is what is reasonable doubt?  The words almost define themselves.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not caprice or whim; it is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; rather, proof beyond a reasonable doubt is sufficient to convict.  The burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

47

If, after fair and impartial consideration of all the evidence you have a reasonable doubt as to the guilt of the defendant, you must acquit the defendant.  On the other hand, if after fair and impartial consideration of all the evidence you are convinced beyond a reasonable doubt of the guilt of the defendant, it is your duty to convict the defendant.

B.    <u>Defendant's Right Not to Testify</u>

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against him in any way in your deliberations in the jury room.

C.    <u>Statements of the Defendant</u>

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case and may be properly considered by you.  You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated in the taking of the statement, and that the government's use of this evidence is lawful.

D.    <u>Consciousness of Guilt from Flight</u>

You have heard evidence that the defendant fled when law enforcement attempted to stop him in the stolen BMW after he purportedly committed one of the carjackings for which he is on trial.  If proved, the flight of a defendant after he was stopped may tend to prove that the defendant believed that he was guilty of the crimes for which he is charged.  It may be weighed by you in this connection, together with all the other evidence.  However, flight may not always reflect feelings of guilt.  Moreover, feelings of guilt, which are present

49

in many innocent people, do not necessarily reflect actual guilt. You may not infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged. Whether evidence of flight shows that the defendant believed that he was guilty, and the significance, if any, to be attached to that evidence are for you to determine.

E.     Particular Investigative Techniques Not Required

You have heard reference, in testimony and in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the government. There is no legal requirement, however, that the government prove its case through any particular means. While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why it used the techniques it did or why it did not use other techniques. The government is not on trial. The choice of law enforcement techniques is not your concern.

Your concern is to determine whether, on the evidence presented or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

F.      Stipulations of Facts

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

G.      Redactions

During the course of the trial, the parties have introduced certain documents that contain materials which has been redacted or blacked out.  The materials have been redacted or blacked out for reasons you need not be concerned with.  You must not speculate as to how the documents might read without the redactions.

H.      Right to See Exhibits and Hear Testimony; Communications with the Court

Members of the jury, that about concludes my instructions to you. You are about to go into the jury room to begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them.  If you want any of the testimony read, you may also request that.  Please remember that it is not always easy to locate what

you might want, so be as specific as you possibly can in requesting exhibits or

portions of the testimony.

If you want any further explanation of the law as I have explained it

to you, you may also request that from the Court.  If there is any doubt or

question about the meaning of any part of this charge, you should not hesitate to

send me a note asking for clarification or for a further explanation.

Your requests for exhibits or testimony -- in fact any communications with the

Court -- should be made to me in writing, signed by your foreperson, and given

to one of the marshals.  In any event, do not tell me or anyone else how the jury

stands on any issue until after a unanimous verdict is reached.

I.    Notes

Many of you have taken notes periodically throughout this trial.  I

want to emphasize to you, as you are about to begin your deliberations, that

notes are simply an aid to memory.  Notes that any of you may have made may

not be given any greater weight or influence in determination of the case than the

recollections or impressions of other jurors, whether from notes or memory, with

respect to the evidence presented or what conclusions, if any, should be drawn

from such evidence.  Any difference between a juror's recollections and another

juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

J.    Improper Considerations: Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age. The defendant in this case is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

K.    Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt? It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and

subject to the law as I have charged it to you. It must be clear to you that once you let fear, prejudice, bias, or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have reasonable doubt as to the guilt of the defendant, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty against the defendant.

I caution you also that under your oath as jurors you cannot allow a consideration of the punishment that may be imposed upon the defendant if he is convicted to enter into your deliberations. The duty of imposing sentence in the event of conviction rests exclusively upon the Court -- upon me -- and the issue of punishment may not affect your deliberations as to whether the government has proven the defendant's guilt beyond a reasonable doubt.

L.     Duty to Deliberate/Unanimous Verdict

Your verdict must be unanimous. Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to discuss the evidence. If

you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience. You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

M.    Duties of Foreperson

You should by your own vote select one of you to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

N.    Verdict Form and Return of Verdict

We have prepared a verdict form for you to use in recording your decisions. Answer all applicable questions, and follow the instructions in the form. After you have reached a verdict, the foreperson should fill in the verdict

sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict.  <u>Do not</u> specify what the verdict is in your note.  Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.

I will stress again that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

O.  <u>Final Instructions</u>

Members of the jury, that concludes my instructions to you.  I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have given to you or if there is anything I may not have covered.