# Exhibit 4

Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

      -against-

 RUSLAN MARATOVICH ASAINOV,



                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**February 4, 2023**

**JURY CHARGE**

**19-CR-402 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.


     Now that the evidence in this case has been presented and the attorneys for the Government and the Defendant have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case.   My instructions will be in three parts:


     <u>First</u>:   I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;


     <u>Second</u>:   I will instruct you regarding the legal elements of the crimes charged in the Indictment—that is, the specific elements that the Government must prove beyond a reasonable doubt to warrant a finding of guilt as to each crime; and


     <u>Third</u>:   I will give you some general rules regarding your deliberations.

## PART I

**1.**     **The Role of the Court**

Members of the jury, you now have heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.   It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.   If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as stating the law on its own.   Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state.   Regardless of any opinion that you may have as to what the law may be or ought to be, it would violate your sworn duty to base your verdict upon any view of the law other than that which I give you.

2.    __The Duties of the Jury__

To begin with, it is your duty to find the facts from all the evidence in this case.   You are the sole judges of the facts.   Therefore, it is for you and you alone to decide the weight of the evidence, to resolve such conflicts that may have appeared in the evidence, and to draw such inferences that you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

You must apply the law in accordance with my instructions to the facts as you find them. While the lawyers may have commented on some of the legal rules, you must be guided only by my instructions about the rules.   You must follow all of the rules as I explain them to you.   You may not follow some of the rules and ignore the others.   Even if you disagree with the rules or do not understand the reasons for them, you are bound to follow the legal rules that I describe.

3.      **Parties are Equal Before the Court**

The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than Ruslan Asainov.   By the same token, it is entitled to no less consideration.   The parties, the United States Government and Mr. Asainov, are equal before this court, and they are entitled to equal consideration.   Neither the Government nor Mr. Asainov is entitled to any sympathy or favor.

At times during the trial, I may have ruled for or against the lawyers on certain issues. You should not, however, let that prejudice you toward a lawyer or that lawyer's client because I have found it necessary to rule against him or her.   To the contrary, each attorney in this trial has professionally and competently served his or her client, and the court has great respect for all the attorneys in this courtroom.

**4.      Presumption of Innocence**

The Indictment that was filed against the Defendant is the means by which the Government gave him notice of the charges against him and brought him before the court.   It is nothing more.   The Indictment is only an accusation.   The Indictment is not evidence and you are to give it no weight in arriving at your verdict.

Mr. Asainov pleaded "not guilty" in response to the Indictment.   He is presumed to be innocent unless and until his guilt has been proven beyond a reasonable doubt.   I therefore instruct you that the Defendant is to be presumed by you to be innocent throughout your deliberations on each count in which he is charged until such time, if ever, that you as a jury are satisfied that the Government has proved him guilty beyond a reasonable doubt on that count. The presumption of innocence alone, unless overcome, is sufficient to acquit him.   The Defendant is on trial only for the crimes charged in the Indictment, and not for anything else.

**5.**    **<u>Burden of Proof on Government</u>**

Since the law presumes Mr. Asainov to be innocent, the burden of proving his guilt beyond a reasonable doubt is on the Government throughout the trial.   The Defendant never has the burden of proving his innocence or of producing any evidence at all.   As a result, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**6.      Proof Beyond a Reasonable Doubt**

For each crime with which the Defendant is charged, the Government must prove each element of the crime beyond a reasonable doubt.   I will explain the elements of the crimes that the Indictment charges later on, but now I will address the phrase "reasonable doubt."

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.   The Government is not required to prove the Defendant's guilt to a mathematical certainty.   Rather, the test is one of reasonable doubt.

A reasonable doubt is a doubt based on reason and on common sense.   Therefore, proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

This means that after you have considered all of the evidence in this case, if you have a doubt that is based on your own experience, judgment, and common sense, you must find the Defendant not guilty of the crime in question.   A reasonable doubt, however, is not a doubt that arises out of whim or speculation.   Nor is a reasonable doubt an excuse to avoid performing an unpleasant duty.

You should consider all of the proof presented at trial, or any lack of proof, in determining whether you have a reasonable doubt.   In considering each count in the Indictment, unless the Government proves beyond a reasonable doubt that the Defendant has committed each and every element of the offense charged in the count, you must find the Defendant not guilty of that offense.

You should consider each count of the Indictment separately.   It is thus possible for you to find the Defendant guilty on one count and not guilty on another count.   Conversely, you

might find the Defendant guilty of each crime charged in the Indictment, or you might find him not guilty of all of the crimes charged in the Indictment.

On any count of the Indictment, if, after fair and impartial consideration of all the evidence, you honestly conclude that you have such a doubt that would cause a prudent person to hesitate to act in matters of importance in his or her own life, then you have a reasonable doubt. In that event, it is your duty to acquit the Defendant on that count.

If, on the other hand, after fair and impartial consideration of all the evidence, you do not have such a doubt, then you have no reasonable doubt and, in that circumstance, you should convict the Defendant on that count.

7.     **<u>Dates Approximate</u>**

Each of the counts in the Indictment refers to criminal offenses happening "in or about" or "between" certain dates.   The proof does not need to establish with certainty the exact date of an alleged offense, and the Government does not have to prove that the Defendant committed the acts that are charged throughout the entire period.   Rather, it is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed during any part of the charged time frame.

**8.      Meaning of "And" in the Indictment**

Some of the counts in the Indictment accuse the Defendant of committing an offense in more than one way, where the various ways are joined in the Indictment by the word "and."   In these instances, it is enough for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the different ways charged.   A shorter way of saying this is that in the Indictment, and in this situation, "and" means "or."

9.    **The Evidence**

    a.  **What is Evidence**

I now wish to instruct you as to what is evidence and how you should consider it.   The evidence you will use to decide what the facts are comes in three forms:

      (1)    sworn testimony of witnesses, both on direct and cross-examination;

      (2)    exhibits that have been received by the court in evidence; and

      (3)    stipulations that have been entered into by the parties.

    b.  **What is Not Evidence**

In deciding the facts, you must disregard the following things, which are not evidence:

      (1)    Arguments or statements by lawyers are not evidence.

      (2)    Questions put to the witnesses are not evidence.

      (3)    The Indictment is not evidence.

The Indictment is merely a statement of charges and not itself evidence.

      (4)    Transcripts of audio recordings are not evidence, except when the transcripts are the translations of foreign language recordings, which, as I will discuss with you later, are treated differently.

The parties have been permitted to distribute and display typed documents, which contain their interpretation of what appears on audio recordings that have been received as evidence. Those documents were provided to you as an aid or guide to assist you in listening to the recordings.  However, they are not in and of themselves evidence.  You alone should decide what appears on the recordings based on what you heard.   If you think you heard something differently than it appeared on the transcript, then what you heard is controlling.   Let me say again, you, the jury, are the sole judges of the facts.

      (5)    Objections to the questions or to offered exhibits are not evidence.

In this regard, the attorneys for both the Government and the Defendant have a duty to their clients to object when they believe certain evidence should not be received.   You should not be influenced by the objections or by the court's rulings on the objections.   If an objection was sustained, ignore the question and the answer, if an answer was given.   If an objection was overruled, treat the answer like any other answer.

(6)     Charts and summaries.

The parties have presented exhibits in the form of charts and summaries.   These charts and summaries were shown to you in order to make other evidence more meaningful and to aid you in considering the evidence.   They are no better than the testimony or the documents upon which they are based, and they are not themselves independent evidence.   Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they are based.   You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

(7)     Anything you may have seen or heard outside the courtroom is not evidence.

Your verdict must be based solely upon the evidence or lack of evidence developed at trial.   You are not to engage in speculation or guesswork.

In reaching your decision as to whether the Government has sustained its burden of proof, it would be improper for you to consider any personal feelings you may have about the Defendant's race, national origin, ethnic background, sex, or age.   All persons are entitled to the

presumption of innocence and the Government has the same burden of proof in all criminal cases.

In addition, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. It would also be improper for you to draw any conclusions about the Defendant's guilt or innocence from anything you may or may not have observed about the spectators inside or outside the courtroom.   As I have said, your verdict must be based solely upon the evidence presented at trial.

Under your oath as jurors, you are not to be swayed by sympathy for one side or the other.   You are to be guided solely by the evidence in this case.   The crucial, central question that you must ask yourselves as you sift through the evidence is:   Has the Government proven the guilt of the Defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the Defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.   It must be clear to you that once you let fear, or prejudice, or bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the Defendant's guilt as to a particular charged crime, you must render a verdict of not guilty.    But on the other hand, if you should find that the Government has met its burden of proving the Defendant's guilt beyond a reasonable doubt, you should not hesitate to render a verdict of guilty because of sympathy or any other reason.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

c.  **Direct and Circumstantial Evidence:**

I have already told you that evidence comes in various forms, such as the sworn

testimony of witnesses, exhibits, and stipulations.

This evidence may take two different forms: direct evidence and circumstantial evidence.

Direct evidence is the communication of a fact by a witness who testifies to the

knowledge of that fact as having been obtained through one of the five senses.

So, for example, a witness who testifies to knowledge of a fact because he saw it, heard

it, smelled it, tasted it, or touched it, is providing direct evidence.   As I explained to you in my

opening instruction, if you went outside and saw that it was raining, you would have observed

direct evidence of rain.   For testimony providing direct evidence, what remains is your

responsibility to pass upon the credibility of the witnesses providing it.

Circumstantial evidence is evidence that tends to prove a fact at issue by proof of other

facts from which the fact at issue may be inferred.

The word "infer," or the expression "to draw an inference," means to find that a fact

exists from proof of another fact.   For example, if a fact at issue is whether it is raining at the

moment, none of us can testify directly to that fact, since we are sitting in this courtroom with the

shades drawn.   Assume, however, that as we sit here, a person walks into the courtroom wearing

a raincoat that is wet, and that person is also carrying an umbrella dripping water.   We may infer

that it is raining outside.   In other words, the fact of rain is an inference that could be drawn

from the wet raincoat and the dripping umbrella.   An inference is to be drawn only if it is logical

and reasonable to do so.   In deciding whether to draw an inference, you must look at and

consider all the facts in light of reason, common sense, and experience.   Whether a given

inference is or is not to be drawn is entirely a matter for you, the jury, to decide.   Please bear in mind, however, that an inference is not to be drawn by guesswork, suspicion, or speculation.

I remind you once again that you may not convict the Defendant unless you are satisfied of his guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence.   Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.   In determining what the facts are, and in arriving at your verdict, you are to consider all of the evidence in this case—direct and circumstantial.

**10.    <u>Deciding What to Believe</u>**

In deciding what the facts are, you must decide which testimony to believe, which testimony not to believe, and how much weight to give to the testimony of each witness.   In making those decisions, there are a number of factors you may consider, including the following:

- Did the witness seem honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

- Did the witness show resentment or anger towards a party?

- Did the witness appear to understand the questions clearly and answer them directly?

- Was what the witness said supported by other evidence?

- Did the witness's testimony differ from the testimony of other witnesses?

People sometimes forget things.   A contradiction may be an innocent lapse of memory or it may be an intentional falsehood.   Consider, therefore, whether the contradiction has to do with an important fact or only a small detail.   In addition, different people observing an event may remember it differently and therefore testify about it differently.

Ultimately, you may consider the factors I have just discussed as well as other relevant factors in deciding how much weight to give to testimony.

Finally, if you find that a witness has lied to you about any matter, however insignificant, you may choose to disregard that witness's testimony in part or in whole.

**11.    <u>Discrepancies in Testimony</u>**

Evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things, and even a truthful witness may be nervous and contradict him- or herself.   It is also the case that two people witnessing an event may see or hear it differently.   Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.   A willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of a witness, how to weigh the discrepancies in his or her testimony.   You should, as always, use common sense and your own good judgment.

**12.**    **Interest in Outcome**

In evaluating the credibility of a witness, you should consider any evidence that the witness may benefit in some way from the outcome of the case.   Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests.   Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. This is not to suggest that every witness who has an interest in the outcome of the case will testify falsely.   It is for you to decide to what extent, if at all, the witness's interest has affected his or her testimony.

**13.**     <u>**Interviews of Witnesses**</u>

There was testimony at trial that the attorneys for the Government interviewed witnesses when preparing for and during the course of the trial.  The attorneys for both sides were obliged to prepare this case as thoroughly as possible, and might have been derelict in the performance of their duties if they failed to interview witnesses before this trial began, and again as necessary throughout the course of the trial.

**14.**    **<u>Expert Witnesses</u>**

In this case, I have permitted certain expert witnesses to express their opinions about matters that are at issue.   A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.   Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.   You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.   Nor should you substitute it for your own reason, judgment, and common sense.   The determination of the facts in this case rests solely with you.

**15.**     <u>**Testimony of Government Agents and Law Enforcement Witnesses**</u>

During this trial you heard testimony from Government employees and law enforcement officers.   The fact that a witness works in law enforcement or is a Government employee does not mean that his or her testimony is entitled to any greater weight.   By the same token, the witness's testimony is not entitled to less consideration simply because he or she works in law enforcement or is a Government employee.

You should consider the testimony of Government agents and law enforcement officers just as you would consider any other evidence in the case and evaluate their credibility just as you would that of any other witness.   After reviewing all the evidence, you will decide whether to accept the testimony of law enforcement and Government employee witnesses, and what weight, if any, that testimony deserves.

16.  **Accomplice Testimony**

You also heard from a witness who testified that she was herself involved in one or more of the charged crimes with the Defendant.

The Government argues, as it is permitted to do, that it must take the witness as it finds her, and experience will tell you that the Government sometimes must rely on the testimony of a witness who admits to participating in criminal activity to show criminal behavior by others.  For that reason, the law allows the use of accomplice and co-conspirator testimony.  Indeed, it is the law in the federal courts that such testimony may be enough, standing alone, for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, because of the interest a cooperating witness may have in testifying, the testimony should be scrutinized with great care and viewed with particular caution.  The fact that the witness may benefit from her cooperation may be considered by you as bearing upon her credibility when you decide how much of that testimony, if any, to believe.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, her background and the extent to which her testimony is or is not corroborated by other evidence in the case.

As noted, you may consider whether a cooperating witness has an interest in the outcome of the case and, if so, whether that interest has affected her testimony.   You should ask yourselves whether the cooperating witness would benefit more by lying or by telling the truth. Was her testimony made up in any way because she believed or hoped that she would

somehow receive favorable treatment by testifying falsely, or did she believe that her interest would be best served by testifying truthfully?

If you believe that that cooperating witness was motivated by hopes of personal gain, was the motivation one that would cause her to lie or was it one that would cause her to tell the truth? Did this motivation color her testimony?

If you think the cooperating witness's testimony was false, you should reject it. However, if after a cautious and careful examination of the cooperating witness's testimony you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any other witness, the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept the witness's testimony in other parts, or you may disregard all the testimony. That is a determination left entirely for you, the jury.

You heard evidence that a government witness has pleaded guilty to charges arising out of some of the same facts that are at issue in this case. That evidence is before you solely to assist you in evaluating the credibility of that witness. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the Defendant on trial before you from the fact that a prosecution witness pleaded guilty to crimes. The decision of that witness to plead guilty was a personal decision that witness made about her own guilt. It may not be used by you in any way as evidence against or unfavorable to the Defendant.

Finally, in relation to this accomplice witness, you have also heard testimony in this case about who will decide the sentence of such witness. The question of punishment of a

cooperating witness is a duty that rests exclusively upon the sentencing court, and you should not

think about that except as it may affect the witness's credibility.

**17.    Specific Investigative Techniques Not Required**

Although the Government bears the burden of proof beyond a reasonable doubt, and although a reasonable doubt can arise from lack of evidence, I instruct you that there is no legal requirement that the Government use any specific investigative techniques to prove its case. Law enforcement techniques are not your concern.   Your concern is to determine whether or not, based upon all of the evidence in this case, the Government has proven that the Defendant is guilty beyond a reasonable doubt as to each count charged against him.

18.    **Number of Witnesses and Uncontradicted Testimony**

The fact that one party called more witnesses and introduced more evidence than another party does not mean that you should find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness, even if that witness has not been contradicted or impeached, if you find the witness not to be credible. As with all witnesses, you have to decide who to believe and which facts are true, and you do this by looking at all of the evidence and drawing upon your own common sense and personal experience.

**19.    <u>All Available Witnesses Need Not Be Produced</u>**

The law does not require the Government to produce all available evidence or call as witnesses all persons involved in the case who may have been present at any relevant time or place, or who may appear to have some knowledge of a matter at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and objects mentioned during the course of the trial.  You are always entitled, however, to consider any lack of evidence in determining whether the Government has met its burden of proof beyond a reasonable doubt.

**20.** __Stipulations__

The attorneys for the Government and for the Defendant have entered into stipulations concerning facts that are relevant to this case.   When the attorneys on both sides stipulate, you must—unless otherwise instructed—accept the stipulation as evidence and regard that facts contained therein as proved.

**21.**     **<u>Translations</u>**

Translations of foreign language documents and recordings have been admitted into evidence in this trial.   Whether the translations are accurate translations of the non-English portions of the documents in whole or part is for you to decide based on evidence presented to you.   In considering whether a translation accurately describes the meaning of the document, you should consider any testimony presented to you regarding how and by whom the translation was made, as well as any testimony disputing the translation of any words in the translation. You may consider the knowledge, training, and experience of the translator if called as a witness.

Even if you may speak the foreign language that is being translated, it is important that all jurors consider the same evidence.   Therefore, you should not consider your own understanding of the foreign language in evaluating the accuracy of the translations admitted into evidence.

**22.** <u>**Punishment**</u>

The question of possible punishment of the Defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing a sentence rests exclusively with the court.   Your function is to weigh the evidence in the case, and to determine whether or not the Defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence.   Under your oath as jurors, you cannot allow consideration of the punishment that may be imposed upon the Defendant—if he is convicted—to influence your verdict in any way, or to enter into your deliberations in any sense.   In this regard, I note that the death penalty is not available as a punishment in this case.   Again, the question of possible punishment is not your concern.   The duty of imposing sentences rests with the court alone.

**23.      The Defendant's Right Not to Testify**

The Defendant did not testify in this case.    Under our Constitution, he has no obligation to testify or to present any other evidence, because it is the Government's burden to prove their guilt beyond a reasonable doubt.    You may not attach any significance to the fact that the Defendant did not testify.    Nor may you draw any adverse inference against the Defendant because he did not take the witness stand.    In your deliberations in the jury room, you may not consider this decision against the Defendant in any way.

**24.**     **Evidence Obtained Lawfully**

During this trial you have heard testimony about a variety of investigative techniques and methods of collecting evidence, including interviews of the Defendant, confidential informant activity, and the review of electronic communications. I instruct you that any evidence that was presented to you was obtained legally and you may consider it. The propriety of the methods used to collect evidence or investigate should not enter into your deliberations in any respect.

## Part II

I will now turn to the second part of this jury charge, in which I instruct you about the legal elements of the crimes charged.  I will first instruct you on certain legal principles you will be called upon to apply when considering the elements of the crimes charged in this case. Following those instructions, I will then explain the elements of the crimes charged in the Indictment.

1.    **Knowingly and Intentionally**

Each of the charges implicates the concepts of knowledge and intent.  Therefore, I will tell you up front about these concepts before addressing the charges specifically.

A defendant acts knowingly if he acts purposely and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

A defendant acts intentionally if he acts deliberately and purposefully.  That is, a defendant's acts must have been the product of his conscious objective rather than the product of mistake or accident.  A defendant need not have been aware of the specific law or rule that his conduct violated.

These issues of knowledge and intent require you to make a determination about the Defendant's state of mind, something that rarely can be proved directly.  A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the Defendant's state of mind.  Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a particular circumstance.  You are asked to determine whether the Government has proved beyond a reasonable doubt that Ruslan Asainov acted knowingly and intentionally.

2.      **Charges**

I will now review the specific charges with you and instruct you as to the legal elements of the crimes with which the Defendant is charged.

THE INDICTMENT

The Defendant is formally charged in an Indictment.   As I instructed you earlier and at the outset of this case, an Indictment is only a charge or accusation.   The Indictment in this case has five counts.   You will be called upon to render a separate verdict as to each count.

COUNT ONE: CONSPIRACY TO PROVIDE MATERIAL SUPPORT TO A

FOREIGN TERRORIST ORGANIZATION

Count One of the Indictment charges the Defendant with conspiring to provide material support to a foreign terrorist organization, specifically, the Islamic State of Iraq and al-Sham, or "ISIS."   Count One reads as follows:

> In or about and between December 2013 and March 2019, both dates being approximate and inclusive, within the Eastern District of New York, the extraterritorial jurisdiction of the United States and elsewhere, the defendant Ruslan Maratovich Asainov, also known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," together with others, did knowingly and intentionally conspire to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including property, services and personnel, including himself and others, to a foreign terrorist organization, to wit: ISIS, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that the organization was a designated terrorist organization and the organization had engaged in and was engaging in terrorist activity and terrorism, [and there is federal jurisdiction over the offense].

The statute relevant to Count One of the Indictment is Section 2339B(a)(1) of Title 18, United States Code, which reads in relevant part:

> Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so [is guilty of a crime].

A conspiracy is a kind of criminal partnership—it is an agreement of two or more persons to join together to commit one or more unlawful acts.   The crime of conspiracy to violate a federal law is an independent offense.   It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."   Indeed, you may find the Defendant guilty of the distinct crime of conspiracy to commit an offense against the United States whether or not the substantive crime which was the object of the conspiracy was actually committed.

Congress has deemed it appropriate to make conspiracy a separate crime even if the conspiracy is ultimately unsuccessful, in part, because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

I will now review the elements of Count One.   To establish a violation of Section 2339B(a)(1) for conspiring to provide material support to ISIS, the Government must prove each of the following elements beyond a reasonable doubt:

First, that a conspiracy to provide material support to a foreign terrorist organization existed; and

Second, that the Defendant knowingly and intentionally became a member of that conspiracy to provide material support to a foreign terrorist organization.

### First Element—The Existence of a Conspiracy

A conspiracy is an agreement between two or more persons to accomplish some unlawful objective.   The essence of the conspiracy is the unlawful agreement to violate the law, whether or not the participants were successful in carrying out the object of the conspiracy.

To establish the existence of a conspiracy, the Government is not required to prove that two or more persons entered into a contract, orally or in writing, stating that they have formed a conspiracy and spelling out all the details, but the Government must prove that two or more persons explicitly or implicitly came to an understanding to achieve a specified unlawful act. The persons need not agree on every detail of their venture, but they must agree on the essential nature of their plan to achieve a specified unlawful act.

You may find that the existence of an agreement between two or more persons to commit a crime has been established by direct proof.   But since a conspiracy is, by its very nature, characterized by secrecy, direct proof may not be available.   Therefore, you may infer the existence of the conspiracy from the circumstances of the case and the conduct of the parties involved.   In a real sense, then, in the context of conspiracy cases, actions often speak louder than words.

In determining whether the Government has proven the existence of the charged conspiracy, you may consider the actions and statements of all those whom you find to be participants.   Ask yourselves whether they were acting together for the accomplishment of an unlawful purpose.

It is not necessary for the Government to prove that the ultimate objectives of the conspiracy were successfully accomplished.   It is enough if the Government has proved that two or more persons—one of whom is the Defendant—in any way, expressly or impliedly, came to a common understanding to violate the law.

36

If, upon considering all the evidence, direct and circumstantial, you are satisfied beyond a reasonable doubt that at least two of the alleged conspirators—one of whom being the Defendant—agreed to work together to accomplish the object of the conspiracy, that is, to provide material support to a foreign terrorist organization, then the first element—the existence of the conspiracy charged—has been satisfied.

<u>Second Element—Defendant's Membership in the Conspiracy</u>

The second element that the Government must prove is that the Defendant became a member of the conspiracy with knowledge of its criminal goal and intending by his actions to help it succeed.

An individual may become a member of a conspiracy without full knowledge of all the details of the conspiracy.   However, merely being present at a place where criminal conduct is underway or mere association with one or more members of the conspiracy does not automatically make a person a member of a conspiracy to commit a crime. In addition, mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.

The fact that a defendant's acts, without knowledge, merely happen to further the purposes or objective of the conspiracy does not make the Defendant a member of the conspiracy.   What is required is that the Defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy charged, and with the intention of aiding in the accomplishment of its unlawful goal. There must be a meeting of the minds, meaning that individual agreed with others, implicitly or explicitly, to achieve a specified unlawful act.

The extent of a defendant's participation in a conspiracy has no bearing on the issue of guilt.   Some conspirators might play major roles.   Others may play minor roles.   An equal role

is not what the law requires.   Indeed, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.   Moreover, a defendant need not have known the identities of each and every member of the scheme, nor need he have been apprised of all of their activities. He need not have been fully informed as to all of the details or scope of the conspiracy.   He does not have to be a member of it for the entire time of its existence.

The key inquiry is whether the Defendant joined the conspiracy charged in the Indictment with knowledge of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.   If, upon considering all the evidence, direct and circumstantial, you are not satisfied beyond a reasonable doubt that the Defendant knowingly became a member of the conspiracy charged in the Indictment, then you cannot find him guilty. If, on the other hand, upon considering all the evidence, you find that the Government has met its burden of proving that the Defendant knowingly became a member of the conspiracy charged in the Indictment, you should render a verdict of guilty.

## COUNTS TWO AND THREE: MATERIAL SUPPORT TO A FOREIGN TERRORIST ORGANIZATION

Counts Two and Three of the Indictment charge the Defendant with providing and attempting to provide material support to a foreign terrorist organization, specifically, ISIS. These counts read as follows:

> In or about and between December 2013 and March 2019, both dates being approximate and inclusive, within the Eastern District of New York, the extraterritorial jurisdiction of the United States and elsewhere, the defendant Ruslan Maratovich Asainov, also known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," together with others, did knowingly and intentionally provide and attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), to wit: [the means of support set forth below], to a foreign terrorist organization, to wit: ISIS, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that the organization was a designated terrorist organization and the organization had engaged in and was engaging in terrorist activity and terrorism, [and there is federal jurisdiction over the offense].

| **Count** | **Type of Material Support** |
|---|---|
| Count Two | personnel (the Defendant himself and others) |
| Count Three | property and services, including training, and expert advice and assistance |

**Providing Material Support to a Foreign Terrorist Organization**

As in Count One, the statute relevant to Counts Two and Three is Section 2339B(a)(1) of

Title 18, United States Code, which provides in relevant part:

> Whoever knowingly provides material support or resources to a
> foreign terrorist organization, or attempts . . . to do so [is guilty of
> a crime].

I will now review the elements of Counts Two and Three.   To establish a violation of Section

2339B(a)(1) for providing material support to ISIS under these Counts, the Government must

prove each of the following elements beyond a reasonable doubt:

First, that the Defendant provided material support or resources;

Second, that the Defendant provided this support or these resources to a foreign terrorist

organization, specifically ISIS;

Third, that the Defendant did so knowingly and intentionally; and

Fourth, that there was federal jurisdiction over the offense.

Let me explain these elements in more detail.

First Element—Material Support or Resources

The first element that the Government must prove is that the Defendant provided material

support or resources.   The term "material support or resources" means any property, tangible or

intangible, or service, including currency or monetary instruments or financial securities,

financial services, lodging, training, expert advice or assistance, safehouses, false documentation

or identification, communications equipment, facilities, weapons, lethal substances, explosives,

personnel, and transportation, except medicine or religious materials.

The term "training" means instruction or teaching designed to impart a specific skill, as

opposed to general knowledge.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

The term "personnel" means one or more persons, which can include the Defendant himself.

The Defendant can be convicted for a violation of this statute in connection with providing "personnel" if you find that he has knowingly provided one or more individuals, which may include himself, to work under ISIS's direction or control.  However, the Defendant cannot be convicted for providing personnel if he worked entirely independently of ISIS to advance its goals and objectives, or if he was providing an individual to work entirely independently of ISIS to advance its goals and objectives.

## Second Element—Foreign Terrorist Organization

The second element that the Government must prove is that the Defendant provided these resources to a "foreign terrorist organization," namely, ISIS.   I instruct you as a matter of law that ISIS has been designated a "foreign terrorist organization" by the United States Secretary of State, and was so designated under a previous name, "al-Qaeda in Iraq" by the Secretary on October 15, 2004.   I instruct you that in May 2014, the Secretary of State amended the designation to add the alias Islamic State of Iraq and the Levant ("ISIL") as the primary name of this foreign terrorist organization, and added the following aliases to the ISIL listing: the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al- Furqan Establishment for Media Production.   I instruct you that in September 2015, the Secretary of State added the following aliases to the listing: Islamic State, ISIL, and ISIS. Consequently, if you find beyond a reasonable doubt that the Defendant provided "material support or resources,"

as I have just defined the term, to ISIS during the period charged in the Indictment, the

Government's burden with respect to the element of "foreign terrorist organization" has been

met.

### Third Element—Knowing and Intentional

The third element that the Government must prove is that in providing material support

or resources to ISIS, the Defendant did so knowingly and intentionally.   I previously explained

to you the definitions of "knowingly" and "intentionally." For this element to be satisfied, the

Government must prove that the Defendant knew one of the following three things: (1) that ISIS

had been designated by the Secretary of State as a "foreign terrorist organization"; (2) that ISIS

engaged in "terrorist activity"; or (3) that ISIS engaged in "terrorism."

For these purposes, the term "terrorist activity" includes any of the following actions:

1.   Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

2.   Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;

3.   A violent attack upon an internationally protected person, including employees and officials of governments or international organizations;

4.   Assassination;

5.   Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

6.   Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or

7.   A threat, attempt, or conspiracy to do any of the foregoing.

For these purposes, the term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents.

<u>Fourth Element—Federal Jurisdiction</u>

The fourth element that the Government must prove is that there was federal jurisdiction over the offense. For this element to be satisfied, the Government must prove only one of the following five things:

(1) the Defendant was a national of the United States;

(2) after the conduct required for the offense occurred, the Defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States;

(3) the offense occurred in whole or in part within the United States;

(4) the offense occurred in or affected interstate or foreign commerce; or

(5) the Defendant aided, abetted, or conspired with any person over whom jurisdiction exists, including any person who meets one of the previous four criteria or a national of the United States.

With respect to the first option, I instruct you as a matter of law that citizens of the United States are also considered "nationals" of the United States. With respect to the second option, it does not matter if the Defendant was brought into the United States by law enforcement personnel; it is sufficient to satisfy this element so long as you find that he was brought into the United States after the conduct required for the offense occurred. With respect to the fourth option, the Government need prove only that there was a minimal effect on interstate or foreign commerce. Any effect, even an indirect or slight one, is sufficient, and that effect may be harmful or beneficial to interstate or foreign commerce.

I remind you that the Government need prove only one of these five alternatives for you to find this element satisfied; the Government need not prove all five.

**<u>Attempting to Provide & Aiding and Abetting the Provision of Material Support to a Foreign Terrorist Organization</u>**

In both Counts Two and Three, the Government also charged the Defendant in the alternative with attempting to provide material support to a foreign terrorist organization and aiding and abetting the provision of material support to a foreign terrorist organization.

If you find that the Government proved beyond a reasonable doubt that the Defendant provided material support to a foreign terrorist organization, you need not consider these alternatives.   But if you find that the Government did not prove beyond a reasonable doubt that the Defendant provided material support to a foreign terrorist organization, you must consider whether the Government proved beyond a reasonable doubt that the Defendant attempted to provide material support to a foreign terrorist organization or aided and abetted the provision of material support to a foreign terrorist organization.

I will address attempt first and will then turn to aiding and abetting.   I remind you that, the Government need prove only one of these three alternatives for you to find the Defendant guilty on Counts Two and Three; the Government need not prove all three.

**Attempting to Provide Material Support to a Foreign Terrorist Organization**

To establish a violation of Section 2339B(a)(1) for attempting to provide material support to ISIS, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the Defendant intended to commit the crime of providing material support to a foreign terrorist organization; and

Second, that the Defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the Defendant of an attempt, you must find beyond a reasonable doubt that the Defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the Defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime. A defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed, so long as the defendant did in fact take some action indicating an intent to commit a crime. Furthermore, a substantial step towards the provision of material support need not be

planned to culminate in actual terrorist harm, but only in support—even benign support—of an organization committed to such harm.

**Aiding and Abetting the Provision of Material Support to a Foreign Terrorist Organization**

As I previously explained, "aiding and abetting" is an alternate legal theory under which the Government can prove the Defendant guilty of the crimes charged in Counts Two and Three.

The "aiding and abetting" statute is Title 18 of the United States Code, Section 2, which provides, in relevant part: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the Government to show that a defendant himself physically committed the crime charged in the count under consideration in order for the Government to sustain its burden of proof. This is so because, under the law, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the Defendant guilty of the offense charged if you find that the Government has proven beyond a reasonable doubt that another person actually committed the offense with which the Defendant is charged, and that the Defendant aided or abetted that person in the commission of the offense.

In order to find the Defendant guilty of aiding and abetting a crime, you must first find that some person did actually commit the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the Defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the Defendant knowingly associate himself in some way with the crime, and that he participate in the crime by

doing some act to help make the crime succeed.  To establish that the Defendant knowingly associated himself with the crime, the Government must prove that the Defendant knew and intended that the crime charged be committed.  To establish that the Defendant participated in the commission of the crime, the Government must prove that the Defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether the Defendant aided or abetted the commission of the crime charged, or caused the commission of that crime, ask yourself these questions:

First, did the Defendant participate in the crime charged as something he wished to bring about?

Second, did the Defendant knowingly associate himself with the criminal venture?

Third, did the Defendant seek by his actions to make the criminal venture succeed? If he did, then the Defendant is an aider and abettor, and therefore guilty of the offense.

**Co-Conspirator Liability**

There is one additional method by which you must evaluate the possible guilt of the Defendant of the substantive crimes charged in Counts Two and Three.  Even if you do not find the Government has proven beyond a reasonable doubt the Defendant's personal participation in providing material support to a foreign terrorist organization, attempting to provide material support to a foreign terrorist organization, or aiding and abetting the provision of material support to a foreign terrorist organization.   In that circumstance, you must evaluate the Defendant's possible guilt on the basis of what is called "co-conspirator liability."

Under this theory of liability, you must first find that the Government has proven beyond a reasonable doubt that the Defendant is guilty on Count One (for conspiring to provide material support to a foreign terrorist organization), then, under certain specific conditions that I will explain to you, you may—but are not required to—find the Defendant guilty of the substantive crimes charged against him in Counts Two and Three.

In order to find the Defendant guilty using this theory of co-conspirator liability, you must find that the Government has proven beyond a reasonable doubt each of the following five additional elements:

First, that someone in fact committed the substantive crime charged in the count under consideration;

 Second, that the person or persons who committed that substantive crime were members of the conspiracy charged in Count One;

 Third, that the commission of the substantive crime charged in the count under consideration was pursuant to a common plan and understanding that you found to exist among the conspirators;

Fourth, that the Defendant was a member of the conspiracy charged in Count One at the time that the substantive crime charged in the count under consideration was committed; and

Fifth, that the Defendant could reasonably have foreseen that one of his co-conspirators might commit the substantive crime charged in the count under consideration. An offense by a co-conspirator is deemed to be reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement.

If you find that the Government has proven all five of these elements beyond a reasonable doubt, then you may find the Defendant guilty of the substantive crime charged in the count under consideration, even if the Defendant did not personally participate in the acts constituting the crime and even if he did not have actual knowledge of it.   However, that offense must have been foreseeable to the Defendant.

The reason for this rule is that a co-conspirator who commits a substantive crime pursuant to a conspiracy is regarded as a partner of the other conspirators.   Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the foreseeable substantive crimes committed by its members.

If, however, you are not satisfied as to the existence of any one of these five elements, then you may not find the Defendant guilty of the substantive crime charged in the count under consideration, unless the Government proves, beyond a reasonable doubt, that the Defendant personally committed, attempted to commit, or aided and abetted the commission of, that crime, under the instructions that I have provided to you above.

This theory of co-conspirator liability can only be used to find the Defendant guilty of the substantive offenses for providing material support to a foreign terrorist organization as charged in Counts Two and Three.   It cannot be used to prove that a death resulted from the commission of any offenses.   That is a separate determination that must be made in accordance with the next instruction.

**"Death Results" Element & Special Verdict Form**

The Government has charged that the offenses in Count One and Count Three each resulted in the death of one or more persons.   Accordingly, if you find the Defendant guilty on Count One or on Count Three, then you must also determine whether the Government has proven beyond a reasonable doubt that a death resulted from the commission of that offense.

In order to prove that at least one person's death resulted from the commission of an offense, the Government must prove beyond a reasonable doubt that a person's death was a but-for consequence of the offense being committed.   That means that the Government must prove beyond a reasonable doubt that but for the commission of the offense, the person would not have died.

To elaborate further, the commission of the offense must be a but-for cause of the person's death but it need not be the sole cause.   It is sufficient if the Government proves that the commission of the offense combined with other factors to cause the person's death, so long as these other factors would not have resulted in the person's death even if the offense did not happen.   In other words, the commission of the offense, when combined with other factors, is an actual cause of the death, only if the person's death would not have occurred but for the effect of the commission of the offense.   However, it is not enough that the commission of the offense merely played a nonessential contributing role in the death.   If the death would have occurred regardless of whether the offense happened, then the person's death did not result from the commission of the offense.

The Government is not required to prove that the Defendant, or anyone else, intended to cause the person's death or that the person's death was foreseeable to the Defendant or others.

The Government does not have to prove that any act personally done by the Defendant caused the person's death.   What the Government needs to prove beyond a reasonable doubt is that the Defendant is guilty of committing the offense under the law previously explained and that, but for the commission of the offense, the person would not have died.

If the particular count alleges the death of one or more persons, it is sufficient that the Government prove beyond a reasonable doubt that the offense resulted in the death of one such person.   However, in order to find that the Government has proven that the commission of the offense resulted in a death, you must be unanimous as to the person's death that you are considering.   It is not enough for some of you to find that the Government has proven one person's death and others of you to find that the Government has proven a different person's death.   In other words, if you find that a death resulted, you all must agree as to that specific death.

With respect to Count One, you must find that a death resulted from the conspiracy charged in the Indictment if you find beyond a reasonable doubt that the death was a consequence of that conspiracy.   With respect to Count Three, you must find that a death resulted from the offense charged in the Indictment if you find beyond a reasonable doubt the death was a consequence of commission of the offense.

If you conclude that the Government has proven beyond a reasonable doubt that the Defendant committed the offense charged in Count One or Count Three but the Government has not proven beyond a reasonable doubt that a death resulted from that offense under the instructions I have explained above, then you should check "Guilty" as to that offense on your verdict form but check "Not Proven" to indicate that a death did not result from the commission of the offense.   If you conclude that the Government has proven beyond a reasonable doubt both

that the Defendant committed an offense charged in Count One or Count Three and that a death resulted from that offense under the instructions I have explained above, then you should check "Guilty" as to that offense on your verdict form and check "Proven" to indicate that a death resulted from the commission of the offense.

## COUNT FOUR: RECEIPT OF MILITARY-TYPE TRAINING FROM

## A FOREIGN TERRORIST ORGANIZATION

Count Four charges the Defendant as follows:

> In or about and between January 2014 and March 2019, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant Ruslan Maratovich Asainov, also known as "Suleiman Al-Amriki" and "Suleiman Al- Kazakhi," together with others, did knowingly and intentionally receive military-type training, as defined in Title 18, United States Code, Section 2339D(c), from and on behalf of a foreign terrorist organization, to wit: ISIS, knowing that ISIS was a designated foreign terrorist organization and that ISIS had engaged in terrorist activity and terrorism, and the defendant was a national of the United States (as defined in Section 101(a)(22) of the Immigration and Nationality Act), the offense occurred in and affected interstate and foreign commerce and, after the conduct required for this offense occurred, the defendant was brought into and found in the United States.

The statute relevant to Count Four is Title 18, United States Code, Section 2339D, which provides as follows:

> Whoever knowingly receives military-type training from or on behalf of any organization designated at the time of the training by the Secretary of State under section 219(a)(1) of the Immigration and Nationality Act as a foreign terrorist organization [is guilty of a crime].

To establish a violation of Section 2339D for receiving military-type training from a foreign terrorist organization, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant received military-type training from or on behalf of an organization;

Second, the organization was a designated foreign terrorist organization at the time of the military-type training;

Third, the Defendant acted knowingly and intentionally; and

54

Fourth, there was federal jurisdiction over the offense.

First Element—Receipt of Military-Type Training

The first element is that the Defendant received military-type training from an organization. The Defendant "received" military-type training from a foreign terrorist organization if he was provided, was given, or otherwise obtained such training from that organization.

"Military-type training" means training in means or methods that can cause death or serious bodily injury, destroy or damage property, or disrupt services to critical infrastructure, or training on the use, storage, production, or assembly of any explosive, firearm, or other weapon.

"Serious bodily injury" means a bodily injury that involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

The term "critical infrastructure" means systems and assets vital to national defense, national security, economic security, public health, or safety, including both regional and national infrastructure.   Critical infrastructure may be publicly or privately owned.

Examples of critical infrastructure include gas and oil production, storage, or delivery systems, water supply systems, telecommunications networks, electrical power generation or delivery systems, financing and banking systems, emergency services (including medical, police, fire, and rescue services), and transportation systems and services (including highways, mass transit, airlines, and airports).

<u>Second Element—Training from a Designated Foreign Terrorist Organization</u>

The second element is that the Defendant received the military-type training from a foreign terrorist organization that was designated as such at the time. I have already instructed you as a matter of law that ISIS has been designated a "foreign terrorist organization" by the United States Secretary of State, and refer you to my earlier instructions. Consequently, if you find beyond a reasonable doubt that the Defendant received "military-type training," as I have just defined that term, from ISIS during the period charged in the Indictment, you should find that the Government's burden with respect to the element of "foreign terrorist organization" has been met.

<u>Third Element—Knowingly and Intentionally</u>

The third element that the Government must prove is that in receiving military-type training from ISIS, the Defendant did so knowingly and intentionally.  I previously explained to you the definitions of "knowingly" and "intentionally."   For this element to be satisfied, the Government must prove that the Defendant knew one of the following three things:

(1) that ISIS had been designated by the Secretary of State as a "foreign terrorist organization"; (2) that ISIS engaged in "terrorist activity"; or (3) that ISIS engaged in "terrorism." I refer you to my earlier instructions on the definitions of "terrorist activity" and "terrorism."

<u>Fourth Element—Federal Jurisdiction</u>

In my instructions for Counts One, Two, and Three, I instructed you on the five ways in which the government can prove that there was federal jurisdiction, and I refer you to those previous instructions.   I remind you that the Government need prove only one of these five alternatives for you to find this element satisfied; the Government need not prove all five.

<u>COUNT FIVE: OBSTRUCTION OF JUSTICE</u>

Count Five charges the Defendant as follows:

> In or about and between November 2014 and March 2019, both dates being approximate and inclusive, within the Eastern District of New York and the extraterritorial jurisdiction of the United States, the defendant Ruslan Maratovich Asainov, also known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," together with others, did . . . knowingly, intentionally and corruptly alter, destroy, mutilate and conceal a record, document and other object, and attempt to do so, with the intent to impair the object's integrity and availability for use in an official proceeding, to wit: the Grand Jury Terrorism Investigation, and obstruct, influence and impede an official proceeding, to wit: the Grand Jury Terrorism Investigation, and attempt to do so.

The statute relevant to Count Five is Title 18, United States Code, Section 1512(c), which provides as follows:

> Whoever corrupt alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, [is guilty of a crime].

Count Five charges the Defendant with obstruction of justice in connection with two theories. First, the Government alleges that the Defendant corruptly altered, destroyed, mutilated, or concealed a record, document or object in order to impair its use in a grand jury investigation, in violation of Section 1512(c)(1). Second, the Government alleges that the Defendant otherwise obstructed, influenced and impeded the grand jury investigation, in violation of Section 1512(c)(2). To find the Defendant guilty of Count Five, the Government must prove beyond a reasonable doubt not only that he committed one or both of these crimes, but you must also unanimously agree on which of these crimes the Defendant committed.

To establish a violation of Section 1512(c)(1), alteration or destruction of records, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant altered (or destroyed or mutilated or concealed) any record, document, or tangible object;

Second, the Defendant acted with the intent to impair the object's integrity or availability in an official proceeding; and

Third, the Defendant acted corruptly.

First Element—Alteration of a Record

The first element the Government must prove is that the Defendant altered (or destroyed or mutilated or concealed) any record, document or tangible object.

Second Element—Intent to Impair an Official Proceeding

The second element the Government must prove is that the Defendant acted with the intent to impair the object's integrity or availability in an official proceeding. An official proceeding means a proceeding before a court, judge or federal agency. The proceeding may be civil or criminal. You are instructed that a proceeding before a federal grand jury is an official proceeding. The law does not require that the federal proceeding be pending at the time of the Defendant's actions as long as the proceeding was foreseeable such that the Defendant knew that his actions were likely to affect the proceeding. Rather, it is sufficient for the purposes of Count Five that the Government prove that the Defendant believed his actions were likely to affect a particular, existing or foreseeable official proceeding.

Third Element—Acted Corruptly

The third element the Government must prove is that the Defendant acted corruptly. To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede, or influence the due administration of justice.

To establish a violation of Section 1512(c)(2), obstruction of an official proceeding, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant obstructed, influenced or impeded an official proceeding; and

Second, the Defendant acted corruptly.

I have previously defined "official proceeding" and "acted corruptly," and those terms mean the same thing in this context.

If you unanimously find that the government has proven beyond a reasonable doubt all elements of either a violation of 1512(c)(1), a violation of 1512(c)(2), or both, then you must find the Defendant guilty, and check off on the verdict form each such section about which you unanimously agree.   If, on the other hand, you unanimously agree that the government has not proven either such violation, then you must find the Defendant not guilty on Count Five.

## Part III: General Rules Regarding Deliberations

I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide. By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial, and to apply the law as I have given it to you to the facts as you find them from the evidence. Each of you will be provided with a copy of these instructions and a Verdict Sheet for your use during deliberations. You will receive most of the evidence for your review in the jury room. If you require any other items of evidence or any testimony, please advise me.

When you retire, your first duty is to elect a foreperson. Traditionally, Juror Number One acts as a foreperson. Of course, the foreperson's vote is entitled to no greater weight than that of any other juror.

Then, it is your duty to discuss the case for the purpose of reaching a verdict. Each of you must decide the case for yourself. You should make your decision only after considering all of the evidence, listening to the views of your fellow jurors, and discussing it fully. It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced that they are wrong. However, you must not surrender your honest belief as to the weight and effect of the evidence simply to arrive at a verdict.

Remember also that your verdict must be based solely on the evidence or lack of evidence in this case, and on the law as the court has given it to you, not on anything else. Opening statements, closing arguments, and other statements or arguments of counsel are not

evidence.   If your recollection of the facts differs from the way counsel has stated the facts, then your recollection controls.

Finally, bear in mind that the Government has the burden of proof and that you must be convinced of the Defendant's guilt beyond a reasonable doubt in order to return a guilty verdict. If you find that this burden has not been met, you must return a verdict of not guilty. By contrast, if you find that the Government's burden has been met, then you must return a verdict of guilty.

You cannot allow consideration of the punishment that may be imposed upon the Defendant, if convicted, to influence your verdict in any way or to enter into your deliberations. The duty of imposing sentences rests exclusively with me.   Your duty is to weigh the evidence in this case and to determine guilt or non-guilt solely upon such evidence or lack of evidence and upon the law, without being influenced by any assumptions, conjectures, sympathy, or inference not warranted by the facts.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything related to this case.   There is only one exception to this rule.   If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.   If you do send any notes to the court, do not disclose anything about your deliberations.   Specifically, do not disclose to  anyone—not even to me—how the jury stands, numerically or otherwise, on the question of the guilt or non-guilt of the Defendant, until after you have reached a

unanimous verdict or have been discharged.

You have a right to see exhibits or review testimony during your deliberations.   If you would like to review a witness's testimony during your deliberations, you may send a signed note to me requesting the specific portion of the testimony and we will provide it to you. Please be patient, as it may take some time to locate the relevant portion of the transcript. Please make your requests as specific as possible so that we may more promptly assist you.

When you have reached a decision, the foreperson should sign the verdict form, indicate the date on it, and notify the Marshal by note that you have reached a verdict.   Any verdict you reach must be unanimous.

Your oath sums up your duty, and that is:   Without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.