# Exhibit 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,   :
             :
             :
   -against-      :   **JURY INSTRUCTIONS**
             :   16-CR-614 (AMD)
             :
DAN ZHONG,       :
             :
      Defendant.  :
------------------------------------------------------------x

**ANN M. DONNELLY, United States District Judge:**

    Ladies and gentlemen of the jury, you have heard all the evidence in the case as well as

the lawyers' arguments. I will now instruct you on the law that applies to this case. You have

paid close attention to this case and I ask that you continue to do so as I give you these

instructions. My instructions are divided into three parts.

    First, I will instruct you about the general rules that define and govern your duties as

jurors in a criminal case;

    Second, I will give you instructions about the crimes charged in this case and the

elements that the government must prove for each crime; and

    Third, I will give you some general rules about the process of your deliberations.

## TABLE OF CONTENTS

I.  GENERAL RULES AND DUTY OF THE JURY ................................................................4

  A.  ROLE OF THE COURT AND JURY ........................................................................4

    1.  Equality of The Parties Before the Court..........................................................5

    2.  No Basing Verdict on Sympathy .......................................................................5

    3.  Indictment, Burden & Presumption of Innocence ............................................5

    4.  Reasonable Doubt .............................................................................................6

    5.  Punishment........................................................................................................7

  B.  EVIDENCE ..............................................................................................................7

    1.  The Definition of Evidence...............................................................................7

    2.  Limiting Instructions.........................................................................................8

    3.  Direct and Circumstantial Evidence .................................................................9

    4.  Charts and Summaries .....................................................................................10

    5.  Translations.....................................................................................................11

    6.  Witness Testimony...........................................................................................11

    7.  Co-Conspirator Acts and Statements ..............................................................16

    8.  People Not on Trial .........................................................................................17

    9.  All Witnesses Need Not Be Called, All Evidence Need Not Be Produced ....17

    10.  No Particular Investigative Techniques Required.........................................17

    11.  Evidence Lawfully Obtained.........................................................................18

II.  THE LEGAL ELEMENTS OF THE CRIME CHARGED...............................................18

  A.  MULTIPLE COUNTS.............................................................................................18

  B.  THE INDICTMENT................................................................................................18

  C.  APPROXIMATE DATE ..........................................................................................21

  D.  VENUE....................................................................................................................21

  E.  KNOWLEDGE AND INTENT................................................................................22

  F.  COUNT TWO: FORCED LABOR ..........................................................................23

    1.  Theory 1 on Forced Labor ..............................................................................24

    2.  Theory 2 on Forced Labor ..............................................................................28

    3.  Conclusion Count Two ....................................................................................30

  G.  COUNT THREE: CONCEALING PASSPORTS AND IMMIGRATION DOCUMENTS IN CONNECTION WITH FORCED LABOR ................................................31

    1.  First Element: Defendant's Actions to Conceal or Possess ...........................32

    2.  Second Element: Defendant's Purpose in Action............................................32

3.   Third Element: Knowingly .............................................................33

4.   Conclusion Count Three ................................................................33

H.   AIDING AND ABETTING ....................................................................34

I.   *PINKERTON* CHARGE (GUILT OF SUBSTANTIVE OFFENSE DUE TO MEMBERSHIP IN CONSPIRACY) ..................................................36

J.   COUNT ONE: CONSPIRACY TO COMMIT FORCED LABOR...................37

1.   Conspiracy in General....................................................................37

2.   Elements of Conspiracy .................................................................38

K.   COUNT FOUR: ALIEN SMUGGLING CONSPIRACY ..............................41

1.   First Element: Alien Illegally Present in U.S...................................42

2.   Second Element: Knowledge or Reckless Disregard.......................43

3.   Third Element: Transportation........................................................43

4.   Fourth Element: "In Furtherance Of" Alien's Illegal Presence .......44

5.   Conclusion Count Four ..................................................................44

L.   COUNT FIVE: VISA FRAUD CONSPIRACY ............................................45

1.   First Element: Use or Obtain Document Procured by False Statement or Fraud ...........46

2.   Second Element: Document Was a Nonimmigrant Visa ..................46

3.   Third Element: Knowledge ............................................................47

4.   Overt Acts .....................................................................................47

III.   CLOSING INSTRUCTIONS ....................................................................49

A.   FOREPERSON.......................................................................................49

B.   DELIBERATIONS....................................................................................49

C.   COMMUNICATION WITH THE COURT AND OTHERS ............................50

D.   RIGHT TO SEE EXHIBITS AND HAVE TESTIMONY READ....................51

E.   VERDICT ...............................................................................................51

F.   OATH REMINDER AND CLOSING REMARKS ..........................................52

## I.    GENERAL RULES AND DUTY OF THE JURY

### A.  ROLE OF THE COURT AND JURY

I am going to start by reminding you of your roles as jurors and my role as the judge.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case.  You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve any conflicts in the evidence, and to draw those inferences that you believe are reasonable and warranted from the evidence.

My job is to instruct you on the law.  You must follow the law as I give it to you and apply the law to the facts as you find them.  It is your sworn obligation to follow the law as I describe it to you, whether you agree with it or not.  You should not be concerned about the wisdom of any rule of law that I state.  Regardless of any opinion you may have about what the law may be—or should be—you would violate your oaths as jurors if you based your verdict on anything other than the law as I define it for you.

If any of the lawyers have said something about the law that differs from my instructions, you must ignore it and be guided only by what I instruct you on the law.  You should not single out any one instruction, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor implied an opinion about how you should decide the facts of this case.  You should not conclude from anything I have said or done during trial, including these instructions, that I have any opinion about the facts or the merits of this case.  For example, I asked questions of some of the witnesses, but you should not attach any special significance to my questions simply because I asked them.

### 1. Equality of The Parties Before the Court

The fact that the government is prosecuting this case in the name of the United States of America should not affect your evaluation of the evidence and facts before you. The government is not entitled to greater consideration than the defendant. By the same token, it is entitled to no less consideration. All parties — government or individuals — stand as equals in this court and are entitled to equal consideration. Neither the government nor the defendant is entitled to any sympathy or favor.

### 2. No Basing Verdict on Sympathy

It is your responsibility to decide the facts with complete fairness and impartiality and without any bias or prejudice or sympathy for any party. You must perform your duty as a juror with complete fairness and impartiality. You must carefully and impartially consider the evidence, follow the law as I give it to you, and reach a just verdict regardless of the consequences.

It would be improper for you to consider any feelings you might have about the defendant's race, religion, national origin, ethnic background, occupation, sex, or age. Every person is entitled to the presumption of innocence, and the government has the same burden of proof as to every defendant. It would also be improper for you to allow any feelings you may have about the nature of the crimes charged influence your decision-making process.

### 3. Indictment, Burden & Presumption of Innocence

The indictment is a document that the government uses to give the defendant notice of the charges against him and to bring him before the court. It is an accusation and nothing more. The indictment is not evidence and it is entitled to no weight in your determination of the facts.

The defendant has pled not guilty to the indictment. The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden never shifts to the defendant. He does not have to prove that he is innocent; he does not have to present any evidence at all. If the government does not meet its burden of proving the defendant's guilt beyond a reasonable doubt, you must reach a verdict of not guilty.

The defendant is presumed to be innocent of all charges against him. The presumption of innocence alone, unless overcome by proof beyond a reasonable doubt, is sufficient to acquit the defendant. The defendant is presumed innocent unless and until you decide unanimously that the government has met its burden and has proven him guilty beyond a reasonable doubt. This presumption was with the defendant when the trial began and remains with him now, and will continue into your deliberations, unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

4.  Reasonable Doubt

What is a "reasonable doubt?" It is a doubt based upon reason and common sense — the kind of doubt that would cause a reasonable person to hesitate to rely on it and act on it in a matter of importance in his or her personal life.

A reasonable doubt is not a caprice or whim; it is not speculation or suspicion. It is not an excuse to avoid an unpleasant duty. It should not be based on sympathy. Proof beyond a reasonable doubt is not proof beyond all doubt; rather, it is proof that is so convincing that a reasonable person, based on that proof, would not hesitate to draw the conclusion offered by the government.

If after fair and impartial consideration of all the evidence you heard in this trial, you have a reasonable doubt, it is your duty to acquit the defendant. On the other hand, if after fair

6

and impartial consideration of all the evidence you have heard, you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

### 5. Punishment

Under your oath as jurors, you are not permitted to consider the question of the punishment the defendant may receive if he is convicted. It is my duty, and my duty alone, to impose a sentence. It is your job to weigh the evidence in the case and to determine whether the defendant is guilty beyond a reasonable doubt, solely on the basis of the evidence.

## B. EVIDENCE

I will now talk to you about what is evidence and how you should consider it.

### 1. The Definition of Evidence

You must determine the facts in this case based only on the evidence presented, and on inferences that can reasonably be drawn from the evidence that was presented. The evidence consists of testimony from the witnesses on direct and cross examination, the physical exhibits that were admitted into evidence, and stipulations between the parties. A stipulation is an agreement between the parties that certain facts are true. You should regard those agreed facts as true.

Certain things are not evidence and you should disregard them in deciding what the facts are in this case:

First, the arguments and statements by the lawyers, including their opening statements and closing arguments, are not evidence. If anything they said about the evidence in their opening statements or closing arguments conflicts with your own recollection of the evidence, it is your recollection that governs.

Second, questions put to the witnesses that are not answered are not evidence. In addition to the lawyers' questions, I occasionally have asked questions of witnesses. Please do

not assume that I hold any opinion about the case because I asked a question. I do not. Any questions that I asked were either to make something clearer or to expedite the trial. You should attach no special significance to my questions. You must not consider anything I have said or done in determining whether a defendant is guilty or not guilty on any of these charges. I have no view about the guilt or innocence of the defendant. It is your function to determine the facts, not mine.

Third, objections to the questions or to exhibits are not evidence. Also, statements made by the attorneys while making objections are not evidence. In this regard, the attorneys have a right and a duty to object and request a sidebar conference when they believe evidence should not be received. You should not be influenced by any objections or by any of my rulings on the objections. If I sustained an objection, ignore the question. If I overruled an objection, treat the answer like any other answer.

Fourth, any testimony that I have stricken from the record and told you to disregard is not evidence.

Fifth, anything you may have seen or heard outside of the courtroom is not evidence. Your verdict must be based solely upon the evidence presented at this trial, or the lack of evidence. In this regard I have directed you not to read any newspaper articles, watch any television or listen to radio news about this case. That instruction continues to the very end of the case, until after you have rendered your verdict.

### 2. Limiting Instructions

Certain evidence has been received for limited purposes only. When that evidence was received, I instructed you that you could only consider it for its limited purposes. Now, as you begin your deliberations, I remind you that you must follow the limiting instructions that I gave

8

you during trial. You may not consider that evidence for any other purpose or to prove any other issue.

For example, I gave you an instruction about conduct that occurred before the time period alleged in the indictment, which charges the defendant with crimes based on conduct and events that occurred between 2010 and 2016. I told you that you would hear evidence about conduct and events that took place before 2010, and that you could consider it as direct evidence of the forced labor conspiracy, and of the defendant's intent, planning and knowledge of the alleged forced labor conspiracy. You may also consider this evidence as relevant background information about the conspiracy. However, in order to find the defendant guilty of any charged crimes, you must remember that the government has to prove beyond a reasonable doubt that the defendant committed the alleged crimes during the time period charged in the indictment.

### 3. Direct and Circumstantial Evidence

There are, generally speaking, two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. Direct evidence is testimony from a witness about something he or she knows from his or her own senses—something he or she has seen, felt, touched, tasted, or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example of circumstantial evidence is as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry. However, after you've been in the windowless courtroom for several hours, you see someone come in wearing a wet raincoat and another person shaking a wet umbrella. Now you cannot look outside of the courtroom and you cannot see whether or not it is raining. You have no direct evidence of it raining. But on the combination of facts that I have

9

asked you to assume, it would be reasonable and logical for you infer from these circumstances—the wet coat, the dripping umbrella—that while you were sitting in court, it rained outside.

That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you may infer the existence or nonexistence of a fact from one or more established facts. Inferences are deductions or conclusions that reason and common sense lead you to draw from the facts that were established by the evidence. Use your common sense in drawing inferences; however, an inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. So, while you are considering the evidence presented to you, you are permitted to draw reasonable inferences from the proven facts in this trial.

The law makes no distinction between the weight to be given to direct or circumstantial evidence; one is not better than the other. You must base your verdict on a reasonable assessment of *all* the evidence in the case. Here again, let me remind you that, whether based upon direct or circumstantial evidence or upon logical, reasonable inferences drawn from the evidence, you must be convinced of the defendant's guilt beyond a reasonable doubt before you may convict.

### 4. Charts and Summaries

The government has presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to save time, make certain evidence more meaningful, and to aid you in considering the evidence. It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. Because the charts and summaries were admitted into evidence, you

10

may consider them as evidence, but you are to give them no greater consideration than you would give to the evidence upon which they are based.

### 5. Translations

During the trial, you heard from some witnesses who testified in Mandarin, and whose testimony was simultaneously translated into English. You were also shown documents that were partially or entirely written in Chinese, and you were given English translations of those documents or portions of documents. The interpreters translated the witnesses' testimony, and the parties agreed on the English translations of the documents, recordings and records. Chinese-to-English translations of that evidence have been admitted into evidence. All jurors must consider the same evidence. If any of you speak or read Mandarin, you must all base your decision on the evidence presented in the English translation.

### 6. Witness Testimony

#### a. Witness Credibility

You are the sole judges of credibility of the witnesses and the weight their testimony deserves. There is no magical formula that you use to judge a witness' testimony. You all make these decisions in your own lives, and the standards you use in your own lives are the same standards you should use here. Your determination of credibility depends upon the impression that a witness made upon you as to whether that witness was telling the truth or giving you an accurate version of what occurred. You should be guided by your common sense. In making your decision, you may take into account any number of factors, including the following:

- the witness' opportunity to see, hear, and know about the events he or she described;
- the witness' ability to recall and describe those things accurately;

11

- the witness' manner of testifying: was the witness candid and forthright or did he or she seem to be hiding something, was the witness evasive or suspect in some way;

- how the witness' testimony on direct examination compared with his testimony on cross-examination;

- the reasonableness of the witness' testimony in light of all other evidence in the case;

- whether the witness had any possible bias, any relationship to the government or the defendant, any loyalty or motive to shade the truth, or any possible interest in the outcome of the trial; and

- whether the witness's testimony was contradicted by his other testimony, by what that witness said or did on a prior occasion, by other witnesses' testimony, or by other evidence.

Inconsistencies or discrepancies in witness testimony, or among the testimony of different witnesses, may or may not cause you to discredit such testimony. If there is a discrepancy, you should consider whether it relates to an important fact or whether it is an unimportant detail, whether it was intentional or was the result of an innocent mistake, and whether the witness had a common-sense explanation for the inconsistency. If you determine that a witness has purposely lied to you, that is important and you should consider it seriously.

A witness' testimony may be discredited or impeached by showing that the witness previously made statements that are inconsistent with the witness' testimony in front of you. It is your job to determine the weight, if any, to be given to all or part of the testimony of a witness who has been impeached by prior inconsistent statements. If you find that a witness made an inconsistent statement, you may consider that fact in your assessment of that witness' credibility. You may consider whether you believe the witness or accept his or her testimony in light of the

12

prior inconsistent statement. In making this determination, you should consider the importance of the subject matter of the statement. If you find that the matter is relatively unimportant, you may decide not to attach much significance to the inconsistency. If you find that the matter is important, you may decide it casts substantial doubt on the witness' credibility.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony.

### b. Expert Witness

You heard expert witness testimony from Luis deBaca, who testified as an expert in human trafficking and forced labor. An expert witness is allowed to express an opinion on matters about which he or she has special knowledge and training. Ordinarily, the rules of evidence do not allow witnesses to testify about their opinions or conclusions, but experts are the exception to this rule. If specialized knowledge will help the jury understand the evidence or decide a disputed fact, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about such evidence or facts in the form of an opinion.

You should consider the expert testimony you heard in this case and give it the weight that you think it deserves. If you decide that the expert witness' opinion is not based upon sufficient education and experience, or that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

In short, the expert witness is the same as any other witness. You should consider his qualifications, experience, any interest he might have in the outcome of the case, his reason for testifying, his demeanor, and all the other factors you have been instructed to consider in

13

assessing the credibility of a witness. You should not accept the testimony of an expert witness merely because he is an expert, or merely because I allowed the witness to testify about his opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely on you.

### c. Law Enforcement Witnesses

You have also heard the testimony of law enforcement agents. You should evaluate these witnesses' testimony in the same manner that you evaluate the testimony of any other witness. The fact that a witness is a law enforcement agent does not mean that you should give that witness' testimony any more or less consideration than any other witness. You should use all of the tests of credibility I have discussed with you to evaluate a law enforcement witness' testimony. It is up to you to decide, after reviewing the evidence, whether to accept the testimony of the law enforcement witnesses, and to give it whatever weight you believe it deserves.

### d. Informant Witnesses

You also heard testimony from Ray Tan and Ken Wang, who were both informants. Informants are witnesses who provide information to the government; they are sometimes paid. Sometimes the government uses informants who may conceal their true identities in order to investigate suspected violations of the law. There is nothing improper or illegal in the government using these techniques. Indeed, it would be extremely difficult to find certain kinds of evidence without informants. Whether or not you approve of using an informant to detect unlawful activities is not to enter into your deliberations in any way.

14

e.  Testimony of Defendant

The defendant did not testify in this case. Under our Constitution, the defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof remains on the government at all times, and the defendant is presumed innocent. A defendant is never required to prove that he is innocent. You may not attach any significance to the fact that the defendant did not testify. You may not draw any inference against the defendant because he did not testify. You may not consider this against the defendant in any way during your deliberations in the jury room.

f.  Stipulated Testimony

During the trial, counsel read stipulations about what three witnesses would have said had they testified before you in person. These witnesses were not under oath. The government and the defendant have agreed about what the testimony of these witnesses would be if they had been called as witnesses at trial. The government and the defendant have not agreed, however, that the stipulated testimony is true or correct; they have just agreed about what the witnesses would say if they had testified.

g.  Attorney Interviews with Witnesses

During the course of trial, you heard testimony that the attorneys for both parties interviewed witnesses when preparing for trial. You must not draw any unfavorable inference from that fact. On the contrary, attorneys are obliged to prepare for their case as thoroughly as possible and in the discharge of that responsibility properly interview witnesses in preparation for trial.

15

### 7. Co-Conspirator Acts and Statements

As I will explain to you, the charges against the defendant allege that he conspired to violate certain federal laws. Because of that, I admitted into evidence certain acts and statements of other people who the government alleges were co-conspirators of the defendant.

The reason we allow this evidence has to do with the nature of the crime of conspiracy, which I will also explain to you when we discuss each count of the indictment. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to do something illegal, they each become an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, and statements of any member of the conspiracy and in furtherance of the purpose of the conspiracy, are deemed to be the acts of all of the members, and all of the members are responsible for each other's acts, declarations, and statements. Thus, if you find beyond a reasonable doubt that the defendant was a member of a criminal conspiracy charged, then you may also consider any of the actions or statements of people you find to be members of that conspiracy. This is the case even if those actions or statements were made when the defendant wasn't there and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in evaluating the defendant's guilt or innocence, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone who was not a member of the conspiracy, or if they were not done or said in furtherance of that conspiracy, you may not consider them as evidence against the defendant.

### 8.  People Not on Trial

You have heard evidence about the involvement of certain other people in the activities referred to in the indictment. You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that those people are not on trial before you. You should not speculate about why these people are not on trial before you, nor should you allow their absence to influence you in any way or influence your deliberations in this case. Your concern is solely the defendant on trial before you.

### 9.  All Witnesses Need Not Be Called, All Evidence Need Not Be Produced

The law does not require either party to call as witnesses every person who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require any party to produce all papers and things mentioned during the course of the trial and enter them into evidence.

Both the government and the defense have the same power to subpoena witnesses to testify on their behalf. You should remember that there is no duty on either side to call a witness whose testimony would be cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence. I remind you that the defendant has no obligation to present any evidence at all. Only the government has the burden of proof.

### 10. No Particular Investigative Techniques Required

Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, the law does not require that law enforcement authorities use any particular investigative techniques to uncover or prosecute crime. Law enforcement techniques are not your concern. Your concern is to determine whether, based upon all the evidence

17

presented in the case, the government has proven that the defendant guilty beyond a reasonable doubt.

### 11. Evidence Lawfully Obtained

During the trial in this case, you have heard evidence about a variety of investigative techniques and methods of collecting evidence. I instruct you that any evidence that was presented to you was obtained legally and you can consider it. The methods used to collect evidence or investigate should not enter into your deliberations in any respect.

## II.    THE LEGAL ELEMENTS OF THE CRIME CHARGED

I now turn to the second part of this charge. I will explain to you the elements of the crimes charged in the indictment that the government must prove beyond a reasonable doubt.

### A. MULTIPLE COUNTS

The indictment in this case contains five separate counts, and you will be called upon to render a separate verdict as to each count. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

### B. THE INDICTMENT

I will start by telling you what each count of the indictment charges the defendant with, and then I will explain to you the law regarding each count. To summarize:

Count One charges the defendant with participating in a conspiracy to provide or obtain forced labor and to benefit from forced labor.

Count Two charges the defendant with providing or obtaining forced labor and benefitting from forced labor.

Count Three charges the defendant with withholding passports in connection the commission of a forced labor offense.

Count Four charges the defendant with participating in a conspiracy to smuggle aliens for the purpose of financial gain.

Count Five charges the defendant with participating in a visa fraud conspiracy.

You have to come to a verdict on each of these five counts. In your deliberations, you should refer to the exact text of the Indictment, which I will read to you now:

Count One of the indictment charges that:

In or about and between January 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAN ZHONG, together with others, did knowingly and intentionally conspire to (1) provide and obtain the labor and services of one or more persons by means of (a) physical restraint, (b) serious harm and threats of serious harm to such persons and other persons, (c) the abuse and threatened abuse of law and legal process and (d) a scheme, plan and pattern intended to cause such persons to believe that, if they did not perform such labor and services, they would suffer serious harm and physical restraint, contrary to Title 18, United States Code, Section 1589(a), and (2) benefit, financially and by receiving one or more things of value from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that such venture had engaged in the providing and obtaining of labor and services by any of such means, contrary to Title 18, United States Code, Section 1589(b).

Count Two of the indictment charges that:

In or about and between January 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAN ZHONG, together with others, did knowingly and intentionally (1) provide and obtain the labor and services of one or more persons by means of (a) physical restraint, (b) serious harm and threats of serious harm to such persons and other persons, (c) the abuse and threatened abuse of law and legal process and (d) a scheme, plan and pattern intended to cause such persons to believe that, if they did not perform such labor and services, they would suffer serious harm and physical restraint, and (2) benefit, financially and by receiving one or more things of value from participation in a venture that engaged in such acts, knowing and in reckless disregard of the fact that such venture had engaged in the providing and obtaining of labor and services by any of such means.

19

Count Three of the indictment charges that:

In or about and between January 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAN ZHONG, together with others, did knowingly and intentionally conceal, remove, confiscate and possess one or more actual and purported passports and other immigration documents of one or more persons (a) in the course of one or more violations of Title 18, United States Code, Section 1589 and Title 18, United States Code, Section 1594(a), (b) with intent to violate Title 18, United States Code, Section 1589, and (c) to prevent and restrict and to attempt to prevent and restrict, without lawful authority, one or more persons' liberty to move and travel, in order to maintain the labor and services of such persons, when such persons were and had been victims of a severe form of trafficking in persons, as defined in section 103 of the Trafficking Victims Protection Act of 2000, to wit: the recruitment, harboring, transportation, provision, and obtaining of one or more persons for labor and services, through the use of force and coercion for the purpose of subjection to debt bondage.

Count Four of the indictment charges that:

In or about and between January 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAN ZHONG, together with others, knowingly and in reckless disregard of the fact that one or more aliens had remained in the United States in violation of law, did knowingly and intentionally conspire to transport and move such aliens within the United States by means of transportation, in furtherance of such violation of law, and for the purpose of commercial advantage and private financial gain, contrary to Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).

Count Five of the indictment charges that:

In or about and between January 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAN ZHONG, together with others, did knowingly and intentionally conspire to utter, use, attempt to use, possess, obtain, accept and receive one or more documents prescribed by statute or regulation for entry into, and as evidence of authorized stay and employment in the United States, knowing such documents to have been procured by means of one or more false claims and statements and otherwise procured by fraud and unlawfully obtained, contrary to Title 18, United States Code, Section 1546(a).

Count Five also alleges the following overt acts:

a.    On or about December 10, 2014, LANDONG WANG sent an electronic communication to DAN ZHONG in which WANG sought ZHONG's assistance to arrange for workers to enter the United States from the People's

20

Republic of China to perform work contrary to the terms of their United States visas.

    b.   In or about June 2015, ZHONG and LANDONG WANG caused workers to provide contracting work at a residence in Old Brookville, New York, contrary to the terms of their United States visas.

    c.   In or about August 2015, ZHONG sent an electronic communication to Ying "Randy" Lin, concerning the use of workers to provide labor in the United States, contrary to the terms of their United States visas, at a residence in Old Brookville, New York.

    d.   In or about September 2015, ZHONG and Ying "Randy" Lin exchanged electronic communications concerning the use of workers to provide contracting work at a residence in Flushing, New York, contrary to the terms of their United States visas.

    e.   In or about October 2015, ZHONG and LANDONG WANG caused workers to provide contracting work at a residence in Fresh Meadows, New York, contrary to the terms of their United States visas.

    f.   In or about October 2015, LANDONG WANG possessed workers' passports and visas at a residence in Fresh Meadows, New York.

## C. APPROXIMATE DATE

You will notice that the indictment charges that conduct occurred "on or about" a certain date. The government does not have to establish the exact date of an alleged offense. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

## D. VENUE

Venue refers to the location of the charged crimes. Each count of the indictment alleges that the crime charged occurred in whole or in part in this judicial district, the Eastern District of New York. This district includes Brooklyn, Queens, Staten Island, and Nassau and Suffolk counties on Long Island. To establish venue for a crime in this district, the government must prove that some act in furtherance of the crime happened here.

21

## E. KNOWLEDGE AND INTENT

During these instructions, you will hear me use the words "knowingly" and "intentionally." I will define these terms for you before addressing the individual charges.

A person acts "knowingly" if he acts purposely and voluntarily and not because of a mistake, accident or other innocent reason. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" when he acts deliberately and purposefully. That is, to be "intentional," the defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident. I instruct you that you may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done.

A person need not be aware of the specific law or rule that his conduct may be violating, but he must act with the specific intent to do whatever it is the law forbids.

You will also hear the phrase "reckless disregard" in some counts of the Indictment. "Reckless disregard" means to be aware of, but consciously and carelessly ignore, facts and circumstances. I will explain what that phrase means later, when I instruct you on those crimes.

These issues of knowledge, intent and reckless disregard require you to make a determination about a defendant's state of mind, something that can rarely be proved directly. A wise and careful consideration of all the circumstances shown by the evidence and the exhibits in the case may, however, permit you to make a determination as to the defendant's state of mind. Indeed, experience has taught that frequently actions speak louder and more clearly than words, and in your everyday affairs, you are frequently called upon to determine a person's state of mind from his words and actions in given circumstances. You are asked to do the same here.

## F.  COUNT TWO: FORCED LABOR

I am going to explain the charges against the defendant in a different order than the Indictment, and start with Counts Two and Three, which charge the defendant with forced labor and concealing passports and immigration documents in connection with forced labor. After I instruct you on Counts Two and Three, I will define the two additional ways, other than the defendant personally committing the crime charged in Counts Two and Three, that the government can prove the defendant's guilt of the crimes charged in Counts Two and Three. The government can prove that the defendant aided and abetted in the commission of the underlying crimes, or the government can prove the defendant's membership in a conspiracy that agreed to commit those crimes. I think it will be easier for you to understand the law that applies to this case if I deal with the substantive charges in Counts Two and Three first, and then explain aiding and abetting and conspiracy. After that, I will instruct you on Count One, which charges the defendant with conspiracy to commit forced labor.

Count Two charges the defendant with forced labor and is the substantive charge for Count One. Count One alleges a conspiracy to commit forced labor while Count Two alleges what we call a substantive forced labor charge.

The forced labor statute, Title 18, United States Code, Section 1589, provides in relevant part:

> (a) Whoever knowingly provides or obtains the labor or services of a person by any one of the, or by any combination of, the following means-
>
> (1)    by means of . . . physical restraint . . . [against] that person or another person;
>
> (2)    by means of serious harm or threats of serious harm to that person or another person;
>
> (3)    by means of the abuse or threatened abuse of law or legal process; or
>
> (4)    by means of any scheme, plan, or pattern intended to cause the person to believe that, if such person did not perform such labor or services, that

23

person or another person would suffer serious harm or physical restraint, [has committed a crime].

\* \* \* \*

(b) Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a) knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, [has committed a crime].

Count Two charges that the defendant committed forced labor in two different ways: (1) by knowingly providing or obtaining labor or services by prohibited means or (2) by knowingly benefitting from participating in a venture that he knew or recklessly disregarded was engaged in providing or obtaining forced labor or services by prohibited means. I will explain both of these theories of forced labor now.

1.  Theory 1 on Forced Labor

Under the first theory, to find the defendant guilty, you must find that the government has proven each of the following three elements beyond a reasonable doubt:

First, that the defendant obtained the labor or services of another person;

Second, that the defendant did so through one of the following prohibited means:
(a) through physical restraint against the person or another person;
(b) through serious harm or threats of serious harm to the person or any other person;
(c) through abuse or threatened abuse of law or legal process; or
(d) through a scheme, plan or pattern intended to cause the person to believe that, if he did not perform such labor or services it would result in serious harm to or physical restraint against that person or any other person; and

Third, that the defendant acted knowingly.

a.  First Element: Obtaining Labor or Services

In considering the first element, you must decide whether the defendant obtained the labor or services of another person. The term "obtain" means to gain or acquire. "Labor" means the expenditure of physical or mental effort. "Services" means conduct or performance that

assists or benefits someone. If you find that the government has proved beyond a reasonable doubt that the defendant obtained the labor or services of another person, then the first element has been satisfied.

### b. Second Element: Prohibited Means

If you find that the defendant obtained the labor or services of the alleged victims, then you must determine whether the defendant did so through one of the four prohibited means, that is, through (1) force or physical restraint or threatening to do either to the person or another person, (2) serious harm or threats of serious harm to the person or another person, (3) the abuse or threatened abuse of law or the legal process, or (4) a scheme, plan or pattern intended to cause the person to believe that serious harm would result if he did not perform the labor or services required of him. Before you can find that the second element has been satisfied, you must find beyond a reasonable doubt that one of the prohibited means I just mentioned was used to obtain the alleged victim's labor or services.

I now want to define for you some of the terms you will be considering in determining whether the second element of Count Two has been satisfied.

The term "physical restraint" means being confined by being tied, bound, or locked up.

A "threat" is a serious statement expressing an intention to inflict harm, at once or in the future, which is different from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, the statement must have been made with the intent that it be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" includes both physical and non-physical types of harm. It can include psychological, financial, or reputational harm. Therefore, a threat of serious harm need not involve any threat of physical violence. However, the threats must be serious enough that, considering all the surrounding circumstances, a reasonable person of the same background and in the same circumstances as the alleged victim would perform or continue performing labor that the victim would otherwise not have willingly performed, in order to avoid that harm.

It is for you to determine whether any statements made were threats as I just defined that term. In considering whether a threat of harm is sufficient to compel or coerce an alleged victim's services, you may consider the totality of the defendant's conduct as well as the victim's age, background or circumstances that were known to the defendant and that would make the alleged victim especially vulnerable to pressure.

You may consider overt threats that the defendant might have made to place the alleged victims in fear. You may also consider, if you so find, other surrounding circumstances such as verbal abuse and insults, isolation, poor working and living conditions, denial of adequate rest, food and medical care, pay withholding or any combination of these conditions and any other techniques you find that the defendant might have used to intimidate victims and compel them to work. If you find that any of the four prohibited means I mentioned earlier was used, you must then determine whether their use caused any victim reasonably to believe that he had no choice but to work or remain working for the defendant.

The term "abuse or threatened abuse of law or legal process," means the use or threatened use of law or legal process, whether administrative, civil or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

26

You should give the words "scheme, plan and pattern" their ordinary meanings. A "scheme" is a plan or program of action, especially a crafty or secret one. A "plan" is a method for achieving an end or a detailed formulation of a program of action. A "pattern" is a mode of behavior or series of acts that are recognizably consistent.

A few final things about this second element of the offense of forced labor:

To prove forced labor, the government does not need to link each of the threats allegedly made or actions allegedly taken against a victim to particular labor task performed by that victim. If a victim was threatened with or suffered serious harm or physical restraint as I have defined them, either as punishment or as part of a climate of fear that overcame his will and compelled his service, that is sufficient to establish the second element of the offense of forced labor.

If you find that a victim was threatened with serious harm, the government does not have to prove physical restraint, such as the use of chains or locked doors, in order to establish the offense of forced labor. The fact that a victim may have had an opportunity to escape is irrelevant if the defendant placed a victim in such fear or circumstances that the victim reasonably believed that he could not leave. A victim who has been placed in such fear or circumstances is under no affirmative duty to try to escape.

You may also consider any condition that made each victim vulnerable to pressure, so long as you believe the defendant also knew about it. You may find that not all people have the same courage or firmness. You may consider, for example, the background, physical and mental condition, experience, education, socioeconomic status and any inequalities between the victims and the defendant, but only if these conditions were known to the defendant at the time. Simply put, you may ask whether the alleged victims were vulnerable in some way known to the

defendant so that the defendant's actions, even if not sufficient to compel another person to work, were enough to compel the victims to work.

Finally, in considering whether service performed by someone was voluntary, you should keep in mind that it is not a defense to the crime of forced labor that the person may have initially agreed, voluntarily, to render the service or perform the work. If a person willingly begins work, but later desires to stop, and is then forced to keep working against his will by threats of serious harm or physical restraint, or by a scheme, plan or pattern intended to cause him to believe that stopping will result in serious harm or physical restraint to him or another person, then his service becomes involuntary.

Also, the fact that a person is paid a salary or a wage is not determinative of whether the person has been held in forced labor. In other words, if a person is compelled to labor against his will by any one of the four means I told you about earlier, his labor is involuntary even if he is paid or compensated for the work.

c.  Third Element: Knowingly

The third element of forced labor is that the defendant must have acted knowingly. I previously instructed you on knowledge, and you should apply that definition here.

I will remind you that a person acts "knowingly" if he acts voluntarily and intentionally, and not because of mistake, accident or other innocent reason. The person does not have to know the specific law that he may be violating, but the person must act with the specific intent to do the illegal action.

2.  Theory 2 on Forced Labor

Under the government's second theory of forced labor, you must consider whether the government has proved each of the following three elements beyond a reasonable doubt:

28

First, that the defendant knowingly benefitted financially or by receiving anything of value from participation in a venture;

Second, that the venture was engaged in providing or obtaining labor or services through any one of, or any combination of, the prohibited means that I previously identified; and

Third, that the defendant knew or recklessly disregarded the fact that the venture was engaged in providing or obtaining labor or services by any of these prohibited means.

Under this second theory of forced labor, the government does not need to prove that the defendant himself engaged in providing or obtaining the labor or services of a person. The government need only prove that there was a venture that engaged in one of the prohibited means, that the defendant knew or recklessly disregarded the fact that the venture was involved in forced labor, and that he knowingly participated in some way and benefitted financially or by receiving a thing of value from that venture.

a.  First Element: Participation in a Venture

As to the first element, a "venture" is two or more persons associated in fact, whether or not their association forms a legal entity. It is sufficient to find that the defendant played any role in the venture, even if that role was minor, and even if that role was not related to actually obtaining a person's labor or services. In order to be found guilty, the defendant needs to have knowingly benefitted financially or received something of value from participation in the venture. I have already instructed you on the definition of knowingly and you should apply that instruction here.

29

b. Second Element: Prohibited Means

As for the second element, I have already instructed you previously on the four prohibited means of providing or obtaining labor or services. You should apply those instructions here.

c. Third Element: Knew or Recklessly Disregarded

With regard to the third element, the government must prove, beyond a reasonable doubt, that the defendant knew or recklessly disregarded the fact that the venture was providing or obtaining labor or services by any of the four prohibited means. I previously instructed you on knowledge and you should apply that definition here. "Reckless disregard" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that the venture was engaging in forced labor.

3. Conclusion Count Two

If you find that the government has met its burden of proving beyond a reasonable doubt each of the three elements of forced labor under the second theory, then you will have concluded that the defendant committed forced labor. The government does not need to prove both theories; however, the government must prove every element under the first theory or every element under the second theory beyond a reasonable doubt in order to prove the defendant is guilty. If you make this finding, then you should convict the defendant on Count Two. But, if the government fails to prove any element of a theory beyond a reasonable doubt, then you cannot find the defendant guilty under that theory of forced labor.

30

## G. COUNT THREE: CONCEALING PASSPORTS AND IMMIGRATION DOCUMENTS IN CONNECTION WITH FORCED LABOR

Count Three of the Indictment charges the defendant with concealing passports and immigration documents in connection with forced labor, in violation of Title 18, United States Code, Section 1592. The relevant part of the statute provides that:

> Whoever knowingly destroys, conceals, removes, confiscates, or possesses any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person–
>> (1) in the course of a violation of section . . . 1589 [the forced labor statute];
>> (2) with intent to violate section . . . 1589 [the forced labor statute]; or
>> (3) to prevent or restrict or to attempt to prevent or restrict, without lawful authority, the person's liberty to move or travel, in order to maintain the labor or services of that person, when the person is or has been a victim of a severe form of trafficking in persons, [has committed a crime].

In order to prove a violation of Section 1592, the government must prove the following three elements beyond a reasonable doubt:

First, that the defendant concealed, removed, confiscated or possessed an actual or purported passport, visa, or other identification document of another person;

Second, that the defendant did so (1) in connection with violating the forced labor statute; or (2) with intent to violate the forced labor statute; or (3) to unlawfully prevent or restrict, or to attempt to prevent or restrict a person's liberty to move or travel, in order to maintain the labor or services of that person, when the person is or has been a victim of a severe form of trafficking in persons; and

Third, that defendant acted knowingly.

I will now explain each of these three elements in greater detail.

31

### 1. First Element: Defendant's Actions to Conceal or Possess

The first element the government must prove beyond a reasonable doubt is that the defendant concealed, removed, confiscated or possessed an actual or purported passport, immigration document, or other government identification document of another person.

The word "conceal" means the act of refraining from disclosure or preventing the discovery of the document, or hiding the document. To "remove" means to take away or transfer from one place to another. To "confiscate" means to appropriate or seize the document. To "possess" means to hold and have actual control of the document.

### 2. Second Element: Defendant's Purpose in Action

The second element requires that the government prove that the defendant engaged in the concealment, removal, confiscation, or possession of the document either

(1) in the course of violating the forced labor statute; or

(2) with the intent to commit forced labor; or

(3) to prevent or restrict or to attempt to prevent or restrict, without lawful authority, the person's liberty to move or travel, in order to maintain the labor or services of that person, when the person is or has been a victim of a severe form of trafficking in persons.

In other words, the government must prove, beyond a reasonable doubt, that the defendant did any of these acts while violating the forced labor statute, or with the intent to violate that statute. When considering whether the defendant concealed, removed, confiscated, or possessed the passports in the course of a forced labor offense, you should consider the instructions that I previously gave you regarding the elements of the offense of forced labor. When considering whether the defendant acted with intent to violate the forced labor statute, I instruct you that the government need not prove an actual violation of the forced labor statute to

prove this element beyond a reasonable doubt. Even if the defendant does not succeed in committing forced labor, it is enough for the second element of Count Three if you find that the defendant acted with the intent to violate the forced labor statute.

"A severe form of trafficking in persons" means the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of involuntary servitude, peonage, debt bondage, or slavery.

"Peonage" means holding a victim in involuntary servitude for the purpose of repaying a debt. It does not matter if the debt was legally enforceable.

"Debt bondage" means the status or condition of a debtor arising from a pledge by the debtor of his personal services or of those of a person under his control as a security for debt, if the value of those services as reasonably assessed is not applied toward the liquidation of the debt or the length and nature of those services are not respectively limited and defined.

### 3.  Third Element: Knowingly

The third and final element of Count Three is that the defendant acted knowingly and intentionally. I have previously instructed you on the definitions of knowingly and intentionally, but I will remind you of the definitions now. A person acts knowingly if he acts voluntarily and intentionally, and not because of mistake, negligence, accident or other innocent reason. A person acts intentionally, if he acts deliberately and purposefully with the specific intent to do something illegal. The person does not have to know the specific law that he may be violating, but the person must act with the specific intent to do the illegal action.

### 4.  Conclusion Count Three

In conclusion on Count Three, if you find that the government has met its burden of proving each of three elements I just described, beyond a reasonable doubt, then you will have

33

concluded that the defendant has committed the crime of concealing passports and immigration documents in connection with forced labor, and you should find him guilty of this charge. But, if the government fails to prove any of these three elements beyond a reasonable doubt, then you must acquit the defendant of Count Three.

## H. AIDING AND ABETTING

I will now explain to you what aiding and abetting means. In addition to charging the defendant with forced labor and conspiracy to conceal passports or immigration documents, the government has charged the defendant with aiding and abetting each of those crimes. So that means the defendant is charged with aiding and abetting the crimes charged in Counts Two and Three. The relevant statute provides:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal; and
> Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal.

Under a theory of aiding and abetting, it is not necessary that the government prove that the defendant himself physically committed the crimes of forced labor or concealing passports or immigration documents. A person who aids or abets another to commit a crime is just as guilty of that crime as if he committed it himself. Accordingly, you may find the defendant guilty of the crimes charged in Counts Two and Three if you find that the government proved beyond a reasonable doubt that another person committed those crimes and that the defendant aided or abetted that person in committing the crimes.

The first requirement is that the government must prove that another person committed the act or crime charged. No one can be convicted of aiding or abetting the criminal acts of another if no crime was committed in the first place. If you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

34

In order to be an aider or abettor, it is necessary that the defendant knowingly associated himself in some way with the crime, and that he knowingly tried to help make the crime succeed with some action. To establish that the defendant knowingly associated himself with the crimes charged in Counts Two and Three, the government must prove, beyond a reasonable doubt, that the defendant knew that the crime was being committed. To establish that the defendant participated in the commission of the crime, the government must also prove that the defendant engaged in some affirmative conduct or overt act in order to accomplish that crime.

It is not sufficient for the government to show that the defendant was present where a crime was committed, and knew that a crime was committed, or merely associated with others who committed the crime. They must show that the defendant took some action that was intended to help accomplish the crime. Similarly, someone who has no knowledge that a crime is being committed or is about to be committed, but inadvertently does something that aids in the commission of the crime, is not an aider and abettor. Both knowledge and action are required. An aider and abettor must know that the crime is being committed and act in a way that is intended to accomplish the crime.

To determine whether the defendant aided and abetted the crimes charged in Counts Two and Three, ask yourself these questions:

- Did he participate and intend to participate in the crime?
- Did he knowingly associate himself with the criminal venture?
- Did he act in a way that was intended to help accomplish the crime?

If you find that the defendant did each of these three things, the defendant would be an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to these

35

questions is "no," then the defendant would not be an aider and abettor, and you must find him not guilty under that theory.

## I. *PINKERTON* CHARGE (GUILT OF SUBSTANTIVE OFFENSE DUE TO MEMBERSHIP IN CONSPIRACY)

There is another way in which you should evaluate the defendant's possible guilt for Counts Two and Three — Count Two: providing or obtaining forced labor, and Count Three: concealing or withholding passports in connection with forced labor — even if you do not find that the defendant personally committed all the acts that constitute the elements of those counts.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One of the Indictment, then you may also, but are not required to, find the defendant guilty of the substantive crimes charged in Counts Two and Three, provided you find, beyond a reasonable doubt, each of the following elements:

First, the crime charged in Count Two or Three was committed;

Second, the person or persons you find actually committed the crime were members of the conspiracy you decided existed;

Third, the substantive crime was committed pursuant to the common plan and understanding among the conspirators;

Fourth, the defendant was a member of the conspiracy at the time the crime was committed; and

Fifth, the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime you are considering, even though he did not personally participate in the crime or did not have actual knowledge of every aspect of it. The

reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to act on behalf of all other conspirators. Therefore, all co-conspirators bear criminal responsibility for the substantive crimes within their conspiracy.

If you are not satisfied as to any of these five elements, then you may not find the defendant guilty of the substantive crimes in Counts Two and Three, unless the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crimes charged.

### J. COUNT ONE: CONSPIRACY TO COMMIT FORCED LABOR

Now I am going to go back to Count One, conspiracy to commit forced labor. Count One of the indictment charges the defendant with knowingly and intentionally conspiring to commit the crime of forced labor. Since some of the other counts in the Indictment also include a charge of conspiracy to violate other federal laws, you should pay careful attention to the explanation of what a conspiracy is.

#### 1. Conspiracy in General

A conspiracy is a kind of criminal partnership—an agreement between two or more people to join together to accomplish an unlawful purpose. The essence of the crime of conspiracy is an agreement or understanding to violate other laws. A conspiracy is punishable as a crime even if it does not achieve its purpose.

The crime of conspiracy to violate a federal law is a separate and distinct crime from any offense that may have been committed pursuant to the conspiracy. That is because the formation of a conspiracy or a partnership for criminal purposes is in and of itself a crime. It is separate and distinct from the actual violation of any specific federal law, such as the forced labor statute, which is called a substantive crime. That means you may find the defendant guilty of the crime

of conspiracy even though he may not have committed the substantive crime which was the
object of the conspiracy.

2.  Elements of Conspiracy

Count One of the indictment charges that the defendant, together with others, conspired to
commit forced labor.  To prove the crime of conspiracy charged in Count One, the government
must establish each one of the following two elements beyond a reasonable doubt:

First, that two or more persons knowingly and intentionally entered into an agreement to
commit forced labor; and

Second, that the defendant knowingly and intentionally became a member of the
conspiracy.

The government must prove beyond a reasonable doubt that the purpose of the
conspiracy in this case was to commit the crime of forced labor, and that the defendant
knowingly and intentionally joined that conspiracy.  If you find that the government has proven
each one of these two elements beyond a reasonable doubt, then you must find the defendant
guilty of Count One.  On the other hand, if you find that the government has not proven either of
these elements beyond a reasonable doubt, then you must find the defendant not guilty.

Let me discuss these in more detail with you.

a.  First Element: Existence of the Agreement

The first element the government must prove beyond a reasonable doubt for Count One is
that two or more persons entered into an agreement to commit forced labor, which is the object
of the conspiracy.  One person cannot commit a conspiracy alone.  Rather, the proof must
convince you that at least two people joined together in a common criminal scheme.  The
government does not have to prove that members of the conspiracy met together or entered into

38

any express or formal agreement like a contract. You do not have to find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which the scheme was to be accomplished. Indeed, common sense would suggest that when people do, in fact, undertake to enter a conspiracy, much is left to an unexpressed understanding. What the government must show is that the conspirators came to a mutual understanding to cooperate together to accomplish an unlawful act by means of a joint plan or common design.

The existence of an agreement to violate the law may be established by direct evidence or by circumstantial evidence. You may infer the existence of a conspiracy from the circumstances in the case and the conduct of the parties involved. However, because a conspiracy may be secret by its very nature, there may not be direct proof of its existence. In the context of conspiracy cases, actions may speak louder than words. You may consider the actions and statements of all of those you find to be participants as proof that a conspiracy existed.

If all the evidence, direct and circumstantial, establishes that the government proved beyond a reasonable doubt that the minds of at least two of the alleged conspirators, one of whom was the defendant, came to an understanding and agreed to work together to accomplish the object of the charged conspiracy, then the first element, the existence of the conspiracy, has been established.

b. Second Element: Knowing Membership in the Conspiracy

If you conclude that the government has proven beyond a reasonable doubt that a conspiracy existed, then you must next consider the second element: whether the defendant knowingly and intentionally participated in the conspiracy.

I have previously instructed you as to the terms "knowingly" and "intentionally." Follow those instructions here. A person acts knowingly and intentionally if he acts voluntarily,

deliberately, and purposefully, and not because of ignorance, mistake, accident, or carelessness. In other words, did the defendant join the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement? And did the defendant participate in the conspiracy with the intention of furthering its goals?

The defendant's knowledge is something you may infer from the proven facts. To become a member of the conspiracy, the defendant did not have to know the identities of every member of the conspiracy, nor did he have to know all their activities. Moreover, the defendant did not have to be fully informed about the details or the scope of the conspiracy in order for you to infer that he knowingly participated.

A defendant can join a conspiracy at any time that it was operating; the defendant did not have to join the conspiracy at the beginning. A conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members. Once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the conspiracy until it is finished, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

In addition, the extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Some conspirators play major roles, while others play minor roles.

I want to caution you though that the defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with a criminal, without being a criminal himself.

The fact that they may have been together and discussed common interests does not necessarily establish proof the conspiracy existed or knowing membership in the conspiracy.

A defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged coconspirators, and the reasonable inferences that may be drawn from them. I further caution you that mere knowledge or acquiescence, without participation in the unlawful plan, is not sufficient. Moreover, the fact a defendant's acts, without his knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law.

What is required is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy, and with the intention of helping achieve its unlawful ends. If you find that the government proved, beyond a reasonable doubt, that the defendant knowingly participated in a conspiracy to commit forced labor, then the government has met its burden on this second element.

### K. COUNT FOUR: ALIEN SMUGGLING CONSPIRACY

Count Four of the indictment charges the defendant with conspiracy to engage in alien smuggling. The relevant statute is Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (v)(1), which provides that any person who "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law," or conspires to do the same, has committed a crime.

The defendant is charged in Count Four with conspiring to engage in alien smuggling. I have already instructed you on the general definition of conspiracy, which is an agreement

41

among two or more people to commit a crime. I remind you that the crime of conspiracy to

violate a federal law is a separate offense from the underlying crime. It is separate and distinct

from an actual violation of alien smuggling, which is the object of the conspiracy and what we

call the "substantive crime." In order to find the defendant guilty of conspiracy to commit alien

smuggling, you must find that two or more persons agreed to commit the crime of alien

smuggling, and the defendant knowingly and intentionally became a member of the conspiracy.

The elements of the crime of alien smuggling are as follows:

First, that the alien workers were in the United States in violation of the law;

Second, that the defendant or a co-conspirator knew, or acted in reckless disregard of the

fact that the alien workers remained in the United States in violation of law;

Third, that the defendant or a co-conspirator transported the alien workers within the

United States; and;

Fourth, that the defendant or a co-conspirator acted willfully to further the alien worker's

illegal presence in the United States.

1. First Element: Alien Illegally Present in U.S.

The first element is that an alien was, in fact, an alien at the time of the offense alleged in

the Indictment. An "alien" is a person who is not a natural-born or naturalized citizen, or a

national of the United States. A "national of the United States" is a person born in a United

States territory.

I instruct you that, under the Agreement between the United States of America and the

People's Republic of China on the Conditions of Construction of New Embassy Complexes in

Washington and Beijing, referred to as "COCA," Chinese workers for a private construction

company can be admitted to the United States under diplomatic visas for the purpose of

performing work on approved construction projects on Chinese government diplomatic facilities in the United States. Working on other projects or remaining in the United States after their work is done is a violation of the conditions of those visas. In other words, an alien who is admitted to the United States under a diplomatic visa for the purpose of performing certain construction work, but works on non-approved construction projects, or stays here after their work is done, is in the United States illegally.

### 2. Second Element: Knowledge or Reckless Disregard

The second element is knowledge or reckless disregard of the fact that an alien remained in the United States in violation of the law. In other words, to be guilty of alien smuggling conspiracy, the defendant must have known that the alien workers he or his co-conspirators transported were aliens who were in the United States illegally, or they must have acted with reckless disregard of the facts concerning their status.

I have previously instructed you on knowledge and you should apply that instruction here. "Reckless disregard" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that the alleged alien was in fact an alien, and was in the United States unlawfully. Said another way, "reckless disregard" means to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the person transported was an alien who entered and remained in the United States illegally.

### 3. Third Element: Transportation

The third element is transportation of an alien who is in the United States unlawfully. Transportation does not mean transporting a person from China to the United States, but means transporting an alien who is already present here, within the United States.

### 4.  Fourth Element: "In Furtherance Of" Alien's Illegal Presence

The fourth element is willful conduct "in furtherance of" the alien's illegal presence in the United States.  The evidence must show a direct and substantial relationship between the transportation and furthering the alien's unlawful presence in the United States.

If the transportation of illegal aliens is merely incidental to the alien's presence in the United States, it is not a violation of the law.  The transportation is illegal only when it is in furtherance of the alien's unlawful presence.  Transportation is "in furtherance of" the alien's illegal presence when the transportation advanced or assisted the alien's illegal presence.  In determining whether there was a direct and substantial relationship between the transportation and furthering the aliens' unlawful presence in the United States, you should consider all relevant evidence including the time of the transportation, place, distance of the transportation, and the overall impact of the transportation.

### 5.  Conclusion Count Four

If you find that the government proved, beyond a reasonable doubt, that the defendant knowingly and intentionally agreed with others to commit the crime of alien smuggling, then you should find the defendant guilty of Count Four.  As I already instructed you, a conspiracy is a crime even if it does not achieve its purpose.  The government does not have to prove that the defendant or his co-conspirators actually committed the crime of alien smuggling.  What the government must prove is that the defendant voluntarily entered a conspiracy whose purpose was to commit alien smuggling.

#### a.  Commercial Advantage or Financial Gain

If you find the defendant guilty of Count Four, you must then decide whether he acted for the purpose of commercial advantage or private financial gain.  The phrase "commercial

44

advantage or private financial gain" should be given its ordinary and natural meaning. "Commercial advantage" is a profit or gain in money or property obtained through business activity. "Private financial gain" is a profit or gain in money or property specifically for a particular person or group. There is no requirement that the defendant actually received some financial gain, however, you may consider any evidence that the defendant did or did not receive financial gain in deciding whether he acted for the purpose of achieving financial gain.

### L. COUNT FIVE: VISA FRAUD CONSPIRACY

Count Five of the indictment charges the defendant with conspiracy to engage in visa fraud. The relevant statute is Title 18, United States Code, Section 1546(a), which provides that any person who "utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it... to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained," or conspired to do the same, has committed a crime.

The defendant is charged in Count Five with conspiring to engage in visa fraud. I already instructed you on conspiracy law, which applies here. I also instructed you on the general definition of conspiracy, which is an agreement among two or more people to commit a crime. Here, the defendant is charged with agreeing with others to commit visa fraud. The elements of the crime of visa fraud are as follows:

First, that the defendant or his co-conspirators uttered, used, attempted to use, possessed, obtained, accepted or received a document that was procured by means of a false statement or by fraud or was unlawfully obtained;

Second, that the document was a nonimmigrant visa; and

45

Third, that at the time the document was uttered or used or attempted to be used, possessed, obtained, accepted or received that the defendant or his co-conspirators knew that the document was procured by means of a false statement or by fraud or was unlawfully obtained.

### 1. First Element: Use or Obtain Document Procured by False Statement or Fraud

The first element is that a person uttered, used, attempted to used, possessed, obtained, accepted or received a document that was procured by means of a false statement or fraud or was unlawfully obtained. To "utter" a document means to use the document by means of a fraudulent representation that it is genuine. To "use or attempt to use" means to present the document to immigration officers in an attempt to enter the United States. A statement is "false" if it was untrue when made.

For a document to be "procured by" means of a false statement or fraud, the false statement must have been material. A misrepresentation is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it is addressed. It is not sufficient that an individual simply made any false statement. To constitute visa fraud, an individual must have made a false statement that would tend to influence or was capable of influencing the U.S. Department of State's decision to issue a visa. However, the false statement need not have actually influenced the Department of State's decision or had any actual effect, but it must have been capable of doing so.

### 2. Second Element: Document Was a Nonimmigrant Visa

The second element is that the document in question was a nonimmigrant visa.

46

### 3. Third Element: Knowledge

The third element is that, at the time the defendant uttered or used or attempted to use or possessed or obtained or accepted or received the document, the defendant or his co-conspirators knew it was procured by means of a false statement or fraud or was unlawfully obtained. I have already explained to you the definition of "knowledge," which applies here as well. I remind you that to act knowingly means to act intentionally and voluntarily.

### 4. Overt Acts

Last, the visa fraud conspiracy charged in Count Five requires proof of at least one overt act for the purpose of carrying out the conspiracy. An "overt act" is any action intended to help the object of the conspiracy, which in this charge, is the uttering, using, possession, obtaining, accepting or receiving of non-immigrant visas that were known to be procured through false statement or fraud or other unlawful means. An overt act does not have to be a criminal act, but it must contribute to advancing the goals of the conspiracy. The government does not have to prove that all overt acts alleged in the indictment occurred or that any overt act was committed at precisely the time alleged in the indictment. It is sufficient for the government to prove beyond a reasonable doubt that the overt act occurred at or about the time and place stated. You also do not have to find that the defendant himself committed the overt act. It is sufficient for the government to show that one conspirator knowingly committed an overt act in furtherance of the conspiracy, since, in the eyes of the law, such an act becomes the act of all members of the conspiracy.

If you find that the defendant agreed to enter into an unlawful agreement to commit visa fraud, you must also determine whether one of the members of the conspiracy knowingly committed at least one overt act and that the overt act was committed to further the goal of the

conspiracy. You may only find the defendant guilty of Count Five if you find that the government has satisfied the overt act requirement beyond a reasonable doubt.

I will now read the overt acts charged in the indictment:

- On or about December 10, 2014, LANDONG WANG sent an electronic communication to DAN ZHONG in which WANG sought ZHONG's assistance to arrange for workers to enter the United States from the People's Republic of China to perform work contrary to the terms of their United States visas.

- In or about June 2015, ZHONG and WANG caused workers to provide contracting work at a residence in Old Brookville, New York, contrary to the terms of their United States visas.

- In or about August 2015, ZHONG sent an electronic communication to Ying "Randy" Lin concerning the use of workers to provide labor in the United States, contrary to the terms of their United States visas, at a residence in Old Brookville, New York.

- In or about September 2015, ZHONG and Ying "Randy" Lin exchanged electronic communications concerning the use of workers to provide contracting work at a residence in Flushing, New York, contrary to the terms of their United States visas.

- In or about October 2015, ZHONG and WANG caused workers to provide contracting work at a residence in Fresh Meadows, New York, contrary to the terms of their United States visas.

- In or about October 2015, LANDONG WANG possessed workers' passports and visas at a residence in Fresh Meadows, New York.

You must consider whether any overt act in furtherance of the crime occurred within the Eastern District of New York. I remind you that the Eastern District of New York encompasses

48

the counties of Kings, Nassau, Queens, Richmond, and Suffolk, and along with the Southern

District of New York, the waters within the counties of Bronx and New York. In this regard, it is

sufficient to satisfy this element if any act in furtherance of the crime occurred within this

district. If you find that the government has failed to prove that any act in furtherance of the

crime occurred within this district, or if you have reasonable doubt on any element of visa fraud

conspiracy, then you must acquit.

## III.     CLOSING INSTRUCTIONS

We are now at the third and final part of my charge to you. In a few minutes you will

begin your deliberations. I will give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you

in any way what I think your verdict should be. That is entirely for you to decide.

### A.   FOREPERSON

In order for your deliberations to proceed in an orderly fashion, you must have a

foreperson. Traditionally, juror number 1 acts as the foreperson. However, if, when you begin

deliberations, you all decide that you want to elect another foreperson, you may do so. The

foreperson will be responsible for signing all communications to the court and for handing them

to the Deputy Marshal during your deliberations, but, of course, his or her vote is entitled to no

greater weight than that of any other juror.

### B.   DELIBERATIONS

Your duty is to reach a fair conclusion from the law as I have given it to you and the

evidence presented in this case. This duty is important. When you are in the jury room, listen to

each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of

each of you as jurors to consult with one another, and to deliberate with a view toward reaching

agreement on a verdict, if you can do so without violating your individual judgment. No one

should surrender conscientious convictions of what the truth is and what the weight and effect of the evidence is. Each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. You should examine the issues and the evidence before you with candor and frankness, and with proper deference to and regard for the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction about the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

## C. COMMUNICATION WITH THE COURT AND OTHERS

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything related to this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, tablet, computer, the Internet, any text or instant messaging service, blog, or social networking site to communicate with anyone regarding any information about this case or to conduct any research or do any kind of investigation about this case until after I accept your verdict.

There is only one exception to this rule. If you have a question for me, or it becomes necessary to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson. No member of the jury should attempt to communicate with me except by a signed note, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or here in open court.

If, during your deliberations, you have questions about the law, or if you want further explanation as to the law, you may send me a note.

### D. RIGHT TO SEE EXHIBITS AND HAVE TESTIMONY READ

If, during your deliberations, you cannot remember any part of the testimony, you may request that a witnesses' testimony, or portions of it, be sent back to you in the jury room. If you want to see any of the exhibits, they can also be sent to you. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in your note requesting exhibits or portions of testimony.

### E. VERDICT

The government must prove the defendant's guilt beyond a reasonable doubt, as we have already talked about. If you find that the government meets its burden, then your verdict should be guilty; if the government does not meet its burden, your verdict should be not guilty. To reach a verdict, you must be unanimous.

To help you, I have prepared a verdict form that may help you in your deliberations. On the verdict sheet are spaces marked "not guilty" or "guilty" for each count. The form is in no way intended to tell you how to deliberate or decide the facts of this case. The foreperson should use a check mark in the appropriate space for "guilty" or "not guilty," for each count of the indictment. The foreperson should also put his or her initials and the date beside each mark on the verdict form.

As we talked about, each of you is entitled to your opinion; however, you should consult with one another and reach an agreement based solely and wholly on the evidence—if you can do so without contradicting your own individual judgment. Each of you must decide the case for yourself, after consideration with your fellow jurors. However, if, after carefully considering all the evidence and the arguments of your fellow jurors, your view is different from the others, you should not change your opinion simply because you are outnumbered. Your final vote must reflect your conviction as to how the issues should be decided.

When you have reached a verdict, simply send me a note signed by your foreperson that says that you have reached a verdict. Do not write down what the verdict is. You should never give a numerical count of where the jury stands in its deliberations, in any communication with the court.

## F. OATH REMINDER AND CLOSING REMARKS

The government, the defendant and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By doing so, you carry out your oaths as jurors—to render a true verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further we need to discuss.