# Exhibit 12

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ---------------------------------------x
     UNITED STATES OF AMERICA,
 3

 4
              versus                              10 cr 511(JBW)
 5
     CHARLES NAGEL,
 6
                         DEFENDANT.               U.S. Courthouse
 7                                                Brooklyn, New York
     ---------------------------------------x
 8                                                November 5, 2010
                                                  9:30 a. m.
 9

10

11                    TRANSCRIPT OF TRIAL

12       Before the HONORABLE JACK B. WEINSTEIN, USDJ

13                         APPEARANCES

14   Representing the Government:    Loretta E. Lynch
                                     United States Attorney
15                                   Eastern District of New York
                                     271 Cadman Plaza East
16                                   Brooklyn, New York 11201
                                     BY:  ALLON LIFSHITZ, ESQ.
17                                        CELIA COHEN, ESQ.
                                          MARGO BRODIE, ESQ.
18

19   Representing the defendant:     ROBERT DATNER, ESQ.
                                     340 N. Lansdowne Avenue
20                                   Lansdowne, Pennsylvania  19050

21

22   REPORTED BY:

23   Lisa Schmid, CCR, RMR
     225 Cadman Plaza East
24   Brooklyn, New York 11201
     Phone:  718-613-2644 Fax:  718-613-2379
25   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
                     LISA SCHMID, CCR, RMR
```

LIFSHITZ/SUMMATIONS

1           Where is your client?

2           Take this down, would you, please?

3           MR. LIFSHITZ: Yes. (Complies.)

4           (Pause in proceedings.)

5           (Jury enters.)

6           THE COURT: Be seated, please. Now, you'll read that

7  set instructions along with me, so don't read up ahead.

8           I'm going to instruct you now on the law, ladies and

9  gentlemen, and you'll be able to carry these instructions -- is

10 it can you hear me? Can you hear me now?

11          JURORS: (All answered affirmatively.)

12          THE COURT: Thank you.

13          Ladies and gentlemen, I'm going to tell you what the

14 law is. Do not read ahead. Read the instructions along with

15 me. You'll take the instructions into the room where you'll

16 deliberate.

17          I have no view of the guilt or innocence of this

18 defendant. Nothing I have said or done should be used by you,

19 in inferring that I have such a view. It's you who will decide

20 the case, and you will decide it on the evidence before you, or

21 the lack of he evidence, and according to the law.

22          You can assume that any evidence before you was

23 obtained legally. It's the Court's responsibility, not the

24 jury's, to decide on punishment, should you find the defendant

25 guilty of any crime.

JURY CHARGE

1  You will have a list of documents and materials that
2  were admitted.  And any of the testimony that you wish to have
3  before you, I will either call you in to hear it read back, or
4  send you a transcript, should you request that.
5  Of course, try to be as limited as you can be in what
6  you request, so we don't have to go over the whole trial again.
7  But whatever you want, we'll try to get for you, and then when
8  you have heard enough, you can raise your hand or if you have
9  the transcript, you can stop reading.
10  And you can have any of the physical evidence sent
11  into you.  The audio, of course, will have to be looked at,
12  should you want the look at it in court.
13  And should you require any further instruction on the
14  law, you can, as in any other instance, send in a note to the
15  Marshal who will be guarding you.
16  You're not to discuss this case with anyone except
17  within the jury room, when all 12 jurors are present.
18  During the trial, there were objections made and
19  rulings made.  Draw no inferences from them.  If an objection
20  was made and sustained to a question, you'll disregard the
21  question.  And an unanswered question has no bearing
22  whatsoever.  I gave limiting instructions in a few instances,
23  and you'll follow those instructions.
24  The fact that the prosecution is brought in the name
25  of the United States does not entitled the government to any

JURY CHARGE

1  greater consideration than the defendant.  Everybody is equal
2  in this court.  No one is entitled to any sympathy or favor.
3  The issue is whether the government has proved the defendant
4  guilty beyond a reasonable doubt of either or both of the
5  crimes charged.
6          You'll have to give the evidence the weight you think
7  it deserves.  You'll analyze that evidence dispassionately and
8  rationally, without prejudice or emotion, and you can draw
9  reasonable inferences from the evidence.
10         The defendant is on trial only for the crimes charged.
11 And each of these crimes must be decided separately.
12         If the defendant is not proven guilty beyond a
13 reasonable doubt of the crime charged, do not find him guilty
14 because you think he or someone else may have done something
15 bad which was not charged or that he harmed someone other than
16 Ms. Erbe.
17         The evidence of the reactions of Ms. Erbe's daughter,
18 brother, former husband or anyone else were introduced only to
19 show the state of mind of the defendant towards Ms. Erbe and
20 her state of mind.  Those are the key factors in the case,
21 states of mind.
22         The exact dates of the offense don't have to be
23 proven.  It's approximate.
24         The testimony from the witnesses and exhibits are
25 evidence, and your inferences are important.

LISA SCHMID, CCR, RMR

JURY CHARGE

1       Lawyers' questions, as I indicated, without answers,
2   arguments and opening and closing statements are not evidence.
3   And that chart that was used by the government is argument and
4   therefore, will not go into the jury room.
5       You're going to have to decide which testimony to
6   believe and which testimony not to believe.  Consider the
7   witness' demeanor, the manner of testifying, his or her
8   opportunity to see, hear, know about the events described, the
9   witness' ability to recall and describe those things, the
10  reasonableness of the testimony in the light of all of the
11  other evidence in the case, and the interest of the witness in
12  the outcome of the trial.
13      Consider whether part of a witness' testimony was
14  contradicted or supported by other evidence, testimony or
15  exhibits by what the witness said or did on a prior occasion,
16  and by any other evidence in the case.
17      If you find that a witness has willfully testified
18  falsely as to an important matter, you may disregard the entire
19  testimony of that witness, or you may accept part of the
20  testimony and disregard what you find to be false.  A witness
21  may have been mistake on may even have lied with respect to
22  part of the testimony, but be reliable as to other parts.
23      The attorneys, of course, interview witnesses outside
24  of court and prepare for trial by use of people who do
25  investigations.

LISA SCHMID, CCR, RMR

JURY CHARGE

1         You've heard evidence concerning what people outside
2    the courtroom have said about events.  You're entitled to
3    consider these statements as evidence.  In evaluating them,
4    remember they were not cross-examined before you, in some
5    instances, and therefore, in considering the probative value or
6    force of those statements who have not testified, you're going
7    to have to apply indirectly the same credibility tests that you
8    apply with respect to individuals who have testified.
9         The defendant had a right, constitutionally, not to
10   testify, and not to have this held against him.  He did
11   testify.  You should evaluate his testimony just as you would
12   the testimony of any witness with an interest in the outcome of
13   the case.
14        The attorneys and the defendant entered into
15   stipulations, that is, a stipulation should be accept as true.
16        There's no legal requirement that the government prove
17   its case through any particular means.
18        An indictment is an accusation in writing.  It is not
19   evidence of guilt.  It is entitled to no weight in your
20   judgment of the facts.
21        The government is the only party that bears a burden
22   of proof.  That burden is to prove guilt beyond a reasonable
23   doubt with respect to each element of the crime charged.  The
24   burden never shifts.  The defendant never has a burden of
25   proving anything.  If the government fails to carry its burden

1   of proof as to any element of an offense, you must find the
2   defendant not guilty of that offense.
3           Whenever I say the government must prove something, I
4   mean it must prove it beyond a reasonable doubt.  When I say
5   you must find something, you must find it beyond a reasonable
6   doubt.
7           A reasonable doubt is the kind of doubt that would
8   cause a reasonable person to hesitate to act in matters of the
9   most importance in his or her own affairs.  Proof beyond a
10  reasonable doubt is proof of such a convincing character that a
11  reasonable person would not hesitate to rely and act upon it in
12  the most important of his or her affairs.
13          A defendant is presumed to be innocent.  That
14  presumption remains with him throughout the trial, and must be
15  considered by you in your deliberations.
16          A jury's decision must be unanimous.  All of you must
17  agree on a verdict.
18          There are two counts or charges.  First, interstate
19  stalking and travel.  The charge is that, "On or about and
20  between July 15th, 2008 and March 24th, 2010, both dates being
21  approximate and inclusive, within the Eastern District of New
22  York and elsewhere -- and the Eastern District includes all of
23  Long Island, Brooklyn, Queens and Staten Island -- the
24  defendant, Charles Nagel, also known as "Chaz Rose," "Cindy
25  Momberger," "Miranda S." and "Angela Paterson," did knowingly

JURY CHARGE

```
 1    and intentionally travel in interstate commerce, with the
 2    intent to harass another person, to wit:  Kathryn Erbe, and in
 3    the course of and as a result of such travel, did cause
 4    substantial emotional distress to Kathryn Erbe."
 5              The relevant statute criminalizes traveling in
 6    interstate or foreign commerce -- here, interstate commerce --
 7    with the intent to harass another person, which results in
 8    substantial emotional distress to that person.
 9              The statute reads: "Whoever traveled in interstate
10    commerce with the intent to harass another person, and in the
11    course of or as a result of such travel, causes substantial
12    emotional distress to that person is guilty of a crime."
13              To prove guilt, the government must prove each of the
14    following three elements.  First, that between those dates,
15    July 15th, 2008 and March, 24th, 2010, approximately, the
16    defendant knowingly and intentionally traveled in interstate
17    commerce, as charged in the indictment.
18              To act intentionally is to act deliberately and
19    purposefully.  To act knowingly is to act intentionally and
20    voluntarily to commit a criminal action, and to commit that
21    action not because of ignorance, mistake, accident or
22    carelessness.
23              Travel in interstate commerce means travel between two
24    states.  Philadelphia is in Pennsylvania.  Other incidents
25    occurred, according to the testimony, in New York.
```

LISA SCHMID, CCR, RMR

JURY CHARGE

1        Second, that the defendant traveled with the intent to
2   harass Kathryn Erbe.  Harass means to annoy persistently, or to
3   create an unpleasant or hostile situation, especially by
4   uninvited and unwelcomed verbal or physical conduct.
5        What starts out as an intent to become friendly or
6   even a lover may turn to harassment.
7        Some interstate commerce must take place with the
8   intent to harass.  There were two trips.  The first one was not
9   relied on.  It's the second trip that's relied on in this
10  count.  You understand that?
11       JURORS:  (All answered affirmatively.)
12       THE COURT:  The ultimate fact of intent, through
13  subjective, may be established by circumstantial evidence.
14  That is, by drawing inferences based on the defendant's outward
15  manifestations, words, conduct, acts and all the surrounding
16  circumstances disclosed by the evidence, and the rational.
17  logical inferences that may be drawn from them.
18       Third, that in the course of or as a result of such
19  travel, the defendant caused substantial emotional distress to
20  Kathryn Erbe.
21       To establish substantial emotional distress, the
22  government must prove that as a result of the defendant's
23  conduct during or after the travel in interstate commerce with
24  intent to harass Kathryn Erbe, suffered substantial emotional
25  distress and that an ordinary and reasonable person in Ms.

JURY CHARGE

1  Erbe's position would have experienced substantial emotional
2  distress under those circumstances.
3       The term "substantial emotional distress" has its
4  ordinary meaning.  Substantial means important enough to be of
5  consequence and concern to a reasonable person.  Emotion means
6  of the mind, that is, feelings, spirit or psyche.  Distress
7  means greatly troubled mind, mental stress or strain or mental
8  anxiety.
9       The second charge is interstate stalking by a
10 communication facility of interstate commerce.
11      Count 2 charges the defendant with using the mail or
12 other communication facilities such as the internet, email or
13 Facebook with the intent to harass and cause substantial
14 emotional distress to another person.
15      It reads:  "On or about and between July 15th, 2008,
16 and March 24th, 2010, approximately, within the Eastern
17 District of New York and elsewhere, the defendant, Charles
18 Nagel, also known as "Chaz Rose," "Cindy Momberger," "Miranda
19 S.," and "Angela Patterson," with the intent to harass and
20 cause substantial emotional distress to a person in another
21 state, to wit:  Kathryn Erbe, did knowingly and intentionally
22 use the mail and interactive computer service and a facility of
23 interstate commerce to engage in a course of conduct that
24 caused substantial emotional distress to Kathryn Erbe."
25      The statute reads.  "Whoever, with intent to harass or

LISA SCHMID, CCR, RMR

JURY CHARGE

1   cause substantial emotional distress to a person in another

2   state, uses the mail any interactive computer service or any

3   facility of interstate commerce to engage in a course of

4   conduct that causes substantial emotional distress to that

5   person shall be guilty of a crime." And there are four elements

6   in that crime.

7          First, that between those dates listed, the defendant

8   communicated while he was in one state with a person in

9   another, with intent to harass Kathryn Erbe.

10         Second, that the defendant communicated through the

11  mails or an interactive computer service or a facility of

12  interstate commerce, intending to harass Kathryn Erbe.

13         Use of mails means that the communication was

14  deposited in the mail for delivery by the United States Postal

15  Service.

16         Transmission of a communication by means of the

17  telephone or internet constitutes transportation in a facility

18  of interstate commerce, and it does not depend upon whether the

19  communication actually crossed a state line.  That is, it can

20  be within one state.

21         The specific communication in question must have been

22  transmitted by mail, internet or other facility I've described.

23         And interactive computer service is any information

24  service system or access software provider that provides or

25  enables computer access by multiple users to a computer server,


JURY CHARGE

1  including a service assistant that provides access to the
2  internet.
3       Third, that the defendant engaged in a communication
4  such as I've described during a course of conduct while he
5  specifically intended to harass Kathryn Erbe.  A course of
6  conduct means a pattern of conduct composed of two or more
7  acts, evidencing a continuity of purpose to harass Kathryn
8  Erbe.
9       The purpose needs to extend over an appreciable time
10 span, but may be for only a portion or part of the period
11 charged in the indictment.
12      I've already defined to you the term "harass."
13      And fourth, that as a result of that course of
14 conduct, Ms. Erbe experienced substantial emotional distress.
15 And I've described that to you already.
16      Now, those are the crimes.
17      You have at the back of the charge a verdict sheet.
18 You indicate your unanimous verdict when you reach it.  On each
19 of the two counts, you can reach a verdict of not guilty or
20 guilty.  If you cannot reach a unanimous verdict, you will
21 report that to the Court in writing.
22      Do not communicate with anyone else outside the jury
23 room except the Court, through the Marshal, with respect to
24 this case.  The written communication should be signed by your
25 foreperson, asking for assistance on the law or the evidence.

LISA SCHMID, CCR, RMR

JURY CHARGE

1         If you are divided, cannot reach a unanimous verdict,
2    tell me in the note.  Do not tell me in the note what the
3    division is.  If you have reached a verdict, don't indicate in
4    your report what the verdict is, because that will be announced
5    in the court.
6         You're to render your verdict without fear, without
7    favor, without prejudice and without sympathy.
8         Now, it's a simple verdict sheet:  Interstate
9    stalking, travel, Count 1, not guilty or guilty.  Interstate
10   stalking communication facility through interstate commerce,
11   Count 2, not guilty or guilty.
12        Do the parties wish to see me at the sidebar?
13        MR. LIFSHITZ:  No, Your Honor.
14        MR. DATNER:  No, Your Honor.

LISA SCHMID, CCR, RMR