U.S. Department of Justice

United States Attorney
Eastern District of New York

CRH/MAA/IC
F. #2017R00906

271 Cadman Plaza East
Brooklyn, New York 11201

May 3, 2023

By ECF and Email

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   United States v. Michael McMahon, et al.,
             Criminal Docket No. 21-265 (S-1) (PKC)

Dear Judge Chen:

      The government respectfully submits this motion for an order authorizing the government to take the deposition of witness ███████████████, before trial begins, pursuant to Rule 15 of the Federal Rules of Criminal Procedure. The government has recently learned that this witness is ███████████████████████. As such, the witness is unable to travel ███████████████ to Brooklyn to testify at the trial of this matter, scheduled to begin on May 30, 2023. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████[1]

I.     Applicable Law

      Rule 15 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the Court may upon

---

[1] The government has conferred with counsel with respect to the requested Rule 15 deposition of ████. See Fed. R. Crim. P. 15(h) ("The parties may by agreement take and use a deposition with the court's consent."). As of the time of this filing, counsel have stated that the defendants take no position as to the government's motion seeking authorization for the deposition of ████ pursuant to Rule 15 of the Federal Rules of Criminal Procedure.

motion of such party and notice to the parties order that testimony of such witness be taken by deposition . . . .

Whether to order a deposition in lieu of live testimony is a decision that "rests within the sound discretion of the trial court." United States v. Johnpoll, 739 F.2d 702, 708 (2d Cir. 1984); United States v. Hayutin, 398 F.2d 944, 954 (2d Cir. 1968). The Second Circuit has interpreted the term "exceptional circumstances" to mean that before the deposition of a prospective witness will be ordered, (1) the witness must be unavailable to appear at trial, and (2) the witness's testimony must be material to the case. Johnpoll, 739 F.2d at 709. The burden of proof rests with the movant to demonstrate that "exceptional circumstances" exist warranting the ordering of a deposition. United States v. Ismaili, 828 F.2d 153, 159 (3d Cir. 1987); United States v. Adcock, 558 F.2d 397, 406 (8th Cir. 1977).

"Unavailability is to be determined according to the practical standard of whether under the circumstances the [movant] has made a good faith effort to produce the person to testify at trial." Johnpoll, 739 F.2d at 709. The question is one of "reasonableness." Id. Courts in this District have granted remote testimony akin to a Rule 15 deposition for health-related reasons. See, e.g., United States v. Gigante, 166 F.3d 75, 80 (2d Cir. 1999) (affirming district court's allowance of witness to testify via closed-circuit television, akin to a Rule 15 deposition, given the witness's illness); United States v. Wyche, et al., No. 18-CR-561 (DLI), ECF No. 187, Jan. 5, 2023 Pretrial Conference Transcript at 30:1-19; 38:9-23 (E.D.N.Y.) (permitting expert witness to testify via closed-circuit television, akin to a Rule 15 deposition, given that the witness suffers from spinal stenosis and fractured his tailbone); United States v. Mohamed, No. 18-CR-603 (ARR), 2020 WL 1545522, at *7 (E.D.N.Y. Apr. 1, 2020) (considering the COVID-19 pandemic "which puts further health and safety restraints on travel" when determining when a witness is unavailable for Rule 15 purposes").

II.  Factual Background



's testimony is material to the government's case.



The government alleges that this conduct was likewise part of the criminal scheme, directed by the PRC.

III. <u>Discussion</u>

Under the circumstances presented here, the Court should permit the government to conduct a Rule 15 deposition.



In the event that a Rule 15 deposition is ordered, the government believes that such a deposition could be taken in-person and with videoconference capabilities as well, so defendants and counsel could participate remotely, if preferred.

3

IV.   Conclusion

        For the reasons set forth above, the government respectfully requests that the Court order that the government be permitted to take ███'s deposition pursuant to Rule 15 of the Federal Rules of Criminal Procedure before trial in this matter.

Respectfully submitted,

BREON PEACE  
United States Attorney

By:    /s/  
Craig R. Heeren  
Meredith A. Arfa  
Irisa Chen  
Assistant U.S. Attorneys  
(718) 254-7000

cc:   Clerk of Court (PKC) (via ECF and Email)  
      Counsel of Record (via ECF and Email)

# Exhibit A
## (Filed Under Seal)