

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| CRH/MAA/IC | *271 Cadman Plaza East* |
| F. #2017R00906 | *Brooklyn, New York 11201* |

June 12, 2023

By ECF

The Honorable Pamela K. Chen
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. McMahon, et al.
                Criminal Docket No. 21-265 (S-1) (PKC)

Dear Judge Chen:

      The government writes in response to defendant Michael McMahon's additional proposed jury instructions. See ECF No. 244 ( the "McMahon Instructions"). The government opposes a missing witness instruction and proposes an alternative multiple conspiracy instruction previously used by the Court.

      The government also respectfully requests that (1) the Court remove the "withdrawal" instruction because defendant Zheng Congying has failed to meet his burden and (2) make clear in the Section 951 instruction that a person can act as an agent for a foreign government through an intermediary.

    I.    The Court Should Deny the Defendant's Request for a Missing Witness Instruction

      Defendant McMahon requests an instruction titled "missing witness not equally available to defendant." See McMahon Instruction, Request No. 2. The request should be denied as it is contrary to controlling law. McMahon is not entitled to a missing witness instruction simply because ▮▮▮▮▮▮▮▮ has indicated his intent to invoke his Fifth Amendment right against self-incrimination. This is because a witness who invokes his constitutional rights is "unavailable to the government as well as the defense." See United States v. Myerson, 18 F.3d 153, 158-59 (2d Cir. 1994). This is true despite the government's power to grant immunity and a decision not to exercise that power. Id. ("the range of reasons behind a prosecutor's decision not to grant immunity does not, automatically, give rise to an inference that the witness's testimony would be favorable to the defendant."). Accordingly, the Second Circuit has set an extremely high bar for a missing witness instruction where a witness invokes his right to silence: unless the defendant can demonstrate "circumstances that indicate the government has failed to immunize an exculpatory witness," no missing witness instruction is appropriate. See id. at 160; see also United States v. Guzman, 332 F. App'x 665, 668 (2d Cir. 2009) (same).

McMahon has failed to demonstrate how ▬ testimony would be exculpatory, and therefore his request should be denied. ▬ testimony is, at best, inculpatory of the defendant. If ▬ had not invoked his constitutional rights, the government anticipates he would have testified that, among other things: (1) he is "▬" in McMahon's phone text messages; (2) McMahon in fact texted him information about the victims; (3) he had someone with the Department of Homeland Security ("DHS") query DHS databases for information about the victims; (4) passed that information back to McMahon for his use; and (5) knew that, as a DEA agent, it was improper for ▬ to engage in such conduct and against certain government rules and regulations. Rather than exculpate McMahon, ▬ testimony would have tended to help prove McMahon's guilt, by demonstrating that McMahon engaged in conduct that was improper, inconsistent with ordinary private investigator-type work, and consistent with an attempt to secure sensitive travel information only accessible to a DHS law enforcement agent that would be useful to a foreign government. Even if ▬ testimony were more ambivalent, it would not—and could not—rise to the level of being truly "exculpatory." As the Court noted today, ▬ role in this case is relatively limited. Except for his passage of government information, ▬ did not participate in any of McMahon's work associated with the surveillance and targeting of the victims. There is no evidence that he engaged in surveillance with McMahon, knew McMahon's clients, or knew much about the facts of the case beyond the information provided by McMahon via text message and phone conversations. Such testimony does not rise to the level of "exculpatory" evidence. See United States v. Avellino, 136 F.3d 249, 255 (2d Cir. 1998) (explaining that evidence is exculpatory when it is "going to the heart of the defendant's guilt or innocence").

The Second Circuit's decision in United States v. Ferguson is analogous, and shows why a missing witness instruction is inappropriate in this case. See 676 F.3d 260 (2d Cir. 2011). There, the defendant sought to call a witness who would have testified that information he saw related to the case would not have raised any red flags for the defendant such that he should have been concerned about legal issues. Id. at 290. The witness declined to testify unless immunized, and the government refused. Id. The Circuit affirmed the district court's decision not to give a missing witness instruction, holding that the potential testimony "was insufficiently exculpatory to warrant the instruction." Id. at 291. The same is true here. ▬ testimony is, for the most part, inculpatory, and certainly insufficiently exculpatory to warrant an instruction. The request should be denied.

II. The Court Should Give a Different Multiple Conspiracy Instruction

The government does not object to a multiple conspiracy instruction, but respectfully proposes that the court provide an instruction more similar to the instruction it has previously provided in several other recent cases. See United States v. Hilliard, No. 19-CR-358 (PKC); United States v. Juan Angel Napout, No. 15-CR-252 (PKC). An alternative proposed instruction is included as Exhibit A to this letter.

III. The Court Should Not Give a Withdrawal Instruction

The government respectfully submits that the proposed withdrawal instruction (see Court's Proposed Instructions at 28-29) should not be given to the jury. The burden of establishing

withdrawal rests on the defendant, United States v. Hoskins, 44 F.4th 140, 155 (2d Cir. 2022), and an instruction is only appropriate where the defendant has made some factual showing that supports the defense. See Sand, Modern Federal Jury Instructions, Comment to Instruction 19-10 ("If the defendant fails to produce evidence satisfying this burden, the issue need not be submitted to the jury.").

There is no evidence in the record that Zheng took any step consistent with withdrawal: Zheng did not attempt to warn law enforcement, make any efforts to frustrate the crime, or otherwise act inconsistent with the object of the conspiracy and make efforts to communicate those acts to his co-conspirators. The only evidence that Zheng has been able to point to is the fact that he went back to the house where he left a threatening note the following day. But returning to the scene of the crime, without more, does not provide any basis to conclude that Zheng withdrew, or was even attempting to withdraw, from the conspiracy. Although defense counsel argued in his opening that Zheng returned to take down the threatening note, the uncontroverted evidence shows that he did no such thing. Zheng left one of the notes on the door when he left the home the first day, the victims found it and reported it to the FBI, and the note

was gone by the time he returned the next day. Zheng did not withdraw because his part of the conspiracy was completed successfully, and he took no further steps to disrupt the remaining, ongoing conspiracy. In such a circumstance, a withdrawal instruction is not warranted.

                Respectfully submitted,

                BREON PEACE
                United States Attorney

By:   /s/
       Craig R. Heeren
       Meredith A. Arfa
       Irisa Chen
       Assistant U.S. Attorneys
       (718) 254-7000

       MATTHEW G. OLSEN
       Assistant Attorney General
       Department of Justice
       National Security Division

By:   /s/
       Christine Bonomo
       Trial Attorney

Enclosures

cc:    Clerk of the Court (by ECF and email)
       Counsel of Record (by email)