Yong Zhu

2363 93rd St 1st Floor

East Elmhurst, NY 11369

June 27, 2023

**The Honorable Pamela K. Chen**

U.S. District Court - Eastern New York

225 Cadman Plaza East

Brooklyn, NY 11201

Re: Case Number: **21-CR-265(PKC)**

Dear Judge Chen,

I hope this letter finds you well. I am writing to you as a defendant who recently received a guilty verdict on four counts of federal crimes in the aforementioned case. I respectfully bring to your attention my concerns regarding the effectiveness of my counsel throughout the trial proceedings. I firmly believe that I should not have been found guilty on all four counts due to the following reasons, which highlight the lack of effective assistance of counsel:

1. Limited Communication: From the very beginning of my association with Attorney Kevin Tung, I experienced inadequate representation. Despite providing him with important details about my case during our initial discussion, he interrupted me after a mere ten minutes and assured me that he could successfully defend me against these charges. Additionally, he presented a retaining contract in English, which he asked me to sign despite my limited understanding of the language.

2. Failure to Explain Plea Agreement: Attorney Kevin Tung failed to properly explain the plea agreement that the Prosecutor provided me on August 9, 2021. During our discussion in his office, he simply informed me that if I were to accept the agreement, I would face significant prison time. When later I questioned why he had not fulfilled his responsibility to explain the agreement to me, he stated that he was a lawyer and not a translator, therefore, he was not obliged to provide a detailed explanation of the entire plea agreement.

3. Neglect of Evidence: Attorney Kevin Tung neglected to thoroughly review the video recordings of my post-arrest statement, which were crucial pieces of evidence presented during the trial. When I attempted to discuss these videos with him, he dismissively claimed that watching them would be a waste of his time, alleging that the FBI had violated my Miranda rights. He assured me that the post-arrest video would not be used as evidence against me. However, the subsequent motion to suppress the video was unsuccessful. When I expressed my concerns about appealing the motion due to omissions and incorrect translation of the FBI interpreter, he informed me that I could only address it during the appeal process after the trial concluded.

4. Inadequate Preparation: The evidence in my case was made available to me only a week before the trial, despite my attorney having possession of it for approximately a year. I was not consulted on the necessary documents required for the trial, and my attorney failed to discuss the prosecution's evidence against me. It was only during the trial that I had my first opportunity to see this evidence. My attorney claimed to be too busy and displayed a lack of interest in thoroughly reviewing my case. he problem to technology without making any further efforts. Which the evidence was ultimately never revealed to him and me.

5. Inconsistent Advice on Plea: Throughout the trial proceedings, I sought guidance on accepting a plea, and Attorney Kevin Tung strongly advised against it. Moreover, he expressed his personal desire to gain notoriety through this case. He had discussions about my plea agreement with the FBI without my presence, and I was never informed about the details or frequency of their communication. During the trial, whenever I attempted to explain the evidence presented in court, he would raise his voice, berate me, and threaten to no longer provide me with legal representation.

6. Failure to Provide All Evidence: Attorney Kevin Tung did not provide me with all the evidence in my case, as he encountered technical difficulties accessing one important piece of evidence stored on a CD. Instead of attempting to resolve the issue and obtain the evidence, he simply blamed the technology without pursuing alternative solutions. Which the evidence was ultimately never revealed to him and me.

7. Failure to Explain Federal Sentencing Guidelines: Prior to the trial, Attorney Kevin Tung neglected to adequately explain the federal sentencing guidelines to me, leaving me uninformed about the potential consequences of the charges and subsequent convictions.

During the trial, it became evident to me that my lawyer lacked the ability to provide effective legal defense. Consequently, I sought to replace my attorney immediately. However, upon consulting several other attorneys, I discovered that due to my limited financial means and the trial already being underway, no one was willing to represent me as substitute counsel.

Given these circumstances, I kindly request the court's consideration of my concerns regarding the ineffective assistance of counsel. I understand that the legal system is founded on fairness and the right to competent representation, and I believe that these rights have been compromised in my case.

Furthermore, I respectfully request that the court appoint me an attorney due to the ineffectiveness of my current counsel and my financial hardship. I am no longer be able to afford private attorney, and it is crucial that I have competent legal representation to ensure a fair and just outcome.

Thank you for your attention to this matter, and I trust in the court's commitment to upholding justice and protecting the rights of defendants like myself.

Sincerely,

Yong Zhu

Yong Zhu

2363 93rd St 1st Floor

East Elmhurst, NY 11369

June 27, 2023

**The Honorable Pamela K. Chen**

United States District Judge

U.S. District Court - Eastern New York

225 Cadman Plaza East

Brooklyn, NY 11201

Re: Case Number: **21-CR-265(PKC)**

尊敬的 Chen 法官：

我谨此信祈祷您身体健康, 万事如意. 我写信是为了向您表达对我最近一次审判中所获得的有罪判决是不公平的, 我坚信我的律师没有提供有效的法律援助, 这可能对案件的结果产生了重大影响. 以下这些原因显示了 Kevin Tung 律师没有提供有效的法律援助：

1. 沟通障碍: 我和 Kevin Tung 律师开始合作的那一刻起, 我就观察到了几次不适当的代表行为. 在我们的初始讨论仅仅进行了十分钟后, 他就打断了我, 并向我保证他能够成功为我做无罪辩护. 此外, 尽管我无法理解英文, 他还是给我一份英文的委托合同并要求我签名.

2. 未能解释认罪协议: Kevin Tung 律师未能对检察官于 2021 年 8 月 9 日提供给我的认罪协议进行适当的解释. 当我们在他办公室的讨论中, 他仅仅告诉我, 如果我同意该协议, 我将面临十年的监禁. 当我之后质疑他为什么没有履行他解释协议的责任时, 他声称他是一名律师, 而不是翻译, 他无需逐条向我解释认罪协议全部内容.

3. 忽略证据: Kevin Tung 律师未能全面审查我的被捕后陈述的录像, 这些录像在审判过程中作为关键证据呈现. 每当我试图与他讨论这些录像时, 他声称观看它们将浪费他的时间, 还声称联邦调查局侵犯了我的米兰达权利. 他向我保证被捕后的录像不会作为对我有利的证据. 然而, 后来排除录像的动议并未成功. 当我提出以 FBI 翻译在翻译米兰达权力时有遗漏和不正确的翻译来重新写动议时, 他告诉我只能在审判结束后的上诉过程中再次尝试.

4. 准备不足: 尽管 Kevin Tung 律师已经拥有这些证据约一年的时间, 我的案件证据在审判前一周才让我阅读. 在所有的已知证据中, 我的律师也未与我讨论检方针对我的证据. 直到审判中我才第一次看到这些证据. 我的律师声称自己太忙, 并且对彻底审查我的案件没有时间.

5. 认罪建议不一致: 在整个审判过程中, 我一直想和控方达成认罪和解, 而 Kevin Tung 律师坚决反对. 此外, 他表达了个人渴望通过这个案件获得名声的愿望. 他与 FBI 关于我的认罪协议进行了讨论, 而我并不知情, 也没有被告知他们的交流细节或频率. 在庭审过程中每当我尝试跟他解释法庭呈现的证据时他都会大声斥责我并威胁我他不会再帮我辩护。

6. 未能提供所有证据: Kevin Tung 律师没有向我提供所有的证据, 因为他在获取存储在一张光盘上的一份关键证据时遇到了技术困难. 他没有尝试解决问题并获得这份证据, 而只是将责任归咎于技术问题, 所以最后我和他都不知道那张光盘上包含了哪些证件.

7. 未能解释联邦量刑指南: 在庭审前, Kevin Tung 未能解释联邦量刑指南给我, 导致我对被指控罪行和随后的判决可能带来的后果缺乏了解.

在庭审过程中, 我清楚地看到听到我的律师缺乏提供有效的法律辩护的能力. 因此, 我尝试去更换我的律师. 然而, 在咨询了其他几名律师后, 我发现由于我经济能力有限和审判已经进行中, 没有律师愿意代表我的辩护.

鉴于这些情况, 我恳请法庭考虑我的辩护律师的失误以导致对案件的结果产生了重大影响. 我相信得到有效的辩护就是体现法律公平与公正.

此外, 由于我的律师无效辩护以及我面临的财务困难, 我谦请法庭指派给我一名律师. 我无法支付私人法律代理, 确保公正和公正的结果对我来说至关重要, 因此我需要胜任的法律代理。

感谢您对此事的关注.

此致,

Yong Zhu

From: Yong Zhu

To: Honorable Judge
Pamela K. Chen



2023 JUN 28 PM 3:42

